DEBORAH M. SMITH
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANET D. LEWIS,<br><br>               Plaintiff,<br><br>   vs.<br><br>MICHAEL W. WYNNE,<br>Secretary of the United States<br>Air Force; LEE TOMLINSON,<br>SUSAN FALLON, AL BARTZ,<br>COL. GARY DZUBILO, LT. COL.<br>DAVID AUPPERLE, TONY<br>KOBUSSEN, DIANNE HARRISON,<br>COL. ROBERT DOUGLAS, KATHY<br>DESHASIER, COL. SCOTT LEWIS,<br>CHELLEY CORREA, SUSAN<br>SPEAROFF, TRINA PAULEY and<br>MARY BARKLEY,<br><br>               Defendants. | ) Case No. 3:06-cv-53-JWS<br>)<br>)<br>)<br>)<br>) **INDIVIDUAL DEFENDANTS'**<br>) **MOTION TO DISMISS ALL CLAIMS**<br>) **AGAINST THEM**<br>) **And**<br>) **USAF's MOTION TO DISMISS FTCA**<br>) **AND SEC. 1981 CLAIMS**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

      COMES NOW defendant, Michael W. Wynne, Secretary of the Air Force and all

fourteen individual Defendants, through counsel, and pursuant to Fed. R. Civ. P. 12(b)(1) and (6)

move to dismiss all individually named defendants.

**FACTS**

This complaint arises from two Equal Employment Opportunity (EEO) complaints that Plaintiff filed against the United States Air Force arising from her civilian employment at Elmendorf Air Force Base ("EAFB"), Alaska.  See Compl. at ¶ 4.  Plaintiff filed this suit on March 8, 2006, without either a ruling from the EEOC or a final agency decision, as more than 180 days had passed since filing her formal complaint.  She filed an amended complaint on March 23, 2006.  Although she did name the head of the agency, Michael W. Wynne, Secretary of the Air Force, she also specifically named 14 other defendants, each current or former federal civilian employees and/or military members of the United States Air Force.  The Plaintiff sent out the complaint via certified mail to the 14 named defendants, which they began receiving March 24, 2006.  All have been served.

Plaintiff's civil complaint alleges that EAFB personnel acted unlawfully in 2002 when they proposed terminating Plaintiff from her civil employment (Compl. ¶ 24) and in 2003 when management officials discouraged her from applying for the position of Director of the Sitka Center (Compl. ¶ 23, 28); when she was not selected for the position of Director of the Sitka Center (Compl. ¶ 49); when she received a lower appraisal in May 2003 (Compl. ¶ 55); when she was yelled at concerning personnel moves and the incident was documented in her civilian personnel file ("971") (Compl. ¶ 58, 60); when she was over-tasked with work (Compl. ¶ 70, 74, 77, 86); when her work orders were returned and she was written up for failure to follow instructions (Compl. ¶78, 82, 83, 104); and when her supervisor confronted her about re-opening the Katmai facility (Compl. ¶ 88).

Plaintiff further alleges that EAFB personnel acted unlawfully in 2004 when she was written up for conflicts with her co-workers concerning use of the training room and the cleaning contract (Compl. ¶102); when she was written up for discussing employment openings with an employee (Compl. ¶ 107); when she received a lower appraisal in June 2004 (Compl. ¶ 109); when the staffs of the two child development centers were segregated (Compl. ¶ 110); when she was yelled at for her decision to not discipline her subordinates (Compl. ¶ 119); when her supervisor delayed approval of her leave (Compl. ¶ 121, 127); and when she received write-ups in her 971 for an incident that occurred when she was on leave in October when a child left the Center and for leaving a staff meeting early (Compl. ¶124, 125).

Plaintiff's complaint continues with allegations of unlawful activity in 2005: when she received a reprimand in February 2005 for her handling of the placement of a child at the Center in October 2004 (Compl. ¶ 114, 128); when she was reprimanded for missing a meeting (Compl. ¶ 133); when she received a low appraisal in June 2005 (Compl. ¶136); when she was suspended from work for 14 days without pay (Compl. ¶143); when she told she would be written up for her subordinate's failure to attend a meeting (Compl. ¶ 146, 148); and when she was marked down on her mid-year review (Compl. ¶ 154).

The issues of discrimination and reprisal framed before the EEOC for hearing were as follows:

1. Whether the Defendant discriminated against Plaintiff on the bases if race (African American) on May 23, 2003, when it failed to select her for the position of Director of the Sitka Child Care Center;

2. Whether the Defendant retaliated against Plaintiff for prior EEO activity by subjecting her to harassment and disparate treatment from June 27, 2003 through August 1, 2005;

3. Whether the Defendant subjected Plaintiff to continuous discrimination (harassment and disparate treatment) on the basis of race (African American) from May 4, 2003 through December 18, 2003; and

4. Whether the Defendant retaliated against Plaintiff for prior EEO activity by issuing its Memorandum re: Notice of proposed suspension dated June 14, 2005 on or about July 14, 2005.

In her civil complaint, Plaintiff alleges that the Defendants discriminated against her based on race (Claims I, II, III, IV) and retaliated against her (Claim V) ("the Title VII claims"); deprived her of her equal rights (Claim VI) ("the §1981 claim"); and intentionally and negligently inflicted emotional damage upon her (Claims VII and VIII), defamed her (Claim IX), and failed to use reasonable care in managing and supervising employees (Claim X)("the common law tort claims").

As set forth below, Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the Secretary of the Air Force is the only proper defendant for Plaintiff's Title VII claims.  Furthermore, Plaintiff has failed to identify a waiver of the United States' sovereign immunity from suit and has failed to exhaust her administrative remedies with respect to her common law tort claims.  In addition, Plaintiff's tort claims fail to state a claim upon which relief can be granted because Title VII provides her exclusive remedy.  Finally, Plaintiff's claim for punitive damages should be stricken because

-4-

neither the Federal Tort Claims Act ("FTCA") nor Title VII authorizes the award of punitive damages against the federal government.

## STANDARD OF REVIEW

A Rule 12(b)(1) motion may raise a facial or factual challenge to the court's subject matter jurisdiction. 2 James W. Moore, Moore's Federal Practice, § 12.30 [4] at 12-38 (3d ed. 1977)("Moore").  In a facial attack, which is directed at the legal sufficiency of a claim, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. Id.  In resolving a factual attack on subject matter jurisdiction, the district court may review evidence beyond the complaint.  At all times, the burden of proof is on the party asserting jurisdiction. 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 1340, at 226 (2d ed. 1990).  The court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Friends of Potter Marsh v. Peters, 371 F. Supp. 2d 1115, 1118-1119 (D. Alaska 2005).

Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a complaint should not be dismissed unless a plaintiff can prove "no set of facts in support of his claim that would entitle him to relief." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); Chappel v. Laboratory

Corp. of America, 232 F.3d 719, 723-24 (9th Cir. 2000). The court must also draw all reasonable inferences in favor of the non-moving party. See Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Dismissal for failure to state a claim is a ruling on a question of law. Parks Sch. of Bus., 51 F.3d at 1484 . "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Usher at 561. The court's review is limited to the contents of the complaint, and if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(b).

**ARGUMENT**

**I.    THE ONLY PROPER DEFENDANT IN THIS SUIT IS THE SECRETARY OF THE AIR FORCE.**

A motion to dismiss is appropriate where a statute precludes the types of relief that can be granted. Section 717 of Title VII, 42 U.S.C. § 2000(e)-16, prohibits discrimination in federal employment. The statute provides the "exclusive, pre-emptive administrative and judicial scheme" for the remedy of federal employment discrimination. Brown v. General Services Administration, 425 U.S. 820, 829 (1976). Title 42 U.S.C. § 2000e-16(c) requires all plaintiffs to name the head of the department, agency, or unit as the defendant. Specifically, such suits brought against the military departments may only name the Secretary of the appropriate department, in their official capacity, as the defendant. See Gonzalez v. Secretary of the Air Force, 638 F.Supp1323 (N.D. Tex 1986), aff'd, 824 F.2d 392 (5th Cir. 1987), cert. denied 108 S.Ct. 1245 (1988). As defined by 5 U.S.C. § 102, the Department of the Air Force is the appropriate military department and its agency head is the Secretary of the Air Force. 10 U.S.C.

§ 8010. Under Title VII, a plaintiff is precluded from bringing employment discrimination claims against individual federal employees other than the head of the agency. 42 U.S.C. § 2000(e)-16(c); Williams v. United States General Services Administration, 905 F.2d 308, 311 (9th Cir. 1990).

Furthermore, the Ninth Circuit has held that individual supervisors cannot be personally liable under Title VII. See Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 589 (9th Cir. 1993); see also Holly D. v. Cal. Inst. of Tech., 339 F.3d 1158, 1179 (9th Cir. 2003) ("We have consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees."). Thus, Plaintiff's Title VII claims against all of the named defendants except the Secretary of the Air Force must be dismissed for lack of subject matter jurisdiction, as the only proper remedy for naming an improper defendant is dismissal of the suit as to that defendant. Therefore, defendant Michael Wynne prays for dismissal of the suit against the individually named defendants in this matter.

**II.     THE COURT LACKS JURISDICTION OVER PLAINTIFF'S ATTEMPT TO SUE INDIVIDUALS IN TORT.**

Plaintiff may also be attempting to sue the individual federal defendants based upon a *Bivens*-type theory or a tort theory. Under such circumstances, her claim is still subject to dismissal because a federal employee cannot assert an extra-statutory damages claim for violations arising out of the employment context where an adequate statutory procedure exists for dealing with such claims. Williams v. United States General Services Admin., 905 F.2d 308, 311 (9th Cir. 1990), citing Bush v. Lucas, (1983).

Furthermore, where a federal employee pursues a Title VII claim against the government,

she is precluded from asserting discrimination claims against individual federal employees who may have participated in the case. White v. General Services Administration, 625 F. 2d 913, 916-917 (9th Cir. 1981). Although Title VII does not preclude tort claims against federal employees that are "highly personal", that is not the case here. Brock v. United States, 64 F.3d 1421, 1423 (9th Cir. 1995). Plaintiff's allegations do not rise to the level of "highly personal conduct" recognized by the courts, such as rape, assault, harassing phone calls at home, and stalking. See Brock at 1423; Arnold v. United States, 816 F.2d 1306 at 1311 (9th Cir. 1987); Otto v. Heckler, 781 F.2d 754, 756-58 (9th Cir. 1986); Sommatino v. United States, 255 F.3d 704, 711 (9th Cir. 2001). Plaintiff's allegations of discriminatory failure to select her for another Director position, retaliation for her discrimination complaint, workplace harassment, a 14-day suspension, write-ups in her personnel file, and lowered annual appraisals do not state more than an employment discrimination claim and are therefore not separately actionable.

In addition, the Ninth Circuit has expressly determined that federal employees may not bring tort actions arising from employment disputes. Saul v. United States, 928 F.2d 829, 841-42 (9th Cir. 1991). In Saul, the court struck tort claims based on the Constitution and state tort law. Id. at 840, 842-43. In disallowing the state law claims, the Saul Court analyzed the comprehensive nature of the Civil Service Reform Act, Pub. L. No. 95-454, 92 stat. 1111 (codified as amended in scattered sections of 5 U.S.C.) 928 F.2d at 841-43. The court then concluded:

> Both the CSRA [Civil Service Reform Act] and its legislative history show that Congress did not intend that state tort law operate within the interstices of the act. In the legislative history, Congress explicitly recognized that not every work-related complaint by a federal employee would be appealable, let alone appealable to the courts.

-8-
Lewis v. Wynne, et.al.
3:06-cv-00053-JWS

928 F.2d at 842.  Similarly:

> We find the failure of Congress to even mention state tort remedies in the CSRA is glaringly significant.  We conclude that Congress ignored these remedies because it left no room for them to operate.

Id. at 843.

Saul is consistent with an earlier decision: Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991).  In Rivera, the Ninth Circuit affirmed the dismissal of a complaint alleging constitutional and common law torts because:

> Congress' purpose in enacting the CSRA was to channel grievances and disputes arising out of government employment into a single system of administrative procedures and remedies, subject to judicial review.  To permit FTCA [Federal Tort Claims Act] claims to supplant the CSRA's remedial scheme certainly would defeat that purpose.

924 F.2d at 951.

### III.    PLAINTIFF'S EXCLUSIVE REMEDY IS FOUND AT 42 U.S.C. § 2000E-16.

Plaintiff invokes 8 U.S.C. §§ 1332, 1334(a)(4) as a basis for the Court's subject matter jurisdiction.  The plaintiff is incorrect.  The exclusive remedy for allegations of racial discrimination by a federal-sector employer is found at 42 U.S.C. § 2000e-16, which is § 717 of Title VII of the Civil Rights Act of 1964, as amended.  Brown , 425 U.S. at 825; Berry v. Hollander, 912 F.2d 381, 382 (9th Cir. 1991); White, 652 F.2d at 916.  Plaintiffs may not rely upon non-existent statutes as a premise for the Court's subject matter jurisdiction. Plaintiff further asserts that the Court has jurisdiction of the tort claims under Federal Supplemental Jurisdiction: 28 U.S.C. §1367.  However, the defendants are entitled to dismissal of the Plaintiff's tort claims as Title VII provides the exclusive remedy for federal employees

-9-
Lewis v. Wynne, et.al.
3:06-cv-00053-JWS

seeking to redress employment discrimination.

In <u>Brown</u>, 425 U.S. at 829-832, the Supreme Court held that Title VII provides the exclusive, pre-emptive remedy for a federal employee seeking to redress employment discrimination. The Court noted that allowing another, less demanding statute, such as the FTCA, to allow immediate access to the courts by pre-empting Title VII would create a risk that Title VII "would be driven out of currency." <u>Id.</u> at 833-834. As Title VII is the exclusive judicial remedy for claims of discrimination in federal employment, all of Plaintiff's claims of torts against her should be dismissed and the remaining claims analyzed under strictly Title VII requirements.

### IV. THE COURT LACKS JURISDICTION TO HEAR PLAINTIFF'S CAUSES OF ACTION SOUNDING IN TORT.

Title VII constitutes a waiver of sovereign immunity with regard to federal employment related discrimination and retaliation. The 1972 amendments to Title VII, which brought federal employees within the coverage of the 1964 Civil Rights Act, demonstrate Congressional intent "to create an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." <u>Brown</u>, 425 U.S. at 829. To the extent that Plaintiff's claims for emotional distress, defamation, and negligent supervision arise from alleged incidents of discrimination, Title VII provides her exclusive remedy.

Furthermore, without addressing the merits of Plaintiff's claims for emotional distress, negligent supervision, or defamation, the Defendant requests that those causes of action be dismissed because the Plaintiff failed to exhaust her administrative remedies, and thus this Court

Lewis v. Wynne, et.al.
3:06-cv-00053-JWS

lacks jurisdiction to hear her complaint. In addition, the defamation cause of action must be dismissed because the United States did not waive sovereign immunity for those tort actions.

A claim of infliction of emotional distress or negligent supervision is a tort action. The United States has made a conditional waiver of sovereign immunity under the Federal Tort Claims Act (FTCA). The waiver of sovereign immunity is conditioned upon the individual exhausting his administrative remedies. See 28 U.S.C. Section 2675(a). The FTCA states:

> "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." *Id.*

Thus, under the FTCA, before a plaintiff may sue the federal government or one of its employees in tort, he must present an administrative claim to the responsible federal agency. 28 U.S.C. § 2675(a). The claim must provide "written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2. This claim requirement is jurisdictional in nature and cannot be waived. Jerves v United States, 966 F2d 517, 519 (9th Cir 1992).

A plaintiff may file suit under the FTCA only after he has presented his claim to the appropriate federal agency, *and* the agency has either (1) finally denied the claim in the statutorily prescribed manner; or (2) failed to make a final disposition of the claim within the requisite time period. 28 U.S.C. § 2675(a). If a plaintiff fails to comply with this requirement, the court is without jurisdiction. Blain v. United States, 552 F.2d 289, 291 (9th Cir. 1977). A litigant may not base any part of a tort action against the United States on claims that are not first

-11-

presented for administrative review by the agency. Meridian Int'l Logistics v. United States, 939 F.2d 740, 743 (9th Cir. 1991).

Plaintiff has not alleged that she filed the required administrative tort claim with the USAF as required by § 2675(a) and, in fact, Plaintiff has failed to file such a claim. See Compl.; Ex. A. Declaration of Col. Gregory Girard. To the extent Plaintiff's claims can be construed as common law torts, these claims should be dismissed because Plaintiff failed to file an administrative claim with the appropriate federal agency prior to bringing this action as required by the FTCA. Since the Plaintiff failed to exhaust her administrative remedies regarding any alleged tort caused by the Air Force or its personnel, she is precluded from raising it in this lawsuit. As a result, Plaintiff's cause of action should be dismissed pursuant to Rule 12(b)(1).

Moreover, Plaintiff cannot file her claim now and thereby cure this jurisdictional defect. Administrative claims presented after the filing of a suit do not meet the FTCA exhaustion requirement. McNeil v. United States, 508 U.S. 106, 113 (1993). As the Supreme Court noted in McNeil, "every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims." McNeil, 508 U.S. at 112. As a result, a prematurely commenced action is to be dismissed for lack of subject matter jurisdiction. Id at 113; Jerves, 966 F2d at 519. Because Plaintiff seeks recovery for torts allegedly committed by United States employees within the scope of their employment, she must first comply with the administrative procedures of the FTCA before commencing suit on those claims. Her failure to do so here requires the

-12-

Lewis v. Wynne, et.al.
3:06-cv-00053-JWS

court to dismiss her tort claims for lack of subject matter jurisdiction.

Even if Plaintiff had complied with the administrative prerequisites to suit under the FTCA, she still could not successfully claim a waiver of sovereign immunity for his defamation claim because the FTCA specifically excludes any claiming arising from defamation from its waiver of sovereign immunity.  See 28 U.S.C. § 2680(h).  Moreover, to the extent Plaintiff's claims for emotional distress arise out of defamation, that claim is also barred by § 2680(h).  See Thomas-Lazear v. FBI, 851 F.2d 1202, 1206 (9th Cir. 1988) (holding that government could not be held liable under FTCA for claim of negligent infliction of emotional distress where essence of claim was spreading of slanderous statement); Metz v. United States, 788 F.2d 1528, 1535 (11th Cir. 1986) (holding that action for intentional infliction of emotional distress arose out of governmental statements constituting slander and thus, was barred by the FTCA); Borawski v. Henderson 265 F. Supp.2d 475, 484 (D.N.J. 2003) (holding that district court lacked subject matter jurisdiction over employee's claim for intentional infliction of emotional distress where such claim was related to supervisor's allegedly defamatory and slanderous memorandum).  Since the government has not waived immunity, this Court lacks jurisdiction to hear those complaints.

### V. THE COURT LACKS JURISDICTION TO HEAR CLAIMS ARISING UNDER 42 U.S.C. § 1981.

The plain language of 42 U.S.C. §§ 1981 does not permit actions against federal employees acting under federal law.  *See* Brown, 425 U.S. 820, 826, n. 8 (1976).  The statute provides that all persons "shall have the same right in every State and Territory to make and enforce contracts, . . . and to the full and equal benefit of all laws and proceedings for the

-13-

security of persons and property as is enjoyed by white citizens. . . ."   Therefore, the Civil Rights Act, 42 U.S.C. § 1981(a), does not constitute a waiver of sovereign immunity.  That claim must therefore be dismissed.

### VI. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES MUST BE STRICKEN FROM HER COMPLAINT.

Finally, Plaintiff's claim for punitive damages must be stricken because neither the FTCA nor Title VII authorize the award of punitive damages against the government, a government agency or political subdivision.  The FTCA provides that "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for . . . punitive damages."  28 U.S.C. § 2674.  Likewise, Title VII allows for punitive damages except against "a government, a government agency or political subdivision." 42 U.S.C. § 1981a(b)(1).

In this case, Plaintiff seeks punitive damages in Claim XI of her Complaint, alleging the defendants acted maliciously and/or in conscious disregard of Plaintiff's rights.  Because the FTCA and Title VII expressly bar such damages, Plaintiff's claim for punitive damages must be stricken. Hatahley v. United States, 351 U.S. 173, 182 (1956).

RESPECTFULLY SUBMITTED this 23rd day of June, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Susan J. Lindquist
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

Of Counsel:

CAREY A. MERRILL, MAJ, USAF
Trial Attorney AFLOA/JACL
1501 Wilson Blvd., 7th Fl.
Arlington, Virginia 22209
(703) 696-9125

I hereby certify that on June 23, 2006,
a copy of the foregoing **INDIVIDUAL DEFENDANTS' MOTION TO DISMISS ALL CLAIMS AGAINST THEM And USAF's MOTION TO DISMISS FTCA AND SEC. 1981 CLAIMS** was served electronically on Nicholas J. Kittleson.

s/ Susan J. Lindquist