Westlaw

1982 WL 514    Page 1
Not Reported in F.Supp., 1982 WL 514 (D.D.C.), 30 Fair Empl.Prac.Cas. (BNA) 1632, 31 Empl. Prac. Dec. P 33,451
(Cite as: 1982 WL 514 (D.D.C.))

C

United States District Court; District of Columbia.
**Madeline Epps, Plaintiff**
v.
**S. Dillon Ripley et al., Defendants.**
**Civil Action No. 81 0588**

March 11, 1982

JOHNSON, D.J.

### [Statement of Case]

*1 This matter is before the Court on defendants' motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, a former employee at the Smithsonian Institution, has filed suit for sexual harassment against S. Dillon Ripley, the Director of the Smithsonian Institution, and Franklin Underwood, a building manager where plaintiff worked, in their official capacities. In addition, plaintiff has brought a commonlaw claim against defendant Underwood in his individual capacity for the alleged intentional infliction of emotional distress. Plaintiff has voluntarily dismissed a claim against defendant Ripley for the negligent supervision of defendant Underwood. Defendants have moved to dismiss all of plaintiff's claims except her claim for sexual harassment against defendant Ripley.

In assessing whether plaintiff's complaint can withstand defendants' motion to dismiss, this Court is mindful that a complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, [1 EPD P 9656] 355 U.S. 42, 45-46 (1957). In addition, it must be assumed that all allegations which are well-pled are true, Miree v. Dekalb County, Ga., 433 U.S. 25 (1977), and all in inferences from those allegations must be drawn in favor of plaintiffs. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). For the ensuing reasons, plaintiff may continue to maintain her claim of sexual harassment against defendant Ripley as well as her claim of intentional infliction of emotional distress against defendant Underwood.

### [Individual Defendants]

Plaintiff's claim of sexual harassment against defendant Underwood in his official capacity must be dismissed. 42 U.S.C. § 2000e-16(c) (1976) provides that a federal employee may file a suit for employment discrimination in specified circumstances in which "the head of the department, agency, or unit, as appropriate, shall be the defendant." Hence, only the Director of the Smithsonian Institution, S. Dillon Ripley, is a proper defendant in plaintiff's suit against federal employee in their official capacities.

Because plaintiff voluntarily has dismissed her claim for negligent supervision of government employees, the only remaining issue is whether plaintiff can state a claim against defendant Underwood in his individual capacity for intentional infliction of emotional distress under the common law of the District of Columbia. Defendants contend that this claim is barred by the Supreme Court's decision in Brown v. GSA, [11 EPD P 10,956] 425 U.S. 820 (1976). Since defendants' argument reflects a fundamental misunderstanding of the scope

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1982 WL 514 Page 2
Not Reported in F.Supp., 1982 WL 514 (D.D.C.), 30 Fair Empl.Prac.Cas. (BNA) 1632, 31 Empl. Prac. Dec. P 33,451
**(Cite as: 1982 WL 514 (D.D.C.))**

of the *Brown* decision, plaintiff may continue to assert her claim against defendant Underwood.

*Brown* established that Title VII was the exclusive judicial remedy for claims of employment discrimination brought against federal employees in their official capacities. Id. at 835. Plaintiff, however, has brought a common-law tort against defendant Underwood in his individual capacity. Consequently, there are three reasons why *Brown* does not control the instant case. First, *Brown's* discussion of the exclusivity of remedies for federal employees is limited to the exclusivity of *federal* remedies for employment discrimination. A review of the nature of the plaintiff's allegations in *Brown* demonstrates that the plaintiff did not attempt to redress his discrimination claims through a state tort claim for damages directed at federal officials in their individual capacities. *See* Brown v. GSA, [8 EPD P 9802] 507 F.2d 1300, 1303 (2d Cir. 1974). While federal courts have been willing to rely on the *Brown* Court's reasoning to bar constitutional damage actions when Title VII remedies are available, *see, e.g.,* Neely v. Blumenthal, 458 F. Supp. 945 (D.D.C. 1978), plaintiffs have cited no authority for the proposition that *Brown* preempts state tort remedies. Second, a federal court determining whether to imply a constitutional damage action engages in a significantly different process than a federal court passing on an already existent state tort remedy. To have a constitutional damage action implied, a plaintiff must make a satisfactory showing that the guidelines established in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), have been met. In contrast, defendants in the instant case must demonstrate that the *Brown* reasoning forecloses a state tort remedy that otherwise would be available. Although a court may be persuaded by the *Brown* reasoning that it would not be prudent to imply a constitutional damage action, [FN*] this Court finds no support in *Brown* for precluding state tort remedies. Third, reading *Brown* to have no effect on the availability of state tort remedies is supported by the deference Title VII accords state laws barring employment discrimination. *See* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-7 (1976). *Cf.* Colorado Anti-Discrimination Comm'n v. Continental Airlines, Inc., [1 EPD P 9681] 372 U.S. 714 (1963) (federal interpretation of employment discrimination law does not control state law; states are free to provide greater protection).

> FN* The *Brown* reasoning arguably rebuts the factors articulated by the *Bivens* Court which should be present before a constitutional damage action is implied.

**[Conclusion]**
*2 In sum, the *Brown* decision does not preclude plaintiff's state tort claim. While there may be valid grounds to dismiss plaintiff's individual claim against defendant Underwood, defendants have not articulated them in their present motion. An Order consistent with this Memorandum Opinion will be entered this date.

**Order**
Upon consideration of defendants' motion to dismiss, plaintiff's opposition, the accompanying memoranda, and the entire record herein, it is this 11th day of March, 1982,

Ordered that defendants' motion to dismiss

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1982 WL 514 Page 3
Not Reported in F.Supp., 1982 WL 514 (D.D.C.), 30 Fair Empl.Prac.Cas. (BNA) 1632, 31 Empl. Prac. Dec. P 33,451
**(Cite as: 1982 WL 514 (D.D.C.))**

plaintiff's claims against defendant Underwood in his official capacity be, and hereby is, granted; and it is further

Ordered that defendants' motion to dismiss plaintiff's claims against defendant Ripley in his official capacity and defendant Underwood in his individual capacity be, and hereby is, denied; and it is further

Ordered that a status conference shall be held in the instant case on March 23, 1982, at 11:45 a.m.

Not Reported in F.Supp., 1982 WL 514 (D.D.C.), 30 Fair Empl.Prac.Cas. (BNA) 1632, 31 Empl. Prac. Dec. P 33,451

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.