DEBORAH M. SMITH
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANET D. LEWIS,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL L. WYNNE, Acting Secretary of the United States Air Force; LEE TOMLINSON, SUSAN FALLON, AL BARTZ, COL. GARY DZUBILO, LT. COL. DAVID AUPPERLE, TONY KOBUSSEN, DIANNE HARRISON, COL. ROBERT DOUGLAS, KATHY DESHASIER, COL. SCOTTY LEWIS, CHELLEY CORREA, SUSAN SPEROFF, TRINA PAULEY and MARY BARKLEY,<br><br>    Defendants. | Case No. 3:06-cv-00053-JWS<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AT DOCKET 32** |

I.  **PLAINTIFF'S CLAIMS UNDER THE FTCA, AND 42 U.S.C. §1981, MUST BE DISMISSED BECAUSE TITLE VII PROVIDES THE EXCLUSIVE REMEDY**

In <u>Brown v. General Services Administration</u>, 425 U.S. 820, 829-832, the Supreme Court held that Title VII provides the exclusive, pre-emptive remedy for a federal employee seeking to redress employment discrimination. The Court noted that allowing another, less demanding statute, such as the Federal Tort Claims Act, to allow immediate access to the courts by pre-empting Title VII would create a risk that Title VII "would be driven out of currency." <u>Id.</u> at 833-834.

As Title VII is the exclusive judicial remedy for claims of discrimination in federal employment, ***all*** of Ms. Lewis' other claims should be dismissed and the remaining claims analyzed under strictly Title VII requirements. When the alleged conduct states no more than an employment discrimination claim and thus is not separately actionable in tort or under §1981. <u>See</u> <u>Nolan v. Cleland</u>, 686 F.2d 806, 814-815 (9th Cir. 1982). In her extensive complaint, Ms. Lewis only complains about the conduct that commonly arises between an employee and a supervisor, as follows:

- She complains about not being selected for a position, (First Amended Complaint ¶ 36); she was not allowed to conduct a V.I.P. tour (¶ 39); she

was yelled at for moving employees to a different building (¶ 58); she was written up for her actions (¶ 62); she was overworked (¶ 69); she was harassed about her travel plans to attend a conference (¶ 73); the administration returned form 322 to her without any need (¶81); her supervisor denied her sick leave (¶ 89); she was written up (¶¶ 103, 104, 125, 128); negative comments were placed in her employee file (¶ 107); her annual appraisals for 2004 and 2005 were lower (¶¶ 109, 136); her care center was not fully funded (¶ 112); the agency staffed her center with infants so it would lose money (¶ 113); her supervisor disapproved of her analysis of discipline for an employee (¶ 120); her vacation leave request was not timely approved (¶ 121); she was reprimanded for missing a meeting (¶ 133); she was suspended (¶ 143); she was marked down on her evaluation (¶157); false accusations were made (¶ 160, 161).

These allegations form the basis of an action pursuant to Title VII, and nothing more.

Ms. Lewis admits that in the Ninth Circuit, the plaintiff may only sue the agency in Title VII. Docket 33 at 4. Although she wants to debate that issue, she can only do so only before the Ninth Circuit. All discrimination claims against the individuals must be dismissed.

Ms. Lewis complains that the Title VII remedies are inadequate, and therefore, she needs the additional remedies available under the FTCA and 42 U.S.C. § 1981. Docket 33 at 10. In 1991, Congress again amended Title VII to permit victims of intentional discrimination to recover compensatory damages "[i]n an action . . . under [§2000e—16]," §1981a(a)(1), and to demand a jury trial,

§1981a(c).  The legislative history of that amendment shows the 1991 amendment was intended to afford compensation for injuries to mental, physical, and emotional health, to their self-respect and dignity, and for other consequential harms." 137 Cong. Rec. 30,661 (1991) (discussion of "Section 102 Damages," by Representative Edwards in his "Section by Section Analysis").  As a result of that amendment, Title VII now provides compensation for the same kinds of injuries that are alleged as a basis for claims of intentional infliction of emotional distress.  The Ninth Circuit has previously held that Title VII preempted a state law tort suit for defamation when the plaintiff sought compensation for "precisely the injuries cognizable and remediable under Title VII."  <u>Otto v. Heckler</u>, 781 F.2d 754, 756-758 (9th Cir. 1986).

    A.    There is No Cognizable Claim Against the Government Or the Individuals For a Violation of 42 U.S.C. § 1981

Section 1981, like Title VII, is a statute designed to eliminate invidious discrimination by state and private actors.  Section 1981, therefore, is limited in its applicability to actions taken "under color of State law."  42 U.S.C. § 1981(c).  The only actors sued in this case are federal military employees and the Secretary of a military agency, all of whom operate under color of federal law.  Therefore 42 U.S.C. § 1981 does not provide a cause of action under the facts of this case.  <u>Lee</u>

v. Hughes, 145 F.3d 1272, 1277 (8th Cir. 1998) ("Both circuit precedent and the text of § 1981 compel us to hold that a plaintiff cannot maintain a § 1981 claim against a federal defendant acting under color of federal law."); Peterson v. Brownlee, 314 F.Supp.2d 1150, 1154 (D. Kansas 2004) ("Because Ms. Peterson's allegations target the acts or omissions of Army officials acting under color of federal law, the court must dismiss plaintiff's § 1981 claims.").

The same bar applies when the suit is against the federal employee in his individual capacity. In White v. General Services Admin., 652 F.2d 913, 916-917 (9th Cir.1981), the Plaintiff sued both the administration and individuals for his demotion which he believed was based on racial discrimination. Id. at 914.. He asserted claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, 2000d and the Constitution, though the decision does not indicate which were directly aimed at the federal employees sued in their individual capacities. Id. at 916. The court rejected the individual claims on the basis that "[a]llowing additional individual remedies would interfere with that carefully devised scheme [set out in § 2000e-16] by permitting circumvention of administrative remedies.").

In Holloway v. Bentsen, 870 F. Supp 898, 902 (N.D. Ind. 1994), the court held that "a federal employee can not, as a matter of law, proceed with an

employment discrimination complaint under § 1981 against other federal employees in their individual capacities." After recognizing that Brown "did not did not explicitly address whether § 1981 claims against federal supervisors in their individual capacities were precluded by § 2000e-16, " it concluded that the Supreme "Court's rationale applies equally to such cases." It wrote: "Certainly, there is no hint in the statute, or otherwise, that Congress intended for purportedly discriminated-against federal employees to have access to court under § 1981 without first complying with the administrative remedies required by § 2000e-16. Indeed, the cases suggest that just the opposite is so." 870 F. Supp at 901. The court then reviewed cases in which federal employees had sued their supervisors as well as their employers and all courts concluded that the suit against the individual was barred. Id. The Court found that Ms. Holloway's complaint did not allege a separate right that was not protected by Title VII. It concluded that "her claims are-at the beginning, middle, and end-claims of employment discrimination. It is no use to dress those claims up as anything else." Id. Similarly Ms. Lewis' complaints are beginning, middle and end employment discrimination claim.

  B.  **Federal Employees Cannot Bring FTCA Claims Against Their Fellow Employees Unless the Tort is Highly Personal**

  Ms. Lewis argues that the motion to dismiss the tort claims is premature because the government has not certified that they were acting within the scope of their employment, as usually required under the Westfall Act.[1] Docket 33 at 2. She is correct that certification is the usual first step when torts are alleged against government employees. But that occurs when the claim is for actions done in their official capacities. The fact that Ms. Lewis named the individuals and served them with personal service makes it appear that she is suing them in their individual capacities, rather that official capacities. The government and the individual Defendants are merely arguing that there is no need to certify because Ms. Lewis is a federal employee attempting to sue her colleagues and supervisors for torts. Moreover she is attempting to do this within the context of a discrimination claim against her employer. In this situation there is substantial substantive law which supports the individuals' motion to dismiss the tort claims against them.

  First, as previously noted, the only tort action that will lie in a case brought by a federal employee for actions at the work place are highly personal torts.

---

  [1] Should this Motion be denied, the government would then proceed under the Westfall Act to substitute out the individual defendants.

Docket 32 at 7-9.  The Ninth Circuit looks to the degree of the intrusion in determining whether a tort claim should stand apart from the Title VII claim. Brock v. United States, 64 F.3d 1421, 1423 (9th Cir. 1995).  There are no conduct in the current lawsuit that would separate Ms. Lewis' alleged tort claims from her Title VII claim.  Furthermore, to justify the individual tort claims, Ms. Lewis only cites to cases which actually do involve highly personal conduct that clearly presented itself as a tort.  In Wood v. United States, the Plaintiff alleged her supervisor sexually harassed her and also "grabbed her arm, pulled her toward him, caressed her arm, took lint from her blouse, and told her that he wanted to be intimate with her." 760 F. Supp 952, 955.  Ms. Lewis also cites to Epps v. Ripley, an unpublished case with no precedential value, in which the Plaintiff also alleged sexual harassment, although the court's opinion does not detail the conduct.  1982 WL 514.  Boyd v. O'Neill involved "unwanted physical contact of a sexual nature because of her gender, as well as offensive sexually suggestive and gender-based comments."  273 F. Supp.2d 92, 94.  In Stewart v. Thomas, 538 F. Supp 891, 893 (D.D.C. 1982), the Plaintiff alleged Thomas "made periodic sexual advances to her at work and that his unwelcome conduct included touching her in a sexual manner, caressing her body, attempting to kiss her and verbally pressuring her for

sexual relations." Ms. Lewis did not cite to any cases in which a federal employee was allowed to proceed with a tort claim against a federal employee when the conduct was not highly personal. The individuals can move to dismiss the tort claims alleged against them because the alleged torts all arose within the employment context, within a discrimination claim, and there is no act alleged of a highly personal nature.

    Ms. Lewis attempts to salvage her tort claim by asserting that "she sustained harm to such an extent that she has had to seek medical and psychological assistance, directs the court to specific paragraphs in her complaint, and argues that the harm she suffered is apart from the discrimination. This argument fails. In her First Amended Complaint Ms. Lewis connected all her allegations of emotional damages to her employment and complained about "work-related stress and anxiety" ( ¶75); "stress by Ms. Fallon's attempts to get an argument started," (¶ 89); "help with coping with stress and anxiety," (¶ 90), "stress and anxiety she was receiving from her superiors at work," (¶ 137); seeing a therapist following receipt of a suspension from work (¶ 143); and being "so stressed out that she had to go see her therapist" after an incident where she was told she would be written up because one of her subordinates missed a meeting (¶ 150). These are precisely

the type of injuries which arise in discrimination claims. Furthermore, Title VII's provision for compensatory damages envisions recovery precisely for medical and psychological assistance provided to individuals who suffer discrimination. Because the Ms. Lewis failed to present conduct of a highly personal nature which would be cognizable in tort, this Court should dismiss all common law tort claims against the individuals.

### C. The Court Lacks Subject Matter Jurisdiction over Plaintiff's Tort Claim in Light of the Exclusive Remedy Provisions of the Federal Employees Compensation Act

Ms. Lewis alleges that she has the right to seek additional relief above and beyond the Title VII remedies to compensate her for her right to be free from emotional distress. Docket 33 at 10. She argues that as a result of the injuries which she sustained she has sought medical and psychological assistance, and because Title VII does not cover medical bills she should be allowed to proceed in tort. She is mistaken because her exclusive remedy, if she is entitled to one, for injuries sustained at the work place is the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §§ 8101 et seq. FECA provides a comprehensive remedy to a federal employee for injuries "sustained while in the performance of his duty." 5 U.S.C. § 8102. Title 5 U.S.C. § 8116(c) provides in part as follows:

> (c) The liability of the United States [under FECA] . . . with respect to the injury or death of an employee <u>is exclusive and instead of all other liability of the United States</u> . . . to the employee . . . because of the injury or death in a direct judicial proceeding, in a civil action, . . . or under a Federal tort liability statute. (emphasis added).

As the Supreme Court has recognized, FECA's exclusive-liability provision was designed to protect the government from suits under statutes, such as the FTCA, that had been enacted to waive the government's sovereign immunity. <u>Lockheed Aircraft Corp.</u> <u>v. United States,</u> 460 U.S. 190, 193-94 (1983). In enacting this provision, Congress adopted the principal compromise commonly found in workers' compensation legislation, that employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the government. <u>Id.</u> at 193-94.

Where FECA applies, the federal courts have no jurisdiction to entertain Federal Tort Claims Act claims asserted by injured parties. <u>David v. United States</u>, 820 F.2d 1038, 1043 (9th Cir. 1987); <u>Posegate v. United States</u>, 288 F.2d 11, 14 (9th Cir. 1961), (a government employee who was injured while on the job, and his wife, could not sue for negligence that resulted in a loss of consortium and other damages because FECA precluded such FTCA claims); see <u>United States v. Charles,</u> 397 F.2d 712, 713 (D.C. Cir. 1968) ("where there is

a substantial question whether the claim of injury comes within [FECA], resort should be had first to [that] Act.").

In her Complaint, Ms. Lewis associated all of her alleged injuries and her need to seek care, with confrontations at work. Her Complaint states that the incidents occurred at her work site in the Child Development Centers at Elmendorf Air Force Base, Alaska. First Amended Complaint at ¶¶ 4, 21, 39, 58, 69, 94, 103, etc. She also recites various instances when she sought medical assistance and in each instance it was to address her stress and anxiety at work. (Comp. ¶¶ 89, 90, 137, 143, and 150). Consequently, she sustained her injuries at work, and given the exclusivity of remedy under FECA, the court has no subject matter jurisdiction to entertain tort actions against the government arising from her employment and she can seek reimbursement for her injuries on the job through FECA.

## CONCLUSION

Ms. Lewis' exclusive remedy for her complaints about discriminatory actions that occurred at her work site which involved federal employees is a Title VII complaint against her employer. She may not sue federal employees in their individual capacity for torts that are not highly personal, or for actions

taken under color of state law as provided for in 42 U.S.C. § 1981. Ms. Lewis can dress up her claim, but at its core, it is only a discrimination claim and all other claims against the employer and all claims levied against the individuals must be dismissed.

The individual Defendants ask this court to dismiss Counts I-V against the individuals because they state Title VII discrimination claims. The individuals ask this Court to dismiss Count VI because it is a 42 U.S.C. § 1981 claim which is not valid against federal employees. The individuals ask the court to dismiss Counts VII -X as they allege common law torts against the individuals.

The Government asks the court to dismiss Counts VI through X against it because Title VII is the exclusive remedy for discrimination.[2]

---

[2] The Government did not move to dismiss Counts I- V against the Secretary. However, it has not yet analyzed whether Ms. Lewis has exhausted all administrative remedies on all counts before proceeding to court, and it reserves its right to bring a motion later if Ms. Lewis failed to satisfy the administrative procedures.

RESPECTFULLY SUBMITTED on July 21, 2006

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ Susan J. Lindquist
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-3378
>Fax: (907) 271-2344
>E-mail: susan.lindquist@usdoj.gov
>AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2006,
a copy of the foregoing Defendants' Reply
to Plaintiffs Opposition to Motion to Dismiss
was served electronically on Nicholas J. Kittleson.

s/ Susan J. Lindquist