DEBORAH M. SMITH
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANET D. LEWIS,<br><br>                    Plaintiff,<br><br>           vs.<br><br>MICHAEL L. WYNNE, Acting Secretary of the United States Air Force; LEE TOMLINSON, SUSAN FALLON, AL BARTZ, COL. GARY DZUBILO, LT. COL. DAVID AUPPERLE, TONY KOBUSSEN, DIANNE HARRISON, COL. ROBERT DOUGLAS, KATHY DESHASIER, COL. SCOTTY LEWIS, CHELLEY CORREA, SUSAN SPEROFF, TRINA PAULEY and MARY BARKLEY,<br><br>                    Defendants. | Case No. 3:06-cv-00053-JWS<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO THE MOTION TO STRIKE** |

The Defendants, through counsel, respond in opposition to the Plaintiff's motion to strike a section of its Reply brief at Docket 34 at 10-11.  Specifically she argues that the Motion did not address the Federal Employees Compensation Act ("FECA"), and therefore, the argument on reply was improper.

The Plaintiff is correct that the Defendants did not explain that FECA was the exclusive remedy for injuries which occur on the job in their motion.  But the Plaintiff argued that she has experienced distinct harm because she sought psychological and medical care for her injuries.  Docket 33 at 10   She argued that she had the right to be free of bodily injury on the job and that she needs to be able to bring the common law action to compensate her for the harm she incurred that goes beyond the remedy provided by Title VII.  Docket 33 at 10.

The Defendants rebutted her argument by demonstrating that her alleged harms, which exceed the scope of Title VII, are already compensated by FECA.  FECA is her exclusive remedy for compensation for medical bills incurred because of an on the job injury.  Thus, FECA bars common law torts brought for compensation for on the job injuries.  That is precisely why the Plaintiff cannot litigate common law claims against her colleagues.

The rebuttal argument regarding FECA was made in response to the Plaintiff's argument that in essence she'll be left without a remedy for the harm done to her if this court dismisses her common law tort claims. The government properly demonstrated that her exclusive remedy is FECA. The Defendants ask the Court to deny the Motion to Strike its argument.

RESPECTFULLY SUBMITTED this 9th day of August, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Susan J. Lindquist
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

I hereby certify that on August 9, 2006,
a copy of the foregoing DEFENDANTS' RESPONSE IN
OPPOSITION TO THE MOTION TO STRIKE was served
electronically on Nicholas J. Kittleson.

s/ Susan J. Lindquist

3:06-cv-00053-JWS                    -3-