Nicholas J. Kittleson
9058 Dewberry Street
Anchorage, Alaska  99502
(907) 345-0830 phone
(907) 243-0125 fax
Attorney for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANET D. LEWIS,<br><br>            Plaintiff,<br>    vs.<br><br>MICHAEL W. WYNNE, Acting Secretary of the United States Air Force; LEE TOMLINSON, SUSAN FALLON, AL BARTZ, COL. GARY DZUBILO, LT. COL. DAVID AUPPERLE, TONY KOBUSSEN, DIANNE HARRISON, COL. ROBERT DOUGLAS, KATHY DESHASIER, COL. SCOTTY LEWIS, CHELLEY CORREA, SUSAN SPEROFF, TRINA PAULEY, and MARY BARKLEY,<br><br>            Defendants. | Case No.: 3:06-cv-53 |

### REPLY TO OPPOSITION TO MOTION TO STRIKE

The Defendants' only argument in attempt to overcome its own authority with regard to advancing new arguments in reply briefs is that they had to raise this new defense because Ms. Lewis claimed harm and that she sought medical and psychological care for injury occurring on the job in her opposition brief.

Ms. Lewis pleaded these harms in her First Amended Complaint (Docket 4):

75. On or about October 13, 2003 Ms. Lewis had to visit Dr. Dale Trombley for work related stress and anxiety. . . .

89. Following that confrontation, Ms. Lewis completed a written request for sick leave because she was feeling stressed by Ms. Fallon's attempts to get an argument started. Susan Fallon denied the request. When Ms. Fallon reviewed the reason Ms. Lewis put for requesting the leave, Ms. Fallon became angry and denied the request, stating that the reason Ms. Lewis put on her request was not legitimate.

90. Ms. Lewis went to meet Dr. Bacon during her lunch time for help in coping with the stress and anxiety. Dr. Bacon wrote her a note to give to Ms. Fallon stating that Ms. Lewis needed to take the rest of the afternoon off. . . .

137. On or about July 6, 2005, Ms. Lewis began seeking treatment from Hugh Fisher, LMFT, at Good Samaritan Counseling Center to help cope with the stress and anxiety she was receiving from her superiors at work. . . .

143. On or about August 30, 2005, Kathy DeShasier, called Ms. Lewis into her office. Ms. DeShasier handed Ms. Lewis a copy of the suspension letter. Suspension began on August 31, 2005 and continued through September 14, 2005. The suspension was without pay. Ms. Lewis had requested a hearing and asked about a hearing. Ms. DeShasier said she spoke with legal and personnel and that she did not need to give Ms. Lewis a hearing. Ms. Lewis went back to her office and collected her things. Ms. Lewis went to see her therapist. She spent most of the night awake and in tears. . . .

150. Ms. Lewis went to Ms. Fallon and asked to see the write up but Ms. Fallon would not give it to her. Ms. Lewis went to see Mr. Kobussen and Col. Lewis. They were both out. Ms. Lewis then

> went to the EEO office.  Mr. Kobussen called back later that afternoon and told Ms. Lewis that they had changed the rules and only Susan Fallon needed to come to the marketing meetings, not the CDC directors.  Ms. Lewis told Mr. Kobussen that Ms. Fallon had written her up for Gena Walker missing the meeting.  Mr. Kobussen said that was not going to happen.  Ms. Lewis was so stressed out that she had to go see her therapist.  The therapist gave her some medication through a shot and had to take two days off based on the doctor's orders.

She specifically cited to her First Amended Complaint in her Opposition brief.  (Docket 33 at page 10.)  When the defendants filed their Motion to Dismiss (Docket 32), they were fully aware Ms. Lewis was claiming physical and psychological injury from what they did to Ms. Lewis at Elmendorf.

Additionally, along with the Motion to Dismiss, defendants included a statement from Col. Gregory Girard with respect to his search of the files to verify whether Ms. Lewis had filed an FTCA claim.  Why didn't the defendants include such a certification for lack of an FECA claim?  They could not.  They knew that Ms. Lewis had asserted an FECA claim on November 24, 2003.  See the attached claim, adjudication and denial of same.

Ms. Lewis should have a fair opportunity to respond to the defendants' arguments.  Instead, those arguments were presented in such a manner as to deny her the ability to respond in violation of rules created to prevent this very situation.  The authority presented by the defendants in their Reply brief states the compromise that the FECA creates.  "In enacting this provision, Congress adopted the principal compromise-the

"quid pro quo"-commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." <u>Lockheed Aircraft Corp. v United States</u>, 460 U.S. 190-193-94, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983). If the defendants are allowed to tout the FECA as a reason why Ms. Lewis' claims are precluded, Ms. Lewis should be permitted to argue that she attempted redress under the FECA, that she was denied same, so the government failed to provide its side of the bargain. Therefore, she should be allowed to seek compensation for the injuries she suffered as a result of the actions taken against her by the government, as well as the individuals, who perpetrated the harm.

Ms. Lewis' proposal is fair. She is asking that either the defendants' argument be stricken from the record because it does not comply with the rules with respect to new arguments presented for the first time in Reply briefs (*see* <u>Peterson v. Brownlee</u>, 314 F.Supp.2d 1150, 1152 fn.2 (D. Kansas 2004)), or that she be given an opportunity to file a Sur-Reply specifically addressing the issue of the FECA.

Dated this 17th day of August, 2006.

<div style="margin-left: 3em;">
<u>/s/ Nicholas Kittleson</u>  
Nicholas Kittleson, Esq.  
ABA # 9711090  
Counsel for the plaintiff  
9058 Dewberry Street  
Anchorage, Alaska  99502  
(907) 345-0830 phone  
(907) 243-0125 fax  
<u>nicholas@gci.net</u> email  
</div>

I certify that on the 17th day of August, 2006
A copy of the foregoing "Reply To Opposition
To Motion To Strike"
 was delivered electronically to:
Susan J. Lindquist, Esq.
susan.lindquist@usdoj.gov

/s/ Nicholas J. Kittleson