U.S. DEPARTMENT OF LABOR

RECEIVED AUG 1 1 2004

File Number: 142026715
1042-D-_

EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF WORKERS' COMPENSATION PROGRAMS
PO BOX 8300 - DIST 14 SEATTLE
LONDON KY 40742-8300
Phone: (206) 398-8100

August 5, 2004      *mb 8/6/04*

Date of Injury: 06/20/2003
Employee:       Janet Lewis

JANET LEWIS
5915 DONCASTER DR
ANCHORAGE, AK 99504

Dear Ms. Lewis:

Your claim for compensation benefits for your stress related claim has been disallowed for the reason stated in the enclosed copy of the notice of decision. The decision was based on all evidence of record and on the assumption that all available evidence has been submitted. If you disagree with the decision, you may follow any one of the courses of action outlined on the attached appeal rights.

Further medical treatment at OWCP expense is not authorized and prior authorization, if any, is hereby terminated.

Under Office of Personnel Management (OPM) regulations, an employee who recovers from a compensable injury within one year is entitled to mandatory job restoration and is expected to apply for work with the employing Federal agency immediately upon recovery. Employees who recover more than one year after the injury are entitled to priority consideration, provided they apply for reemployment within 30 days after compensation ceases. You may obtain further information concerning restoration rights from your agency or any OPM area office (if you are a postal employee, contact your local personnel office). You should also contact your former employing agency or OPM for advice on continuing any health insurance and/or life insurance coverage.

Sincerely,

*Carolyn Schwab*
CAROLYN SCHWAB
Supervisory Claims Examiner

Enclosures: Formal decision with appeal rights

DEPARTMENT OF THE AIR FORCE
ELEMENDORF AFB
3 MSS-DPCW
8517 20TH STREET  SUITE 203
ELMENDORF AFB, AK 99506

MEMORANDUM FOR THE RECORD
IN THE CASE OF JANET LEWIS
INJURY NUMBER 142026715

ISSUE:

The issue to be resolved is whether the evidence of record is sufficient to establish that the claimant has sustained an employment-related emotional/psychiatric condition as a result of her Federal employment as claimed.

BACKGROUND:

On November 24, 2003, the claimant filed form CA2 (notice of occupational illness) claiming that she experienced stress and anxiety because of activities and conditions related to her Federal employment. In an undated statement enclosed with the CA-2 form she claims that she experienced stress and anxiety because she works in a very hostile and stressful environment. She states that her supervisor retaliates against her because she filed a grievance. The claimant feels that her supervisor has inappropriately documented on her records that she was borderline insubordinate. She states that her supervisor and Flight Chief do not speak to her when they pass by her door. She indicates that working at a desk with the keyboard located on top of the desk with the monitor has caused her to experience pain in her right fingers, hands, arm and shoulder, headaches and right neck, all associated with stress.

In addition to the above referenced statements, the claimant initially submitted medical evidence consisting of a handwritten examination form dated 10/13/2003 and 11/18/2003.

By way of a letter from this office dated January 8, 2004, the employee was asked for additional information. She was requested to submit a detailed description of the employment factors or conditions that she believed caused a medical/emotional condition. She was also asked to submit copies of any findings/decisions concerning grievances or EEO complaints she filed with regard to the work factors stated in her claim; medical history of any emotional or psychological conditions, a description of any sources of stress in her life outside of her Federal employment; and a complete medical report from a physician which included the physician's opinion as to how the work activities cited caused or aggravated a medical/emotional condition.

In response the claimant submitted medical treatment notes dated 01/08/2004; a letter from her treating physician dated 01/23/2004; an MRI of the cervical spine dated 01/07/2004; a written statement dated 01/31/2004; a leave request slip dated 12/18/2003; a return to work slip signed by PAC Bacon dated 12/18/2003; an ergonomic assessment from the employer dated 01/23/2004, a Certification of Health Care Provider for Family Leave Act dated 03/05/2004; and a prescription slip for an inhaler and some type of medication.

The employer submitted statements from Ms. Fallon and Mr. Bartz including various e-mails between supervisor and claimant; supervisor, claimant and other employees. The employer challenged the claim on the grounds that the claimant's alledged stress and anxiety were self-generated and not caused by her employment.

REQUIREMENTS FOR ENTITLEMENT:

Workers' compensation law is not applicable to each and every injury of illness that is somehow related to employment. There are distinctions as to the type of situations giving rise to an emotional condition that will be covered under the Federal Employees' Compensation Act. Where the disability results from an emotional reaction to regular or specially assigned work duties or to certain requirements imposed by the employment, the disability comes within coverage of the Act.

On the other hand, there are injuries that have some kind of causal connection with the employment but nevertheless are not covered because they are not found to have arisen out of employment. A disability is

not covered where it results from such factors as the employee's fear of losing a job, a desire for another job or frustration from not being permitted to work in a particular environment to work in a particular position. (Lillian Cutler, 28 ECAB 125; Raymond S. Cordova, 32 ECAB 1005). Moreover, disabling conditions resulting from an employee's reaction to administrative and personnel functions of an employing agency, such as monitoring, rating and correcting work performance, do not constitute a personal injury which in the performance of duty, unless substantial evidence is submitted showing that the agency acted erroneously or abusively in such function (Richard J. Dube, 42 ECAB 916 [1991]).

DISCUSSION OF EVIDENCE:

COMPENSABLE FACTORS OF EMPLOYMENT:

NONE

NON-COMPENSABLE FACTORS OF EMPLOYMENT:

a.      On January 21, 2004, the supervisor marked her successful on all elements except for two during the mid-year appraisal. The two elements were above successful. The claimant cites stress because she has always been rated higher in the past.

The claimant stated that she was denied the use of sick leave without medical documentation. She cites that she was at work and became stressed over a confrontation with her manager. She asked for sick leave and her manager denied her request. She was further stressed because her manager called her doctor in an attempt to gain information.

The employee did not submit either the findings of an arbitrator or an admission by her employing agency that the action(s) were due to managerial error or abuse, or that there was some improper motive for the actions. Any emotional reaction to a proper administrative function is considered self-generated and is not compensable. The evidence does not show that management acted improperly. Consequently any stress or anxiety the employee may have experienced as a result of such action(s) is considered self-generated and is not compensable.

b.      The claimant cites stress because of the confusion created by the physical move from one work site to another work site and in determining whether or not staff positions would be relocated from one site to another. The claimant cited one instance of a verbal confrontation with her manager. Both the claimant and the manager became agitated and voices were raised. The claimant told co-workers afterwards that everything was fine. She states the manager later apologized for coming across a little harsh. The claimant did not submit evidence to show that this confrontation was abusive.

The claimant cited several instances that she disagreed with management's work task assignments and the manner in which management directed the accomplishment of assigned tasks.

Disagreement with or dislike of a management action or with the manner in which a supervisor exercises his supervisory discretion is not compensable, and an emotional reaction due to such disagreement/dislike is considered self-generated and is not compensable. Consequently any stress or anxiety the employee may have experienced is considered self-generated and is not compensable. The claimant did not submit any evidence to indicate that employing agency acted with improper motive or that the actions were due to managerial error or abuse.

c.      The claimant relates that she became stressed because she was not selected for a certain position. She states that she was not allowed to review the selection matrix and questions. This is an administrative issue and is not afforded coverage under the Act.

The employee did not submit evidence (such as grievance findings or witness statements) to show that management acted in an abusive, erroneous or improper manner. Any emotional reaction to a proper administrative function is considered self-generated and is not compensable. The evidence does not show

that management acted improperly when performing the administrative function. Consequently any stress or anxiety the employee may have experienced is considered self-generated and is not compensable.

COMPENSABLE FACTORS OF EMPLOYMENT THAT REMAIN UNVERIFIED

NONE

BASIS FOR DECISION:

To establish a claim that an emotional condition has been sustained in the performance of duty, the claimant must submit factual evidence establishing employment factors or incidents alleged to have caused or contributed to her condition. The evidence currently of record is not sufficient to meet this requirement. As discussed above any emotional reaction to proper administrative function is considered self-generated and is not compensable. The claimant has not provided any evidence to show that management acted in an abusive, erroneous or improper manner.

The evidence currently of record is not sufficient to establish performance of duty.

RECOMMENDATION:

Therefore, it is recommended that the Office deny benefits in this claim, based upon the above listed conclusions.

*Minnie Bain*
MINNIE BAIN
Claims Examiner

*Carolyn Schwab*
CAROLYN SCHWAB
Supervisory Claims Examiner