File Number: 142026715
1042-D-_

Employee: JANET LEWIS

## APPEAL REQUEST FORM

If you decide to appeal this decision, read your Appeal Rights and these instructions carefully. Specify which procedure you request by checking one option below. Place this form on top of any materials specified below that you are submitting. Mail **THIS FORM**, along with any additional materials **TO THE APPROPRIATE ADDRESS**. YOU MAY REQUEST ONLY ONE TYPE OF APPEAL AT THIS TIME.

_____ **HEARING - ORAL**

_____ **HEARING - REVIEW OF THE WRITTEN RECORD:**
1) Submit this form within <u>30 calendar days of the date of the decision</u>
2) You may submit additional written evidence with your request.

**Write "HEARING REQUEST" on the outside of your envelope and mail it to:**
Branch of Hearings and Review
Office of Workers' Compensation Programs
P. O. Box 37117
Washington, DC 20013-7117

_____ **RECONSIDERATION:**
1) Submit your request within <u>1 calendar year of the date of the decision</u>.
2) You must state the grounds upon which reconsideration is being requested. Your request must include relevant new evidence or legal argument not previously made.

**Write "RECONSIDERATION REQUEST" on the outside of your envelope and mail it to:**
DOL DFEC Central Mailroom
P. O. Box 8300
London, KY 40742

_____ **ECAB APPEAL:**
1) Submit this form within <u>90 calendar days of the date of the decision</u>.
2) No additional evidence after the date of the decision will be reviewed.
3) To expedite the processing of your ECAB appeal, you may include a completed copy of the AB 1 form used by ECAB to docket appeals available on the Department of Labor Web Site at www.dol.gov/ecab

**Write "ECAB REVIEW" on the outside of your envelope and mail it to:**
Employees' Compensation Appeals Board
200 Constitution Avenue NW, Room N-2609
Washington, DC 20210

SIGNATURE_____TODAY'S DATE_____
PRINTED NAME_____DECISION DATE_____
ADDRESS_____PHONE_____
CITY _____STATE_____ZIP_____

File Number: 142026715
1042-D-_

## FEDERAL EMPLOYEES' COMPENSATION ACT APPEAL RIGHTS

If you disagree with the attached decision, you have the right to request an appeal. If you wish to request an appeal, you should review these appeal rights carefully and decide which appeal to request. There are 3 different types of appeal: HEARING (this includes either an Oral Hearing, or a Review of the Written Record), RECONSIDERATION, and ECAB REVIEW. <u>YOU MAY ONLY REQUEST ONE TYPE OF APPEAL AT THIS TIME</u>. Place an "X" on the attached form indicating which appeal you are requesting. Complete the information requested at the bottom of the form. Place the form on top of any material you are submitting. Then mail the form with attachments to the address listed for the type of appeal that you select. Always write the type of appeal you are requesting on the outside of the envelope ("HEARING REQUEST", "RECONSIDERATION REQUEST", or "ECAB REVIEW"). Your appeal rights are as follows:

1. **HEARING:** If your injury occurred on or after July 4, 1966, and you have not requested reconsideration, as described below, you may request a **Hearing**. To protect your right to a hearing, any request for a hearing must be made before any request for reconsideration by the District Office (5 U.S.C. 8124(b)(1)). Any hearing request must also be made in writing, within 30 calendar days after the date of this decision, as determined by the postmark of your letter. (20 C.F.R. 10.616). There are **two forms of hearing**. You may request either one or the other, but not both.
    a. One form of Hearing is an **Oral Hearing**. An informal oral hearing is conducted by a hearing representative at a location near your home. You may present oral testimony and written evidence in support of your claim. Any person authorized by you in writing may represent you at an oral hearing.
    b. The other form of a Hearing is a **Review of the Written Record**. This is also conducted by a hearing representative. You may submit additional written evidence, which must be sent with your request for review. You will not be asked to attend or give oral testimony.

2. **RECONSIDERATION:** If you have additional evidence or legal argument that you believe will establish your claim, you may request, in writing, that OWCP reconsider this decision. The request must be made within one calendar year of the date of the decision, clearly state the grounds upon which reconsideration is being requested, and be accompanied by relevant evidence not previously submitted. This evidence might include medical reports, sworn statements, or a legal argument not previously made, which apply directly to the issue addressed by this decision. In order to ensure that you receive an independent evaluation of the new evidence, persons other than those who made this determination will reconsider your case. (20 C.F.R. 10.605-610)

3. **REVIEW BY THE EMPLOYEES' COMPENSATION APPEALS BOARD (ECAB):** If you believe that all available evidence that would establish your claim has already been submitted, you have the right to request review by the ECAB (20 C.F.R. 10.625). The ECAB will review only the evidence received prior to the date of this decision (20 C.F.R. Part 501). Any request for review by the ECAB should be made within 90 days from the date of this decision. The ECAB may waive failure to file within 90 days if you request review within one year of the date of this decision and show a good reason for the delay.

If you request reconsideration or a hearing (either oral or review of the written record), OWCP will issue a decision that includes your right to further administrative review of that decision.

31 January 04

## WORKERS' COMPENSATION PROGRAMS
## FILE NUMBER 142026715

Describe in detail the employment related condition or incidents which you believe contributed to your illness.

I was directed by my supervisor (Susan Fallon) to relocate my office on 20 June 2003 because the new director for the program would be moving in Saturday. I was in the process of packing my office when my supervisor (Susan Fallon) came to my office wanting the key to the office and she wanted me to walk with her through the program to identify things she wanted me to do for a VIP walk through on Monday. I explained to Susan that I was no longer the director of the program and I was busy packing my office and moving since she had directed me to be out of the facility today. I also said to Susan that since the new director is moving in on Saturday, I could come in on Saturday and help her prepare things for the visit. Susan became angry and said, "You are busy?! I'll remember that. I want you to come with me NOW." I said to Susan, "Susan I need to do this now because I will be gone this afternoon." Susan, then very firmly directed me to walk with her through the facility and she pointed out things she wanted me to do. Susan stated that the new director was not coming in to clean. I said to Susan, so I'm the clean up woman? Susan continued walking through the program and at the end handed me a list of things she wanted me to do.

On 25 June, I was sitting at my desk working on the computer when Susan Fallon came into my office and asked, "Whatcha doing?" I told her I was working. She asked, "Why are you working with the lights off?" I told her I had enough light from the window. I was fine. Then she asked why were there desks and furniture in the office. I told her it was for the program technician and my clerk. Susan became angry and yelled, "I TOLD YOU THEY WERE NOT MOVING FROM SITKA!!" I told Susan that she did not tell me that. Susan continued, 'YES I DID." I said to Susan, no you didn't. Susan continued standing over me and said, "YES I DID TELL YOU AND I'LL JUST HAVE TO PUT IT IN WRITING." I said to Susan, please put it in writing, that way there will be no confusion. The impression I got from Susan was that she wanted an argument but I would not argue with her.

Susan stormed out of my office and two other co-workers came in and asked me if everything was okay. Susan passed them in the hall and she looked really mad. I told them everything was fine, Susan said she had told me something and I told her she didn't. I was working with one of the co-workers on a project when Susan returned to my office. She looked surprised to see someone in my office. Susan then asked if she could speak to me for a moment. I told her yes. The co-worker left the room and Susan closed the door. Susan said, "I want to apologize for what happened a few minutes ago. I came across a little harsh. I thought I made myself clear

that the clerk and technician would not be moving to the main office with you. If you need them to help with some big projects that will be okay." I said to Susan, that she did not say that. After our discussion Susan left my office. Susan was emailed 16 June 03 that the two employees would be moving with me and she was also emailed that data automation would be coming to connect their computers. She did not mention that they were not to come to the office.

On 27 June 03, Susan Fallon did a memorandum for record and made documentation on my 971 that my behavior has been disruptive to the organization, I have been insolent and discourteous-bordering on insubordination. I asked her to explain and she stated the disagreement we had in my office 25 June and the incident where she had asked me to prepare for the VIPs visit. I told Susan she was the one that caused that and the VIPs visit was for the new director because she had directed me to be out of the facility. I have never been written up in my fourteen years of employment and I have never been insubordinate and I have always done my job. (At this time Susan is aware that I have filed an EEO complaint)

I was tasked by my supervisor, Susan Fallon, to hire for the new center, enroll children, order furniture, work with contracting, to train the new director, oversee the renovation of the old child development center, set up training, work personnel issues, set up classrooms, order new materials and equipment for the reopening the center that is under renovation, administer surveys, assist with other childcare center accreditation and to direct two programs in the same facility. Majority of these tasks were to be accomplished in a one month period.

I have been in meetings with Susan and the flight chief where they would get upset if I would ask a simple question. They would begin yelling at me.

Susan's and the flight chief's emails have had a very angry and reprisal tone about them. (I have copies of them)

Susan and our Flight Chief were across base and the shed and the gate at the center that is being renovated were open. They called back across base to tell me to come close the shed and gate when it would have only taken a few minutes for them to do it.

I spoke with our Deputy (Susan's boss) on 29 Oct 03, about this and he talked with the Flight Chief about it. I then received an email from Susan the following day, 30 October 03. Susan emailed me to say she shut the shed and the gate, but then she tasked me with ten more things to do. In my opinion this was a reprisal for me speaking with her boss about the situation.

The program I direct have their items in storage. On July 2, 03, Susan Fallon authorized the employees at the new center to go in and get items to use without consulting me. I am the contact person for that facility and responsible for the items in the building. I mentioned this to Susan and she said she had instructed them to enter the facility and to get the things they need. I told her that I was not going to be responsible for items that come up missing. Each program is given monies to purchase for their program. $70,000.00 was given to the new center. I purchased items I needed for my center and stored them with the other items. On Friday, 3 Oct 03, employees from the new center went to storage and got five trashcans that I had ordered for my program. I was not asked and no one mentioned anything to me about this. I addressed this