Nicholas J. Kittleson
9058 Dewberry Street
Anchorage, Alaska 99502
(907) 345-0830 phone
(907) 243-0125 fax
Attorney for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANET D. LEWIS,<br><br>    Plaintiff,<br>vs.<br><br>MICHAEL W. WYNNE, Acting Secretary of the United States Air Force; LEE TOMLINSON, SUSAN FALLON, AL BARTZ, COL. GARY DZUBILO, LT. COL. DAVID AUPPERLE, TONY KOBUSSEN, DIANNE HARRISON, COL. ROBERT DOUGLAS, KATHY DESHASIER, COL. SCOTTY LEWIS, CHELLEY CORREA, SUSAN SPEROFF, TRINA PAULEY, and MARY BARKLEY,<br><br>    Defendants. | Case No.: 3:06-cv-53 |

## SUR-REPLY TO MOTION TO DISMISS

The plaintiff hereby files, pursuant to the Court's order at docket 47, her Sur-Reply responding specifically to the defendants' claim that the Federal Employees Compensation Act precludes Ms. Lewis from pursuing her FTCA claims against the defendants.

The first issue Ms. Lewis wishes to address is the claim that the Air Force and individual defendants made with respect to medical bills being covered under Title VII. Docket 34, page 10. Ms. Lewis did not argue that a Title VII damages award would not cover her medical bills. It is plaintiff's position that the medical costs she incurred is covered under Title VII pursuant to compensatory damages recoverable under 42 U.S.C. §1981a. Ms. Lewis' argument was that the government would have to admit this to be true if it argues that Title VII precludes FTCA claims. Title VII must remedy the same harm in order to have preclusive effect. See Ms. Lewis' original argument at docket 33, page 10.

Second, Ms. Lewis disputes that her claims for her medical damages are precluded by the Federal Employee's Compensation Act (FECA). The defendants' citation to David v. U.S. is unhelpful since it is contrary to the facts of the present case. In David, the plaintiff had not filed an FECA claim at all. David v. U.S., 820 F.2d 1038, 1043 (9th Cir. 1987). Ms. Lewis has filed a FECA claim for her medical expenses. See exhibit attached to docket 39. Likewise, Posegate is distinguishable on a key element. In Posegate, the plaintiff had recovered under the FECA. Posegate v. United States, 288 F.2d 11, 14 (9th Cir. 1961). Ms. Lewis' FECA claim was turned down by the Air Force. See exhibit attached to docket 39, part 4, page 4. The defendants' Charles v. U.S. decision is unhelpful, as it discusses the Longshoreman's Act rather than the FECA. If the Charles case's analysis can be applied to the FECA, then the Charles case actually proves the viability of Ms. Lewis' FTCA claim. The Charles Court ordered that the case shall be stayed while the claim is litigated under the Longshoreman's Act and stated,

"Should the Deputy Commissioner hold, and on review should the District Court agree, that jurisdiction does not lie under the Longshoremen's Act, the judgment under the Tort Claims Act will be reinstated." U.S. v. Charles, 397 F.2d 712, 714 (D.C. Cir. 1968).

In the present case we already know that the Air Force has concluded that the FECA does not govern because Ms. Lewis failed to present evidence of the element "performance of duty." Additionally, the claims presented in Ms. Lewis' complaint are not FECA type claims. The FECA covers "disability or death of an employee resulting in personal injury sustained while in performance of his [or her] duty, . . ." 5 U.S.C. §8102(a). The term "injury" is defined as ""injury by accident. . . ." 5 U.S.C. §8101(5). Ms. Lewis is not claiming that the harms she sustained were in any way an accident. Her pleadings clearly show that the Air Force's employees conducted an intentional and deliberate campaign to retaliate against Ms. Lewis for complaining and investigating the fact that they hired a lesser qualified Caucasian person instead of her to run the new Child Development Center. They acted with the purpose of overworking her, destroying her career, and alienating her from her coworkers, thereby purposefully causing her mental and emotional suffering. See Second Amended Complaint, docket 44 at paragraphs 55-161. The injury Ms. Lewis suffered was no accident. It was the direct result of a calculated strategy to get rid of her. The FECA does not preclude intentional torts.

Additionally, the FECA does not cover emotional injuries and is not the exclusive remedy when the injury is based on intentional discrimination. The 9th Circuit specifically held that negligent and intentional infliction of emotional distress claims were not precluded by the FECA. The Court stated,

> FECA compensates government employees only for physical harm. *Id.* at 1471-72. Sheehan's alleged injury-emotional distress-is divorced from any claim of physical harm. In *Guidry,* we cited with approval *Newman v. Legal Servs. Corp.,* 628 F.Supp. 535, 543 (D.D.C.1986), as standing for the proposition that "because [a] claim for emotional distress [is] not covered by FECA, FECA [is] not [the] employee's exclusive remedy." *Guidry,* 834 F.2d at 1472; *see also DeFord v. Secretary of Labor,* 700 F.2d 281, 290 (6th Cir.1983) (FECA does not cover injury from intentional discrimination).

Sheehan v. United States, 896 F.2d 1168, 1174 (9th Cir. 1990). Clearly Ms. Lewis' claim for intentional torts, and emotional harms, would not be precluded by the FECA.

### Conclusion

Ms. Lewis has shown four independent reasons, each individually proving why the FECA argument was nothing more than a rabbit trail argument that provided no assistance to resolving the issues present in this case. First, she attempted that remedy and the Air Force stated that the claims did not meet the criteria for an FECA claim. Second, Ms. Lewis received no compensation under the FECA. Third, the FECA does not preclude intentional torts which Ms. Lewis claims in the present case. Fourth, the FECA does not even deal with emotional damages. The seminal U.S. Supreme Court case, Lockheed Aircraft Corp. cited by the defendants, explains clearly that the FECA provides an exchange between injured people and the government. The government gives the employee immediate, fixed compensation without having to resort to suit in exchange for losing the right to sue the government. Lockheed Aircraft Corp. v. United

States, 460 U.S. 190, 193-94 (1983).  In the present case, despite her request, the government did not provide its side of the bargain.  It therefore cannot claim the benefit.

Respectfully submitted this 12th day of September, 2006.

/s/ Nicholas Kittleson
Nicholas Kittleson, Esq.
ABA # 9711090
Counsel for the plaintiff
9058 Dewberry Street
Anchorage, Alaska  99502
(907) 345-0830 phone
(907) 243-0125 fax
nicholas@gci.net email

I certify that on the 12th day of September, 2006
A copy of the foregoing "Sur-Reply to Motion to
Dismiss" was delivered electronically to:
Susan J. Lindquist, Esq.
susan.lindquist@usdoj.gov

/s/ Nicholas J. Kittleson