UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| JANET D. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | 3:06-cv-00053 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| MICHAEL W. WYNNE, *et al.*, | ) | [Re: Motion at Docket 32] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. MOTION PRESENTED

At docket 32, defendant Michael Wynne, Secretary of the United States Air Force, and all fourteen individually named defendants, move to dismiss all of plaintiff's claims against individual defendants and to dismiss plaintiff's claims under the Federal Tort Claims Act and 42 U.S.C. § 1981 against the Secretary pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Defendants also ask the court to strike plaintiff's claim for punitive damages. At docket 33, plaintiff opposes the motion. Defendants reply at docket 34. Oral argument was heard on October 31, 2006.

## II. BACKGROUND

Janet Lewis is an employee of the United States Air Force and works in the Child Development Center Program at Elmendorf Air Force Base in Anchorage, Alaska. On March 8, 2006, Lewis filed the underlying complaint against Michael Wynne, Secretary of the United States Air Force, and fourteen individual defendants, each of whom was a federal civilian employee or member of the United States Air Force at all

relevant times.[1] Lewis filed a second amended complaint against the same defendants on September 1, 2006.[2]

Lewis is African American. All of the individually named defendants are Caucasian. In her complaint, Lewis alleges that the defendants made false claims about her and proposed terminating her employment based on those false claims, discouraged her from applying for a director position, hired a lesser qualified Caucasian employee for a position for which Lewis applied, falsely inflated the other applicant's scores, retaliated against Lewis after she filed a complaint with the Air Force's Equal Employment office, yelled at Lewis, tasked her with extra work, threatened and badgered her, treated Lewis differently than other employees, put unwarranted negative comments in her employment file, made misleading statements and false accusations about Lewis, and suspended Lewis based on false claims. The complaint also alleges that Lewis sought therapy and medical treatment to "help cope with the stress and anxiety she was receiving from her superiors at work."[3]

Lewis' complaint alleges eleven claims against all defendants. Each claim alleges that the defendants acted "in their individual capacities and as agents of the United States Air Force."[4] Claims one through five, which assert that defendants discriminated against Lewis on the basis of race, allege violations of Title VII.[5] Claim six alleges that defendants "acted to deprive Ms. Lewis of equal rights under the law on account of her race" in violation of 42 U.S.C. § 1981.[6] Claim seven alleges the intentional infliction of emotional distress. Claim eight alleges the negligent infliction of emotional distress. Claim nine alleges defamation. Claim ten alleges negligent

---

[1] Doc. 1.

[2] Doc. 44.

[3] Doc. 44 at 21.

[4] *See* doc. 44.

[5] 42 U.S.C. § 2000e-2(a)(1), (2)(a)(2), and (3)(a).

[6] Doc. 44 at 26.

supervision. Claim eleven requests punitive damages on the basis that defendants "acted maliciously against Ms. Lewis and/or in conscious disregard of her rights."[7] With respect to the claims which arise under federal law, the court has original jurisdiction pursuant to 28 U.S.C. § 1331. The court may exercise jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

### III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[8] In reviewing a Rule 12(b)(6) motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[9] The court is not required to accept every conclusion asserted in the complaint as true; rather, the court examines whether conclusory allegations follow from the description of facts alleged by the plaintiff.[10] A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[11]

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. "A federal court has subject matter jurisdiction over an action that either arises under federal law, or when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000."[12] When a defendant challenges subject matter jurisdiction under Rule

---

[7] Doc. 44 at 27.

[8] B*alistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[9] *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[10] *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992).

[11] *Vignolo,* 120 F.3d at 1077.

[12] *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (citing 28 U.S.C. §§ 1331, 1332(a)).

12(b)(1), "the plaintiff has the burden of proving jurisdiction in order to survive the motion."[13]

## IV.  DISCUSSION

Defendants request the court to dismiss all of plaintiff's claims against the individually named defendants and to dismiss plaintiff's claims under the Federal Tort Claims Act and 42 U.S.C. § 1981 against the Secretary.

**Title VII Claims Against Individual Employees**

Defendants first argue that plaintiff's claims under Title VII against all individually named defendants should be dismissed pursuant to Rule 12(b)(1) on the grounds that the Secretary is the only proper defendant for plaintiff's Title VII claims. The plain language of Title VII requires that in civil actions based on discrimination in federal employment, "the head of the department, agency, or unit, as appropriate, shall be the defendant."[14] Moreover, the Ninth Circuit has specifically ruled that "individual defendants cannot be held liable for damages under Title VII."[15]

While plaintiff concedes that Ninth Circuit case law does not allow claims against individual employees under Title VII, plaintiff argues that "there exists division in the circuits with respect to this issue and Ms. Lewis' case may be the ideal suit to allow the 9th Circuit to reexamine its holding in *Miller v. Maxwell's International* regarding standing to bring suit against individual employees under Title VII."[16] This court is bound to apply existing federal law and to follow Ninth Circuit precedent, so the court must dismiss plaintiff's claims under Title VII against all of the defendants, except Michael Wynne in his official capacity as Secretary.

---

[13]*Id.*

[14]42 U.S.C. § 2000e-16(c).

[15]*Miller v. Maxwell's International Inc.*, 991 F.2d 583, 588 (9th Cir. 1993).

[16]Doc. 33 at 2.

-4-

**Tort Claims**

Defendants also contend that the court lacks jurisdiction to hear plaintiff's tort claims because plaintiff failed to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA"). Plaintiff argues that it is premature for defendants to label her state tort claims as claims under the FTCA because the Attorney General has not certified that defendants were acting within the scope of their employment as is required under the Westfall Act.[17] The Westfall Act amended the FTCA "to protect federal employees from personal liability."[18] The Westfall Act requires the substitution of the United States as sole defendant in tort actions against federal employees, if the Attorney General certifies that the defendant employees acted within the scope of employment.[19]

Defendants acknowledge "that certification is the usual first step when torts are alleged against government employees," but argue that the fact that plaintiff "named the individuals and served them with personal service makes it appear that she is suing them in their individual capacities, rather tha[n] official capacities."[20] Defendants' argument is unavailing because all of plaintiff's claims specifically allege that the defendants were "acting in their individual capacities *and* as agents of the United States Air Force."[21]

Citing *Brock v. United States*,[22] defendants next argue that all of plaintiff's tort claims should be dismissed because "the alleged torts all arose within the employment context, within a discrimination claim, and there is no act alleged of a highly personal

---

[17] 28 U.S.C. § 2679.

[18] *Saul v. United States*, 928 F.2d 829, 832 (9th Cir. 1991).

[19] *Id.* (citing 28 U.S.C. § 2679(d)).

[20] Doc. 34 at 7.

[21] *See* doc. 44 (emphasis added).

[22] 64 F.3d 1421 (9th Cir. 1995).

nature."²³ In *Brock*, a federal employee filed an action for negligent supervision against the government under the FTCA after her supervisor raped and sexually assaulted her. The government argued that Brock's FTCA negligence claim was precluded because Title VII was her exclusive remedy for claims of sexual discrimination. The government conceded "that if Brock sought state tort remedies against [her supervisor] individually, Title VII would not bar those claims."²⁴ The Ninth Circuit held that "because the conduct alleged in Brock's complaint was a highly personal violation beyond discrimination, the complaint states a claim that is separately actionable under the FTCA."²⁵

The case at bar is more analogous to *Otto v. Heckler*, where a federal employee filed a complaint against the federal government and her supervisor. In addition to her Title VII claims, Otto filed several state tort claims against her manager in his individual capacity, including assault, invasion of privacy, intentional infliction of emotional distress, and defamation. The Ninth Circuit held that the applicable rule is that an "official of the Government, 'acting within the outer perimeter of his or her line of duty, is absolutely immune from state or common-law tort liability.'"²⁶ The court reasoned that, taking Otto's allegations as true, the *Miller* immunity was lost because her supervisor adopted "means beyond the outer perimeter of his authority," including following her, defaming her, and harassing her with telephone calls. The court further ruled that "[t]o ascertain whether [the supervisor] acted within the perimeter of his authority requires resolution of questions of fact 'which cannot be resolved at the pleading stage.'"²⁷

Here, the majority of actions alleged in plaintiff's complaint appear to be actions taken within the outer perimeter of the individual defendants' authority. However, in light of the Ninth Circuit's ruling in *Otto*, the court declines to determine whether each

---

²³Doc. 34 at 9.

²⁴*Brock*, 64 F.3d at 1423.

²⁵*Id.* at 1424 (citing *Arnold v. United States*, 816 F.2d 1306, 1311 (9th Cir. 1987); *Otto v. Heckler*, 781 F.2d 754, 756-57 (9th Cir.) *amended by* 802 F.2d 337 (9th Cir. 1986)).

²⁶*Otto*, 781 F.2d at 758 (citing *Miller v. De Laune*, 602 F.2d 198, 200 (9th Cir. 1979).

²⁷*Id.* (quoting *Miller*, 602 F.2d at 199).

individually named defendant was acting within the perimeter of his or her authority at the pleading stage because doing so requires resolution of questions of fact.

Citing *Saul v. United States*,[28] defendants next argue that the court should dismiss plaintiff's tort claims because, under the Civil Service Reform Act ("CSRA"), "federal employees are preempted from bringing tort actions arising from employment disputes."[29] "The CSRA provides a remedial scheme through which federal employees can challenge their supervisor's 'prohibited personnel practices.'"[30] If the conduct that plaintiff challenges in this action falls within the scope of the CSRA's "prohibited personnel practices," then the CSRA's administrative procedures are plaintiff's only remedy, and the federal court cannot resolve plaintiff's state law tort claims.[31] "The CSRA defines 'prohibited personnel practices' as any 'personnel action' taken for an improper motive by someone who has authority to take personnel actions."[32] "The CSRA reaches 'prohibited personnel practices' by '[a]ny employee who has authority to take, recommend, or approve any personnel action' 'with respect to an employee in ... a covered position in an agency.'"[33]

The court cannot rule on the merits of defendants' argument that plaintiff's tort claims are preempted by the CSRA. The reason is that defendants have failed to demonstrate in their papers how each of the alleged actions taken by each of the fourteen individual defendants involved "personnel actions" that were taken by an employee who has "authority to take, recommend, or approve any personnel action" as

---

[28]929 F.2d 829 (9th Cir. 1991).

[29]Doc. 32 at 8.

[30]*Orsay v. U.S. Dept. of Justice*, 289 F.3d 1125, 1128 (9th Cir. 2002) (citing 5 U.S.C. § 2302).

[31]*Id.*

[32]*Mahtesian v. Lee*, 406 F.3d 1131, 1134 (9th Cir. 2005) (citing 5 U.S.C. § 2302(b)).

[33]*Orsay*, 289 F.3d at 1131 (emphasis omitted) (citing 5 U.S.C. § 2302(a)(2(A)(A) & (B).

defined by the CSRA, and that the actions were allegedly taken for reasons prohibited by the CSRA.[34] Plaintiff's briefing also fails to shed any light on these matters.

For the reasons set out above, the court will deny without prejudice defendants' motion to dismiss plaintiff's tort claims.

**Section 1981 Claims**

Defendants next move to dismiss plaintiff's claims under 42 U.S.C. § 1981 against all defendants. Claim VI of plaintiff's complaint alleges that defendants "acted to deprive Ms. Lewis of equal rights under the law on account of her race" in violation of 42 U.S.C. § 1981.[35] Defendants argue that Section 1981 does not provide a cause of action on the facts of this case because Section 1981 is limited to actions taken "under color of State law,"[36] and this matter involves federal employees acting under federal law.[37]

Plaintiff responds that while a cause of action does not lie against a federal agency under Section 1981, "[i]ndividuals can be held liable for violations of § 1981."[38] Citing *Black's Law Dictionary*, plaintiff suggests that the term "state" as used in Section 1981(c) refers generally to the "political system of a body of people who are politically organized."[39] As such, the term "state" may refer "either to body politic of a nation (*e.g.,* United States) or to an individual government unit of such nation (*e.g.,* California)."[40]

The parties have not cited, nor has the court's research produced, any controlling case law defining the meaning of "State" as used in the phrase "under color of State

---

[34] *Id.* at 1129.

[35] Doc. 44 at 26.

[36] 42 U.S.C. § 1981(c).

[37] Doc. 32 at 13.

[38] Doc. 33 at 10.

[39] BLACK'S LAW DICTIONARY 1443 (8th ed. 2004).

[40] BLACK'S LAW DICTIONARY 1262 (5th ed. 1979).

-8-

law" in Section 1981. However, the court does not need to resolve that issue in order to decide the motion at bar.

In *Brown v. General Services Administration*, the Supreme Court held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment."[41] *Brown*, which involved a federal employee who brought claims of race discrimination under Title VII and 42 U.S.C. § 1981 against a federal agency, did not distinguish between a suit against the government or its individual employees. In *White v. General Services Administration*, the Ninth Circuit "followed *Brown* in holding that Title VII is the sole remedy for a race discrimination claim by a federal employee," and specifically addressed the issue of "whether Title VII is the sole judicial remedy available to a federal employee who alleges racial discrimination and seeks recovery not only from the federal government but from individual employees."[42] The Ninth Circuit concluded that the holding in *Brown* is not limited to actions against the United States, but also extends to actions against federal officials acting in their individual capacities.[43] In both *Brown* and *White*, the plaintiffs asserted claims under 42 U.S.C. § 1981 in addition to their Title VII claims.[44]

Claim VI of plaintiff's complaint alleges that defendants "acted to deprive Ms. Lewis of equal rights under the law on account of her race" in violation of 42 U.S.C. § 1981. Plaintiff's Section 1981 claims arise from the same factual predicate as her Title VII claims. Because plaintiff's Section 1981 claims are based on race discrimination, Title VII is her sole remedy. Accordingly, the court will grant defendants' motion to dismiss plaintiff's Section 1981 claims against all defendants.

---

[41] 425 U.S. 820, 835 (1976).

[42] 652 F.2d 913, 914 (9th Cir. 1981).

[43] *Id.* at 916-917.

[44] *Brown*, 425 U.S. at 823; *White*, 652 F.2d at 916.

**Punitive Damages Claim**

Defendants also request the court to strike plaintiff's claim for punitive damages "because neither the FTCA nor Title VII authorize the award of punitive damages against the government."[45] Defendants' request is premature in light of the fact that plaintiff asserts state tort claims against the individual defendants and the Attorney General has not certified that defendants were acting within the scope of their employment. For the reasons stated above, the court declines to rule on defendants' motion to dismiss plaintiff's punitive damages claim at this stage in the litigation.

## V. CONCLUSION

For the reasons set out above, defendants' motion to dismiss at docket 32 is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Defendants' motion to dismiss is **GRANTED** as to plaintiff's Section 1981 claims against all defendants and as to plaintiff's Title VII claims against all defendants except Michael Wynne in his official capacity as Secretary of the United States Air Force.

(2) Defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE** as to plaintiff's tort claims.

DATED at Anchorage, Alaska, this 8th day of November 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[45]Doc. 32 at 14.

-10-