NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANET D. LEWIS,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL L. WYNNE, Acting Secretary of the United States Air Force; LEE TOMLINSON, SUSAN FALLON, AL BARTZ, COL. GARY DZUBILO, LT. COL. DAVID AUPPERLE, TONY KOBUSSEN, DIANNE HARRISON, COL. ROBERT DOUGLAS, KATHY DESHASIER, COL. SCOTT LEWIS, CHELLEY CORREA, SUSAN SPEAROFF, TRINA PAULEY and MARY BARKLEY,<br><br>    Defendants. | Case No. 3:06-cv-53-JWS<br><br>**WYNNE'S ANSWER TO THE SECOND AMENDED COMPLAINT** |

MICHAEL L. WYNNE, Acting Secretary of the United States Air Force, using the same numbering of paragraphs and sentences in Plaintiff's Second Amended Complaint, admits, denies and alleges as follows:

## JURISDICTION

1. This is a statement of law to which no answer is required.

2. This is a statement of law to which no answer is required.

## VENUE

3. Admit.

## FACTS COMMON TO ALL CLAIMS

4. Admit.

5. Admit that Mr. Wynne is the Secretary; Deny that Mr Wynne is Acting.

6. Admit.

7. Admit

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit, except deny that Ms Harrison is the supervisor of employee relations. She is a Human Resources specialist in Employee Relations.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit that the Sitka CDC was built. Deny that the center was intended to accommodate the Katmai CDC children.

23. Deny.

24. Deny.

25. Admit.

26. Deny that Mr. Tomlinson indicated he wanted to "keep the teams together." Admit the remainder

27. Admit there was a staff meeting. Deny the remainder.

28. Deny.

29. Admit.

30. Admit Plaintiff assumed the role of Sitka Director inasmuch as Plaintiff was the director of the Katmai CDC, and the children and assets of Katmai were temporarily moved to the Sitka CDC while the Katmai CDC was renovated.

31. Admit, except that the staff of Katmai was moved to Sitka with Plaintiff.

32. Admit.

33. Admit.

34. Deny.

35. Deny

36. Admit. Mr. Tomlinson said to Mr. Bartz that if Mary Barkley and Janet Lewis were on the cert., then Mary Barkley should be hired because she was more experienced.

37. Admit there was a meeting with Ms. Lewis, Ms. Fallon and Ms. Harrison. Deny all remaining allegations.

38. Deny.

39. Admit the tour occurred, but deny that Ms. Lewis did not conduct it. She conducted it after she arrived at the Center. Deny all remaining allegations.

40. Admit.

41. Deny.

42. Deny.

43. Admit.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Admit.

50. Deny, except admit Ms. Lewis asked why she was not selected.

51. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

52. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

53. Deny.

54. Admit.

55. Admit that Ms. Lewis received an appraisal. Deny all remaining allegations.

56. Deny.

57. Admit.

58. Deny.

59. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

60. Admit that the plaintiff received counseling on her AF Form 971.

61. Admit.

62. Deny.

63. Admit there was a survey. Deny remaining allegations. Ms. Walker went back to Katmai because there was not a slot for her particular grade and position at Sitka.

64. Admit.

65. Admit that Ms Correa and Ms Rogers are training specialists. Deny remaining allegations.

66. Admit the plaintiff was working on Katmai renovations and that she e-mailed Ms. Fallon regarding her inability to take on the project. The Katmai reopening had been postponed. Ms. Fallon informed plaintiff that she and Ms. Barkley could coordinate time for Ms. Walker and Ms. Adams to assist plaintiff. Plaintiff was released by her doctor to return to work full time on 11 August 2003. Deny all remaining allegations.

67. Admit.

68. Admit.

69. Admit the plaintiff was paid a salary. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted of the remainder.

70. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

71. Admit, but deny that Ms. Harrison acknowledged the actions appeared to be reprisal. Ms. Harrison advised Ms. Fallon to be prepared for plaintiff to <u>claim</u> reprisal and that the EEO complaint did not preclude plaintiff from doing her job. Deny all remaining allegations.

72. Admit that the portion of the playground training coordination that plaintiff did was successful.

73. Deny.

74. Deny.

75. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

76. Admit .

77. Admit that the plaintiff met with Mr. Kobussen; deny the remainder.

78. Admit that Ms. Fallon returned a number of work orders to Ms. Lewis for correction. Ms. Lewis mentioned attaching photos and Ms. Fallon agreed that photos would be fine. Deny all remaining allegations.

79. Deny.

80. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

81. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

82. Deny.

83. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

84. Admit.

85. Deny.

86. Deny as alleged. Mr. Kobussen has had a few meetings with plaintiff, Mr. Bartz and Ms. Fallon. Deny all remaining allegations.

87. Deny.

88. Deny.

89. Deny allegation as stated. Admit that plaintiff submitted a sick leave request which was initially denied. Deny all remaining allegations.

90. Admit.

91. Deny allegation as stated. Admit Ms Fallon requested the a new leave slip which reflected the actual times plaintiff would be on leave.

92. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

93. Admit Ms. Barkley took sick leave. Deny the remainder for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

94. Deny.

95. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

96. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

97. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

98. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

99. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

100. Deny the allegation as stated. Admit that both Ms. Barkley and Ms. Lewis wanted to use the same room and the conflict was resolved.

101. Deny the allegation as stated. Admit Ms Barkley addressed the cleanliness issues.

102. Admit.

103. Admit that Ms. Fallon counseled plaintiff for explosive and unprofessional behavior. Admit the content of the statements. Admit that it is appropriate for plaintiff to bring cleanliness of classrooms to management's attention. Admit that the write-up remained. Deny all remaining allegations.

104. Deny allegation as stated. The sticky note indicating to "hold off" was attached to <u>one</u> work order for replacing indoor window frames and plaintiff was not admonished for that work order. The rest of the work orders had sticky notes indicating what was lacking. Admit that plaintiff was orally admonished for failure to follow established procedures for the rest of the work orders.

105. Admit.

106. Deny the allegation as stated. Admit that the Commander met with Ms. Lewis and thanked her for coming alone. Deny all remaining allegations.

107. Deny the allegation as stated. Admit that the plaintiff was counseled for inappropriately discussing her plans for hiring and relocating employees with subordinates. Deny all remaining allegations.

108. Deny as alleged. The mold problem was discovered in early 2003, when walls were removed during renovation of the Katmai CDC. In July of 2003,

an assessment was made which indicated complete remediation of mold was possible and that the HVAC system in the building was new. Lt Col Johnson-Bacon accomplished a medical review and concluded that children and staff at Katmai were under no greater risk than anyone at any of the other centers. An assessment in September of 2004 concluded that the building was relatively clean, although did have new mold growth. Deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

      109.   Admit to the rating. Deny for lack of knowledge the allegations regarding lack of the bonus and lack of increase of pay.

      110.   Deny. The Katmai had a diverse staff. One of three desk clerks, three of four part day school preschool staff, two of six infant staff and the cook were all Caucasian. In addition, there were two Asian members, two Hispanic members and about eight African American members, including the plaintiff. In addition, all employees were surveyed and given the choice to remain at Sitka or return to Katmai.

      111.   Deny. The director of the Sitka and the director of the Denali CDC confirm that the Human Resources Office (HRO) made it clear that all Centers drew from the same applicant pool and that whoever turned in the paperwork first got the employee. No one was directed to the Sitka CDC

      112.   Deny as alleged. As a new facility, the Sitka CDC was allocated a certain amount of money for supplies and for decorating the building. The money was allocated for Sitka and had to be spent on Sitka. The Katmai CDC was closed due to renovation, therefore funding could not be established for the facility. Ms. Lewis was not reprimanded for purchasing flame retardant curtains, but for ineffective use of resources. Ms. Fallon advised plaintiff that spending more than half her quarterly budget on the curtains was not fiscally prudent. Ms. Fallon suggested purchasing something less expensive so that other needs of the facility could be met. Plaintiff was resistant to all of Ms. Fallon's suggestions, although she did purchase less expensive curtains for the center. The flame retardant curtains were finally purchased in 2005.

113. Deny. Management made the decision to keep all school age children together at one facility. Katmai CDC would handle infants and toddlers. Since there was a large waiting list for infant care, Katmai would grow as those infants were placed in Katmai. AR 16:2508; AR 21:3496. Management was aware that both Sitka and Katmai would be losing money because of the number of infants enrolled in each facility. The budget concerns expressed by management centered around plaintiff's inability to project her budget with more accuracy.

114. Deny as alleged. The plaintiff failed to provide the Patterson's 30 days to find a new job before filling their spot at the Katmai. Plaintiff alleges there was always a slot for the child; however, she never explained this to Ms. Fallon.

115. Admit.

116. Admit that a child left the Katmai CDC undetected by plaintiff's staff. Deny the remainder for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

117. Admit that as supervisor it was plaintiff's responsibility to address disciplinary matters over the incident on 6 Oct 2004.

118. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

119. Deny as alleged. Admit Ms. Fallon met with the plaintiff to discuss her lack of disciplinary action with respect to the 6 Oct 2004 incident.

120. Deny as alleged. The original leave slip was dated 1 Nov 04 for the period 5 Jan 05 to 18 Jan 05. It was given to Ms. Fallon on or about 1 Dec 04.

121. Deny as alleged. Ms. Fallon had asked plaintiff to provide information on who would be covering her program. This was a critical timeframe as a new classroom was being opened. Ms. Fallon needed information on the status of the program. In addition, Ms. Fallon was not available to cover, so someone had to be found who could cover Katmai in Ms. Lewis' absence

122. Admit Plaintiff e-mailed Lt Col Aupperle regarding her January 2005 request for leave.

123. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

124. Admit that on 2 December 2004, Ms. Fallon counseled plaintiff for not getting back to Ms. Fallon regarding discipline for the 6 October incident. Deny the remainder for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

125. Deny as alleged. Plaintiff had not cleared leaving the meeting early prior to actually leaving. Ms. Fallon found the leave slip on her desk, after the meeting. Plaintiff was counseled to adjust her lunch periods so she could attend the staff meetings.

126. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, except admit that on 7 Jan 05, plaintiff was orally notified of Ms. Fallon's proposal to reprimand plaintiff for this incident. The reprimand was issued on 4 Feb 05.

127. Admit plaintiff's leave request was approved on or about 13 Dec 04; Deny the remainder for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

128. Admit that the plaintiff received a Letter of Reprimand for failure to follow proper procedures in filling the child's slot while the 30 day extension request was still being staffed.

129. Deny as alleged. Ms Speroff asked Ms Walker, who was the supervisor because the plaintiff was on leave, about baby formula as one of the caregivers had a question about it.

130. Deny as alleged. The plaintiff called Ms Walker and Ms Speroff into her office and tersely told them that she would take care of buying the food and formula and then curtly showed them to door.

131. Admit.

132. Deny that Ms Fallon was upset. Admit remainder.

133. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

134. Deny as alleged. Ms Fallon asked Ms Speroff to help Ms Correa to collect information requested by the Office of Complaint Investigations. Ms Speroff did not vent frustration. On the contrary, Ms Speroff was merely informing the plaintiff of these duties, when the plaintiff directed her to disregard the request.

135. Ms Speroff did submit written statements about the plaintiff's behavior. Deny the statements were false

136. Admit. The signature on the line approving awards was made in error.

137. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

138. Admit that the Commander and the Civilian Personnel Office met with the plaintiff to explain to her the process used to arrive at her performance evaluation. Admit that the process was thoroughly explained. Deny the remainder for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

139. Ms. Lewis was recognized for her performance by being nominated for a quarterly award in Sep 04.

140. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

141. Admit.

142. Deny.

143. Admit that the plaintiff received a suspension without pay from 31 Aug to 14 Sep 05 for misconduct. Admit that plaintiff was not granted a hearing. Deny the remainder for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

144. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, except note that Ms Speroff was on leave during this timeframe and did not return until on or about 6 Sep 05.

145. Deny.

146. Admit Ms. Fallon contacted plaintiff and asked her to come by to discuss some issues that occurred while plaintiff was gone, including the missed meeting. Ms. Walker had told Ms. Fallon she was unaware of the meeting, that it had not been on the list that plaintiff had given her. Deny the remainder

147. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

148. Admit.

149. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

150. Deny. Ms. Fallon told plaintiff she was not writing up plaintiff based on Ms. Lewis' assertion that she had documentation showing she had informed Ms. Walker of the meetings. Deny all remaining allegations.

151. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

152. Deny as alleged.  Admit Col Lewis informed plaintiff in his letter that, as the EEO process had started, it would be inappropriate for him to interfere.  Deny remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

153. Admit Ms. Fallon had a meeting with plaintiff to go over the mid-year review.  Deny the remainder for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

154. Deny as alleged.  Ms. Fallon did not rewrite the appraisal, she disapproved the award to Ms. Almazan.  Ms. Fallon explained why she was disapproving the award and explained to plaintiff that plaintiff still had to sign as the rater.  Deny remaining allegations.

155. Deny.

156. Admit that the plaintiff was marked down for disrespectful comments in front of subordinates.  Deny remaining allegations.

157. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

158. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

159. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

160. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

161. Deny.

162. This is a legal allegation which does not require an answer.

Anything not specifically admitted is denied.

## CLAIM I

163. This is a incorporating allegation and the Secretary incorporates his answers as stated above.

164. Deny.

## CLAIM II

165. This is a incorporating allegation and the Secretary incorporates his answers as stated above.

166. Deny.

## CLAIM III

167. This is a incorporating allegation and the Secretary incorporates his answers as stated above.

168. Deny.

## CLAIM IV

169. This is a incorporating allegation and the Secretary incorporates his answers as stated above.

170. Deny.

## CLAIM V

171. This is a incorporating allegation and the Secretary incorporates his answers as stated above.
172. Deny.

## CLAIM VI (42 U.S.C. § 1981)

173. This claim has been dismissed.

174. This claim has been dismissed.

## CLAIM VII (IIED)

175. This is a tort claim and not alleged against the Secretary.

176. This is a tort claim and not alleged against the Secretary.

## CLAIM VIII (NIED)

177. This is a tort claim and not alleged against the Secretary.

178. This is a tort claim and not alleged against the Secretary.

## CLAIM IX (Defamation)

179. This is a tort claim and not alleged against the Secretary.

180. This is a tort claim and not alleged against the Secretary.

## CLAIM X (Negligent Supervision)

181. This is a tort claim and not alleged against the Secretary.

182. This is a tort claim and not alleged against the Secretary.

## CLAIM XI

183. This is a incorporating allegation and the Secretary incorporates its answers as stated above.

184. This is a legal claim and it should be denied.

## DEMAND FOR TRIAL BY JURY

The Secretary agrees that Ms. Lewis has a right to a trial by jury on all Title VII claims.

**WHEREFORE**, Defendant Secretary Wynn prays that the Court dismiss Plaintiff's Complaint with prejudice, and enter judgment in his favor together with the costs of this action.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff may have failed to exhaust her administrative remedies for all allegations.

3. Defendant's actions were based upon legitimate, non-discriminatory, business reasons.

4. Defendant has exercised reasonable care to prevent and correct harassment/discrimination in the work place.

5. The Defendant did not take an action based on Ms. Lewis' race.

6. The conduct of Defendant was not sufficiently severe and pervasive to create a hostile work environment.

7. No employee retaliated against Ms. Lewis because she participated in EEO activity.

WHEREFORE, Defendant requests the Complaint be dismissed against the Defendant and for such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this ___ day of November, 2006.

NELSON P. COHEN
United States Attorney

s/ Susan J. Lindquist
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

I hereby certify that on November 27, 2006,
a copy of the foregoing Wynn's Answer to Second
Amended Complaint was served electronically
on Nicholas J. Kittleson.

s/ Susan J. Lindquist