Nicholas J. Kittleson
9058 Dewberry Street
Anchorage, Alaska 99502
(907) 345-0830 phone
(907) 243-0125 fax
Attorney for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANET D. LEWIS,<br><br>　　　　Plaintiff,<br>　vs.<br><br>MICHAEL W. WYNNE, Acting Secretary of the United States Air Force; and the UNITED STATES OF AMERICA<br><br>　　　　Defendants. | Case No.: 3:06-cv-53 |

### MOTION TO AMEND COMPLAINT AND LIFT PENDING STAY

　　Pursuant to Federal Rule of Civil Procedure 15(a) the plaintiff hereby requests to amend her complaint to include her tort claims, additional allegations of discrimination and retaliation as well as wrongful termination.

　　This Court, on or about November 8, 2006, denied without prejudice defendant's Motion to Dismiss with respect to the tort claims. (Docket 55, page 10). Defendants certified the actions of its employees under the Westfall Act, 28 U.S.C. § 2679, triggering dismissal without prejudice of the plaintiff's tort claims. (Docket 66).

　　The plaintiff presented her tort claims to the defendants pursuant to the Federal Tort Claims Act. The defendants denied her claims on or about December 11, 2007. See attached denial letter.

　　The plaintiff also exhausted her administrative remedies on the ongoing

discrimination and retaliation claims, as well as her wrongful termination through the agency's EEO procedures and the Merit Systems Protection Board.  The Merit Systems Protection Board's decision denying the plaintiff's claims became final on April 17, 2008.  See attached Initial Decision by Judge Kang, page 21.

This Court issued a stay of proceedings in the present case on September 28, 2007. (Docket 72).  The plaintiff was ordered to file her amended complaint following the decision by the Merit Systems Protection Board.  (Docket 72).  The plaintiff presents her Third Amended Complaint in compliance with this Court's Order on Motion for Stay. (Docket 72).  The plaintiff respectfully requests that this Court grant her motion to amend the complaint and lift the stay on the case so that the parties may proceed.

Respectfully submitted this 15th day of May, 2008.

/s/ Nicholas Kittleson
Nicholas Kittleson, Esq.
ABA # 9711090
Counsel for the plaintiff
9058 Dewberry Street
Anchorage, Alaska  99502
(907) 345-0830 phone
(907) 243-0125 fax
nicholas@gci.net email

I certify that on the 15th day of May, 2008,
a copy of the foregoing "Motion to Amend
Complaint and Lift Pending Stay"
 was delivered electronically to:
Susan J. Lindquist, Esq.
susan.lindquist@usdoj.gov

/s/ Nicholas J. Kittleson



**DEPARTMENT OF THE AIR FORCE**
HEADQUARTERS AIR FORCE LEGAL OPERATIONS AGENCY

HQ AFLOA/JACC
1501 Wilson Blvd, Ste 835
Arlington, VA 22209-2403

1 1 DEC 2007

Nicolas J. Kittleson
9058 Dewberry Street
Anchorage, Alaska 99502

    Re:  Your client, Janet D. Lewis, Air Force Claim No.: Elmendorf AFB 07-149

Dear Mr. Kittleson,

    I have reviewed your client's claim for personal injury under the Federal Tort Claims Act (FTCA, 28 U.S.C. §1346(b), 2671-2680).  After careful review, I must deny your client's claim.

    Your claim did not clearly allege a tortuous cause of action; however, after reviewing the lawsuit previously filed in the U.S. District Court for Alaska, it appears that you are alleging negligent and intentional infliction of emotional distress, as well as defamation.  Regardless of how your client's claim is framed, the Ninth Circuit has expressly determined that federal employees may not bring tort actions arising from employment disputes.  Saul v. U.S., 928 F.2d 829, 841-42 (9th Cir. 1991) ("Congress did not intend that state tort law operate within the interstices of the [Civil Service Reform Act]").  See also Rivera v. U.S., 924 F.2d 948, 951 (9th Cir. 1991) (holding that the FTCA cannot be used to supplant the Civil Service Reform Act system of administrative remedies).

    In addition, your allegation of defamation is specifically excluded as a cause of action under the FTCA.  28 U.S.C. §2680(h).

    This is the final denial of your client's claim.  If she is dissatisfied with this decision, she may now file suit in an appropriate United States District Court not later than six months after the date of mailing of this letter.

                                                      Truly yours,

                                                      BRADFORD S. HUNT, Major, USAF
                                                      Chief, General Torts Branch
                                                      Claims and Tort Litigation Division
                                                      Air Force Legal Operations Agency

testified that he had been the deciding official in only one other case involving AWOL, and that in both cases, he sustained the proposed penalty of removal. HCD. Lt. Col. Borgert testified that after considering the *Douglas* factors and the appellant's responses, he concluded that no lesser penalty was appropriate. HCD.

Preponderant evidence therefore shows, and I find, that the deciding official considered the relevant factors, and exercised his discretion within tolerable limits of reasonableness. *Douglas*, 5 M.S.P.R. at 306. Under the circumstances, I cannot find that the agency's choice of penalty was so excessive as to be an abuse of discretion, or that it exceeds the maximum reasonable penalty. *See, e.g., Maddux v. Department of the Air Force,* 68 M.S.P.R. 644, 645-46 (1995) (removal reasonable for approximately 2 weeks of AWOL, notwithstanding the employee's almost 20 years of federal service and personal problems), *review dismissed,* 91 F.3d 170 (Fed. Cir. 1996) (Table); *Ely v. U.S. Postal Service,* 56 M.S.P.R. 103, 106 (1992) (removal reasonable for AWOL from July 29, to August 16, 1991); *Randle v. Department of the Navy,* 50 M.S.P.R. 574, 577, 582 (1991) (removal reasonable for 19 days of AWOL, notwithstanding the employee's satisfactory work record and 5 years of service). Accordingly, I affirm the agency's action.

## DECISION

The agency's action is AFFIRMED.


FOR THE BOARD:            _____
                          Franklin M. Kang
                          Administrative Judge


## NOTICE TO APPELLANT

This initial decision will become final on **April 17, 2008**, unless a petition for review is filed by that date or the Board reopens the case on its own motion.