

# FAX TRANSMISSION

## UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUILDING U.S. COURTHOUSE, 222 W 7th AVE., RM. C-253
ANCHORAGE, ALASKA 99513-7587
Tel: (907) 271-3378 [DIRECT]
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

**To:**     Nicholas Kittleson        **Date:**     July 21, 2008

243-0125

**Pages:**    8 (including cover sheet)

**From:**    Susan Lindquist
Assistant U.S. Attorney

**Subject:**

**COMMENTS:**

## NOTICE TO RECIPIENT

The information contained in this facsimile is intended only for the individual or organization named above and may contain confidential or privileged information. If you are not the intended recipient, any dissemination or reproduction of this communication is prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of all documents transmitted.

Nicholas J. Kittleson
(Name)

Kittleson Law Office
(Law Firm)

9058 Dewberry Street
(Street Address)

Anchorage, Alaska 99502-5539
(City, State, Zip)

Telephone: (907) 345-0830
Facsimile: (907) 243-0125
e-mail:    nicholas@gci.net

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Janet D. Lewis | No. 3:06-cv-53-JWS |
| Plaintiff(s), | SCHEDULING and PLANNING CONFERENCE REPORT |
| vs | |
| Michael L. Wynne, et. al. | |
| Defendant(s). | |

1.    **Meeting.** In accordance with FED. R. CIV. P. 26(f), a meeting was held on *via e-mail and fax*

July 15, 2008        and was attended by:

Susan J. Lindquist        attorney for Defendants *Michael Wynne* *

Nicholas J. Kittleson        attorney for ~~Plaintiff~~ *Janet D. Lewis*

_____ ~~attorney for~~ _____

_____ ~~attorney for~~ _____

*\*U.S has not been served it is not yet a party.*

The parties recommend the following:

2.      **Pre-Discovery Disclosures.** The information required by FED. R. CIV. P. 26(a)(1):

[X]  have been exchanged by the parties

[ ]  will be exchanged by the parties by — *Aug 20*

Proposed changes to disclosure requirements:

*p.0 There is new material dealing with trits r MSPB*

Preliminary witness lists

[X]  have been exchanged by the parties *## need to be amended*

[ ]  will be exchanged by the parties by *Aug 20*

3.      **Contested Issues of Fact and Law.** Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

Was Ms. Lewis discriminated against? Was Ms. Lewis retaliated against?

Did upper management of the Child Development Centers discriminate against

Ms. Lewis on the basis of race? Did upper management retaliate against Ms. Lewis on

the basis of her EEO activity? Did Ms. Lewis report discriminatory conduct to

management and management failed to take action? Was Ms. Lewis damaged by

violation of Title VII? Does Title VII provide a remedy for payment of medical bills?

Is Worker's Compensation (FECA) the exclusive remedy for injuries Ms. Lewis

sustained? Does FECA cover medical damage caused by violations of Title VII?

Was Ms. Lewis wrongfully terminated from employment? Did the defendants

intentionally or negligently inflict emotional distress upon Ms. Lewis? Were the

defendants' managers negligent in the management and supervision of their employees?

Was Ms Lewis damaged by the tortious conduct of the defendants' employees? Should the

defendants pay punitive damages? Did the defendants segregate on the basis of race?

*Are ms. Lewis' tort claims barred by the statute of limitations*

*Can federal Does the CSRA bar Lewis' tort claims*

SCHEDULING & PLANNING CONFERENCE REPORT          2

*Has ms. Lewis served the U.S. according to Rule 4.*

4.   **Discovery Plan.** The parties jointly propose to the court the following discovery plan.

A. Discovery will be needed on the following issues:

Liability and damages regarding issues as listed in #3 above.

B. Disclosure or discovery of electronically stored information should be handled as follows:

All documents shall be exchanged on CD-ROM or email (in emails less than 5mb in size) in Adobe Acrobat format

Plaintiff's counsel requests that each attorney shall issue written statements to their clients to preserve documents and preserve the electronic documents in their native format.

Upon review of Adobe Acrobat files, if opposing counsel request, the documents can be inspected in their native format. Defense counsel objects to giving clients written statements.

*I don't recall stating this.*
*I will give management in the USAF a written request but as so much time has passed it's hard to tell if some 2003/4/5 material is already gone.*

SCHEDULING & PLANNING CONFERENCE REPORT                3

C. The parties have agreed to an order regarding claims of privilege or of protection as trial preparation material asserted after production as follows:

Counsel for the parties shall assert claims of privilege or protection if and when necessary per court rules.

B. All discovery commenced in time to be completed by January 1, 2009 ("discovery close date"). *March 2, 2009*

C. Limitations on Discovery.

   1. Interrogatories

     ☐ No change from FED. R. CIV. P. 33(a)

     ☒ Maximum of 30 by each party to any other party.

     Responses due in 30 days.

SCHEDULING & PLANNING CONFERENCE REPORT    4

2.    Requests for Admissions.

☐ No change from FED. R. CIV. P. 36(a).

☐ Maximum of _____ requests.    *50*

Responses due in *30* days.

3.    Depositions.    — *request more time for*

☐ No change from FED. R. CIV. P. 36(a), (d)    *Janet Lewis*

☐ Maximum of _ depositions by each party.    *max of 16 hours.*

☐ Depositions not to exceed _ hours unless agreed to by all parties.

D.    Reports from retained experts.

☐ Not later than 90 days before the close of discovery subject to FED. R. CIV. P. 26(a)(2)(C).    *Defendant wants.*

☐ Reports due:    *dates certain*

From plaintiff *Nov. 20 2008* From defendant *January 1 2009*

E.    Supplementation of disclosures and discovery responses are to be made:

☐ Periodically at 60-day intervals from the entry of scheduling and planning order.

☒ As new information is acquired, but not later than 60 days before the close of discovery.

F.    A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

☒ 45 days prior to the close of discovery.

☐ Not later than *Feb 2, 2009*

5.    **Pretrial Motions.**

☐ No change from D.AK. LR 16.1(c).

The following changes to D.AK. LR 16.1(c). [Check and complete all that apply]

☒ Motions to amend pleadings or add parties to be filed not later than September 28, 2008

☐ Motions under the discovery rules must be filed not later than

☐ Motions in limine and dispositive motions must be filed not later than

*March 18, 2009*

6.    **Other Provisions:**

A.    ☐ The parties do not request a conference with the court before the entry of the scheduling order.

☒ The parties request a scheduling conference with the court on the following issue(s):

The parties do not agree on what shall be done with respect to 4B (electronically stored information), 4C2 and 3 (requests for admissions and depositions) and 4D (reports from retained experts).

*NO request for a conference by Defendant.*

B.    Alternative Dispute Resolution. [D.AK. LR 16.2]

☐ This matter is not considered a candidate for court-annexed alternative dispute resolution.

☒ The parties will file a request for alternative dispute resolution not later than ~~October 1, 2008~~ *December 19, 2008*

☐ Mediation        ☐ Early Neutral Evaluation

C.    The parties    ☐ do ☒ not consent to trial before a magistrate judge.

SCHEDULING & PLANNING CONFERENCE REPORT        6

D.   Compliance with the Disclosure Requirements of FED. R. CIV. P. 7.1

☐ All parties have complied      ☒ Compliance not required by any party

7.   **Trial.**

A.   The matter will be ready for trial:

☒ 45 days after the discovery close date.

☐ not later than

B.   This matter is expected to take   12   days to try.

C.   Jury Demanded  ☒ Yes ☐ No

Right to jury trial disputed?    ☐ Yes    ☒ No

Dated: July 18, 2008

/s/ Susan J. Lindquist
_____
(Signature of Attorney)
Susan J. Lindquist
(Typed Name of Attorney)
U.S. Attorney General's Office
(Law Firm)
Attorney For: Michael L. Wynne, et. al.

/s/ Nicholas Kittleson
_____
(Signature of Attorney)
Nicholas Kittleson
(Typed Name of Attorney)
Kittleson Law Office
(Law Firm)
Attorney For: Janet D. Lewis

_____
(Signature of Attorney)

(Typed Name of Attorney)

(Law Firm)
Attorney For:

_____
(Signature of Attorney)

(Typed Name of Attorney)

(Law Firm)
Attorney For:

SCHEDULING & PLANNING CONFERENCE REPORT      7