Nicholas J. Kittleson
9058 Dewberry Street
Anchorage, Alaska  99502
(907) 345-0830 phone
(907) 243-0125 fax
Attorney for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANET D. LEWIS<br><br>　　　　Plaintiff,<br>　vs.<br><br>MICHAEL W. WYNNE, Acting Secretary of the United States Air Force; and the UNITED STATES OF AMERICA<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 3:06-cv-53<br>) |

## ADDENDUM TO MOTION FOR SCHEDULING CONFERENCE

　　　　Since the defense placed its positions on the proposed report before faxing it back, the plaintiff hereby submits her positions on the disagreements in the planning report:

1.  The United States was substituted as a party.  Order at docket 63.  Susan Lindquist signed on behalf of Nelson Cohen, U.S. attorney on the request.  She has continued to act as attorney for the United States and received a copy of the third amended complaint on May 15, 2008 (docket 74) and again on July 9, 2008 (docket 79).  Further service should not be necessary.

2. The plaintiff does not oppose supplementing the initial disclosures on or before August 20, 2008, although she has already provided to the defense disclosures stemming from the MSPB issues.

3.  No objection to preliminary witness updates on August 20, 2008.

4. No objection to the addition of questions to be tried, except the service issue. That question should be addressed at the scheduling conference. Since the United States was substituted for the individual plaintiffs and Ms. Lindquist remains the attorney for the U.S. attorney general, there should be no reason for re-complying with Civil Rule 4(i).

5. The discovery process should be completed in January. There is no reason why more than five months is not sufficient time (4 rounds of written discovery requests can be exchanged within that amount of time). Given the extensive opportunities for discovery through the EEO process, the FTCA process and the MSPB process, most discovery should be complete by now anyway.

6. Ms. Lewis should not have to go through any more deposition time. She has already submitted to three depositions taken through three separate EEO processes where she was questioned by a different Air Force EEO representative at each. The first was on May 12, 2004 and consists of 93 pages of sworn testimony. The second was on August 22, 2005 and consists of 221 pages of sworn testimony. The third time was on March 21, 2007, and consists of 114 pages of testimony. The time was not kept on any of these depositions but each was likely more than two hours. Ms. Lewis also testified under oath extensively in front of the Merit System Protection Board Judge. The government opted to ask zero questions during that hearing. So it is interesting now that the government feels it needs 16 hours to depose Ms. Lewis.

Ms. Lewis had to take Family Medical Leave from her job because she was suffering from post traumatic stress disorder. She also suffered a heart attack when she found out the Air Force fired her over it. A 16 hour proposed deposition is inhumane, outrageous and clearly unnecessary. Ms. Lewis is willing to sit through another hour or two of questioning if Ms. Lindquist needs some clarification of the issues. But a request for 16 hours of additional deposition after having already been deposed three times goes far beyond the bounds of a reasonable request.

7. The expert reports should be due for both parties on the same day. The plaintiff has the burden of proof. The defendant should not be given the advantage of having the

opportunity to review the plaintiff's expert reports, and then shop for their own experts who are willing to negate those reports. Each party should hire experts to discuss the merits of the case. Allowing a party to have an advantage over the other by allowing review and then hiring of experts does not provide a level field for the parties. Both sides should provide expert reports in early November so that both sides have time to depose the other side's expert witnesses.

8. The final witness list should come 45 days before the end of discovery to allow time to depose the witnesses.

9. Dispositive motions should be filed in late January or early February.

10. A settlement conference should be held sooner rather than later. The defendants are in a worse financial situation than any defendants this plaintiff's counsel is likely to ever encounter. Still our taxpayer dollars are spent with no oversight on hours of attorney time defending the case when it may be possible to settle the case. Already the proposed October 1, 2008 deadline provides plenty of opportunity for discovery beforehand so the parties can be ready to talk intelligently about settlement. With a 12 to 15 day trial contemplated the parties should be into settlement talks sooner rather than later.

Respectfully submitted this 23rd day of July, 2008.

/s/ Nicholas Kittleson
Nicholas Kittleson, Esq.
ABA # 9711090
Counsel for the plaintiff
9058 Dewberry Street
Anchorage, Alaska  99502
(907) 345-0830 phone
(907) 243-0125 fax
nicholas@gci.net email

I certify that on the 23rd day of July, 2008,
a copy of the foregoing "Addendum to Motion for
Scheduling Conference"

was delivered electronically to:
Susan J. Lindquist, Esq.
susan.lindquist@usdoj.gov

/s/ Nicholas J. Kittleson