NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

Attorney for Defendants


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| JANET D. LEWIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 3:06-cv-53-JWS |
| | ) | |
| MICHAEL W. WYNNE, | ) | WYNNE'S ANSWER TO THE THIRD |
| Secretary of the United | ) | AMENDED COMPLAINT |
| States Air Force; | ) | |
| the UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

The Defendant, MICHAEL W. WYNNE, in his official capacity as Secretary of the

United States Air Force, through counsel, using the same numbering of paragraphs and

sentences in Plaintiff's Third Amended Complaint, admits, denies and alleges as follows:

JURISDICTION

1. This is a statement of law to which no answer is required.

2. This is a statement of law to which no answer is required.

3. This is a statement of law to which no answer is required.

VENUE

4. This is a statement of law to which no answer is required.

FACTS COMMON TO ALL CLAIMS

5. Admit that she was an employee. But is now no longer an employee..

6. Admit that the Hon. Michael W. Wynne was the Secretary of the United States Air Force at the time Plaintiff's Third Amended Complaint was filed; deny he is currently the Secretary of the United States Air Force.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit, except deny that Ms. Harrison is the supervisor of employee relations. She is a Human Resources specialist in Employee Relations.

Lewis v. Wynne, et.al.
3:06-cv-53-JWS                    2

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit that the Sitka CDC was built.  Deny that the center was intended to accommodate the Katmai CDC children.

24. Deny.

25. Deny.

26. Admit.

27. Deny that  Tomlinson indicated he wanted to "keep the teams together."  Admit the remainder.

28. Admit there was a staff meeting.  Deny the remainder.

29. Deny the first sentence because the Katmai director has always been a GS-11.  Lack information to answer next two sentences and therefore deny.

30. Admit.

31. Admit Lewis assumed the role of Sitka Director inasmuch as she was the director of

the Katmai CDC, and the children and assets of the Katmai CDC were temporarily moved to the Sitka CDC while the Katmai CDC was renovated.

32.  Admit, except that the staff of the Katmai CDC was moved to the Sitka CDC with Plaintiff.  Deny that Lewis opened the center on her own as Walker and Correa were instrumental in obtaining and operating the software to open the center.

33.  Admit.

34.  Admit.

35.  Deny.

36.  Deny.

37.  Admit.

38.  Admit there was a meeting with Lewis, Fallon and  Harrison.  Deny all remaining allegations for lack of information to form a belief as to the truth of the allegations.

39.  Deny.

40.  Admit that the tour occurred, but deny that  Lewis did not conduct it.  She conducted it after she arrived at the center.  Deny all remaining allegations.

41.  Admit.

42.  Deny.

43.  Deny.

44.  Admit.

45.  Deny that interviews were normally conducted by three people. Admit the remaining

allegations..

46.  Deny.

47.  Admit that Fallon took some notes.  Admit Bartz did not take notes and made brief

check marks.  Deny the remaining allegations for lack of information to form a belief

about the truth of the allegation.

48.  Deny.  Moreover, Judy Jacoby is Native American.

49.  Admit Correa is Caucasian.  Correa went through a rare bird panel at AFPC in San

Antonio, Tx.  It approved Correa and gave her a rare bird certificate stating that she is

qualified for the position.  Deny remaining allegations.

50.  Admit.

51.  Admit the first two sentences.  Deny the third sentence for lack of information.  Deny

Lewis' characterization of Bartz' demeanor and tone.  Admit Bartz stated that he had

cleared all through personnel and that he did not discuss other employees with employees.

Deny the remaining allegations for lack of information to form a belief about the truth of

the allegation.

52.  Admit Lewis contacted Jeanne Johnson to ask for a matrix and that the personnel

department did not have it.  Deny all remaining allegations for lack of information to

form a belief about the truth of the allegation.

53.  Admit that Lewis asked about the selection, but Bartz denies that she asked again about the matrix.  Deny the remaining allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegation.

54.  Deny.

55.  Admit.

56.  Admit that Plaintiff received an appraisal.  Deny all remaining allegations.

57.  Admit that somehow Fallon asked Lewis to assist Barkley in taking over the Sitka Center, but lack information about a task list and therefore deny.

58.  Admit.

59.  Deny.

60.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

61.  Admit that Plaintiff received counseling as documented on her AF Form 971.

62.  Admit.

63.  Deny.

64.  Admit there was a survey.  Deny the remaining allegations.  Moreover Walker could not stay at Sitka because there were no GS-7 positions at Sitka.

65.  Admit.

66.  Admit that Correa and Rogers are training specialists, but they have no expertise in playground equipment.  Deny the remaining allegations.

67. Admit first two sentences.  Admit Lewis e-mailed Fallon regarding her inability to take on the project.   Admit the Katmai reopening had been postponed.  Admit Fallon informed Lewis that she and Barkley could coordinate time for Walker and Adams to assist Lewis.  Admit that on August 11, 2003, Plaintiff was released by her doctor to return to work full time.  Deny all remaining allegations.

68. Admit.

69. Admit.

70. Admit Plaintiff was paid a salary and received no additional compensation for overtime.  Deny the remainder for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

71. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

72. Admit that on or about August 13, 2003, Dianne Harrison responded to an email forwarded from Fallon containing copies of email correspondence regarding the playground safety training issue.  Admit  Harrison wrote, "Once you've explained all of these things to her, if she is still reluctant or refuses, then give her a direct order."  Admit Harrison also wrote, "I believe that the only way you are going to get Janet to do anything from here on out is by giving her a direct order.  Then if she doesn't do it you can take the appropriate action.  Of course be prepared for the fallout of her claiming reprisal for filing an EEO complaint.  The bottom line is that just because she filed an EEO complaint it

doesn't preclude her from having to do her job."  Admit the final sentence of the paragraph.  Deny all remaining allegations within the paragraph.

73.  Admit.

74.  Admit that Batz questioned Lewis about her travel plans to go to Japan and disagreed with them and that he agreed with Barkley and Long's travel plans.  Deny Bartz harassed Lewis.  Deny the remaining allegations for lack of information to form a belief about the truth of the allegation.

75.  Deny.

76.  Deny for lack of knowledge or information to form a belief about the truth of the allegation.

77.  Admit.

78.  Admit that Lewis met with  Kobussen; deny the remainder.

79.  Admit that  Fallon returned a number of work orders to Lewis for correction. Plaintiff mentioned attaching photos and Fallon agreed that photos would be fine.  Deny all remaining allegations.

80.  Admit that Bartz changed how he expected the 332s to be done and that he did not issue a policy or believe one was needed.  Deny the remaining allegations.

81.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

82.  Admit Lewis asked Veazy about the 322's and that Fallon returned 322's to Lewis.

Deny the remainder for lack of knowledge or information to form a belief about the truth of the allegation.

83. Deny.

84. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

85. Admit.

86. Admit there was a meeting at the main office and that Fallon stated that Lewis should hold off on some 322s because the Katmai renovations may deal with the issues. Deny remaining allegations for lack of information sufficient to form a belief as to the truth of the matters asserted. .

87. Admit that Kobussen had some meetings with Lewis, Bartz and Fallon. Admit Lewis complained about her work load. Deny all remaining allegations.

88. Deny.

89. Deny.

90. Admit that Lewis submitted a sick leave request which was initially denied. Deny all remaining allegations.

91. Admit.

92. Admit that Fallon requested a new leave slip from Lewis to reflect the actual times Lewis would be on leave; deny the remaining allegations.

93. Deny for lack of knowledge or information sufficient to form a belief as to the truth

of the matters asserted.

94.  Admit Barkley took sick leave.  She telephoned her supervisor regarding her sickness and she did the paperwork the next day.  Deny the remainder for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

95.  Admit there was a meeting, but cannot admit to the date for lack of information. Deny remaining allegations, except admit Lewis, Walker and Adams were displaced because Katmai was being renovated.

96.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

97.  Admit Fallon spoke with Walker and Adams.  Deny Fallon said Hey you, but admit that she said good morning to you.  Deny Fallon slammed the door.

98.  Admit Lewis called Correa to schedule a room, but deny that it was for staff training, as it was for activity planing.  Admit Lewis emailed Correa.

99.  Admit.

100.  Admit.

101.  Admit that other people were using the room as they had started using it earlier and were almost finished with their meeting.  Admit that Almazon and Jones had already shown up and were fine with going to another room.  Deny Lewis spoke politely.  Admit Barkley and Lewis left to discuss the issue but deny that there were others i the lobby when they got there.  Amit that Barkley said fine, but deny the remaining allegations.

102.  Admit the first two sentences.  Admit Barkley addressed cleanliness issues with Fallon; deny the remaining allegations.

103.  Admit.

104.  Admit that Fallon counseled Lewis for explosive and unprofessional behavior. Admit the content of the statements.  Admit that it is appropriate for Lewis to bring cleanliness of classrooms to management's attention.  Admit that the write-up remained. Deny any remaining allegations within the paragraph.

105.  Admit that Dr. Trombley appears to have completed a WH-380, Family Medical Leave Act form, entitled "Certification of Health Care Provider" with a signature block date of March 5, 2004, and an annotation as "updated" on March 23, 2004; the form also has multiple entries with initials and the date March, 31, 2004.  The handwriting on the form indicates that Lewis had job related stress.  One handwritten entry on the form says, "I would recommend, for health reasons, that  Lewis be placed on medical leave for 2 wks or until the situation is resolved . . ."  Admit the final sentence of the paragraph. Deny any remaining allegations within the paragraph.

106.  Correa and Barkley deny that a meeting took place.  Bartz admits that either individually or at a meeting the women complained to him about Lewis not being disciplined for harassing them.  Admit that a woman may have disagreed with Bartz recognizing Lewis for doing a task well at a staff meeting.  Deny remaining for lack of

knowledge or information sufficient to form a belief as to the truth of the matters asserted.

107.  Admit.

108.  Admit that the work orders had sticky notes on them.  One note on one work order indicated "hold off" for replacing indoor window frames.  Lewis was not admonished for this work order.  Admit Lewis was admonished for failure to follow established procedures for the rest of the work orders which had stick notes indicating what was lacking.  Deny all remaining allegations within the paragraph.

109.  Admit.

110.  Admit that Lt. Col. Dzubilo met with Lewis and thanked her for coming alone.  Admit that Kobussen attended the meeting.  Deny that Dzubilo badgered or threatened Lewis.  Deny that it was a disciplinary meeting.  Deny the remaining allegations.

111.  Admit that Lewis was counseled for inappropriately discussing her plans for hiring and relocating employees with subordinates.  Deny all remaining allegations.

112.  Deny as alleged:  The mold problem was discovered in early 2003 and in July 2003, an assessment was made which indicated complete remediation of mold was possible and that the HVAC (Heating, Ventilation, and Air Conditioning) system in the building was new; a medical review was accomplished and concluded that children and staff at Katmai were under no greater risk than anyone at any of the other centers; an assessment in September 2004 concluded that the building was relatively clean, although it did have

new mold growth.  Deny the remaining allegations for lack of knowledge or information

sufficient to form a belief as to the truth of the matters asserted.

113.  Admit to the rating; deny the remaining allegations for lack of knowledge or

information sufficient to form a belief as to the truth of the matters asserted.

114.  Deny.

115.  Deny.

116.  Deny as alleged.  As a new facility, the Sitka CDC was allocated a certain amount

of money for supplies and for one time decorating the building.  The money allocated for

Sitka had to be spent on Sitka and deny that the purchases were frivolous or outrageously

expensive.  The Katmai CDC was closed due to renovation, therefore funding could not

be established for the facility.   Lewis was not reprimanded for purchasing flame retardant

curtains, but for ineffective use of resources.   Fallon advised Lewis that spending more

than half of her quarterly budget on the curtains was not fiscally prudent.   Fallon

suggested purchasing something less expensive so that other needs of the facility could be

met.  Lewis was resistant to all of  Fallon's suggestions, although she did purchase less

expensive curtains for the center.  The flame retardant curtains were finally purchased in

2005.

117.  Admit that management made the decision to keep school age children together at

one facility and that Katmai would handle infants and toddlers.  Admit that Lewis made

suggestions.  Admit Bartz asked Lewis about her fiscal managment and not meeting

Lewis v. Wynne, et.al.
3:06-cv-53-JWS                           13

goals.  Deny the remaining allegations.

118.  Admit the second, third, fourth, and fifth sentences of the paragraph.  Deny the first, sixth, and seventh sentences of the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  Deny the eighth sentence of the paragraph.

119.  Admit.

120.  Admit the second sentence of the paragraph.  Deny the remainder of the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

121.  Admit that on or about October 13, 2004,  Fallon and Lewis discussed the event where the child had left the Katmai Center.  Admit  Fallon gave Lewis the Douglas Factors sheet (guidelines for determining discipline).  Deny that  Fallon instructed Lewis to discipline the caregivers based on the Douglas Factors without further discussion. Deny all remaining allegations within the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

122.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

123.  Admit Fallon met with the Lewis to discuss her lack of disciplinary action with respect to the 6 Oct 2004 incident.  Deny the remaining allegations.

124.  Deny.

Lewis v. Wynne, et.al.
3:06-cv-53-JWS                    14

125.  Deny as alleged.   Fallon had asked Lewis to provide information on who would be covering her program.  This was a critical timeframe as a new classroom was being opened.   Fallon needed information on the status of the program.  In addition,  Fallon was not available to cover, so someone had to be found who could cover Katmai in Lewis's absence.

126.  Admit Lewis e-mailed Lt. Col. Aupperle regarding Lewis's January 2005 leave request.  Deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

127.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

128.  Admit that on December 2, 2004,  Fallon counseled Lewis for not getting back to Fallon regarding discipline for the October 6 incident.  Deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

129.  Deny as alleged.  Lewis had not cleared leaving the meeting early prior to actually leaving.   Fallon found the leave slip on her desk after the meeting.  Lewis was counseled to adjust her lunch periods so she could attend the staff meetings.

130.  Lack information about Lewis' meeting with Schroder.  Admit that on January 7, 2005, Lewis was orally notified of  Fallon's proposal to reprimand Lewis for the "Patterson issue"; the reprimand was issued on February 4, 2005.  Deny the remaining

Lewis v. Wynne, et.al.

allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

131.  Admit that on or about January 10, 2005, Lewis asked  Fallon for a copy of certain policies.  Deny that Lewis had been accused of violating "policies" *per se*.

132.  Admit.

133.  Admit that on or about December 13, 2004,  Lewis' leave request was approved. Deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

134.  Admit that on or about February 4, 2005, Lewis was issued a written reprimand for the "Patterson issue" that happened in October of 2004 and that the disciplinary action was noted in Lewis's 971 employment file.  Deny the remainder of the paragraph.

135.  Admit to the substance of the allegations, but deny the actual words stated by Lewis..

136.  Admit that Lewis called  Walker and  Speroff into Lewis's office and told them Lewis would take care of buying food and formula.  Deny the remainder of the paragraph for lack of information.

137.  Admit.

138.  Deny that  Fallon was upset, admit the allegations in the remainder of the paragraph.

139.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

140.  Admit  Fallon asked  Speroff to gather information about when the employees had been trained about EEO.  Admit Correa, Speroff's lead, asked her to assist her in gathering the information.  Deny the remaining allegations in the paragraph.

141.  Admit Speroff submitted written statements to Fallon regarding Lewis.  Deny these statements were false and deny the remaining allegations in the paragraph.

142.  Admit the first, second, third and sixth sentences of the paragraph.  Deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

143. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

144.  Admit that the Commander and the Civilian Personnel Office met with the Lewis to explain to her the process used to arrive at her performance evaluation. Admit that the process was thoroughly explained. Deny any remaining allegations within the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

145.  Deny that Lewis's 2005 evaluation failed to account for her positive contributions or successful performance areas.

146.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

147.  Admit.

148.  Deny.

149.  Admit the second and third sentences of the paragraph.  Admit Lewis was not granted a hearing.  Deny the remainder of the allegations in the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

150.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

151.  Deny.

152.  Admit  Fallon contacted Lewis and asked her to come by to discuss some issues that occurred while Lewis was gone, including the missed meeting.  Admit  Walker had told Fallon she was unaware of the meeting, that it had not been on the list that Lewis had given her.  Deny the allegations in the remainder of the paragraph.

153.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

154.  Admit.

155.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

156.  Admit Lewis went to Kobussen and that he contacted her later.  Admit that the rules about the marketing meeting mandatory attendance had changed.  Deny the remaining

alleagatsions for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

157. Admit.

158. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

159. Admit that on or about August 22, 2005, Fallon gave sworn testimony to the Department of Defense Office of Complaint Investigation (OCI) Investigator Barbara Eves. Admit the second sentence. Deny any remaining allegations within the paragraph.

160. Admit Lewis received a letter from Col. Lewis dated September 19, 2005. Admit the third sentence of the paragraph as the policy of Col. Snodgrass. Deny the allegations within the fourth sentence of the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Deny all remaining allegations within the paragraph.

161. Admit Jones is Caucasian. Deny that the meetings are mandatory. Deny that she was "in a cloud," as she was in a walk through with the temporary commander. Admit no discipline occurred.

162. Admit the first sentence of the paragraph. Admit Fallon stated that she got information, about the incident regarding Sperhoff (¶ 140) from another person who was Correa. Deny the allegations in the remainder of the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

163.  Admit that Lewis was marked down, in part for her refusal to sign Almazan's revised performance appraisal.  Deny all remaining allegations.  Deny the allegations in the last sentence about where and how the Lewis sought guidance for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

164.  Deny.

165.  Admit the first sentence of the paragraph.  Deny the remaining allegations in the paragraph.

166.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

167.  Admit that the toilet for adults at Katmai was not working for a period.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

168.  Admit.

169.  Admit Correa emailed Lewis back.  Deny the characterization of the content, but admit that Lewis did not want Sperhoff to leave her facility and go and assist Correa.

170.  Admit the first sentence.  Deny the second sentence.

171.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

172.  Admit the first and second sentences of the paragraph.  Deny the allegations remaining in the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

173.  Admit  DeShasier asked Lewis about the $600 charge.  Deny Lewis description of her tone.  Admit that  Veazy reminded DeShasier that it was a purchase to repair the copier.  DeShasier cannot remember whether Veazy had told her about the copier charges earlier in the day.  Admit that after Veazy's reminder, Lewis explained the purchase. Admit that  DeShasier did not apologize, but admit there was no reason to apologize.

174.  Deny that the meeting was on January 18 as it was on the 17th.  Deny that the meeting was mandatory.  Admit that a small number of employees came as there was a UCI meeting with the commander before the marketing meeting.  Admit no discipline occurred.

175.  Admit that on February 9, 2006, Lewis requested official time to be used to work on the EEO case on February 10, 2006 and for annual leave on February 14, 2006 for the EEO case.  Deny any allegations remaining in the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

176.  Admit that on or about February 9, 2006,  Fallon denied Lewis's request for official time to be used to work on the EEO case on February 10, 2006 and for annual leave on February 14, 2006 for the EEO case; then, on February 10, 2006,  Fallon denied Lewis's request for reconsideration.  Admit that  Fallon and  Lewis exchanged emails discussing

the reason for the denial. Admit Fallon stated that PACAF and/or UCI inspectors might

inspect or reinspect Katmai at any time during the week in question. Admit that Lewis

explained that she believed her requests would not conflict with the inspections. Deny

any allegations remaining in the paragraph for lack of knowledge or information

sufficient to form a belief as to the truth of the matters asserted.

177. Deny for lack of knowledge or information sufficient to form a belief as to the truth

of the matters asserted.

178. Deny for lack of knowledge or information sufficient to form a belief as to the truth

of the matters asserted.

179. Deny for lack of knowledge or information sufficient to form a belief as to the truth

of the matters asserted.

180. Admit that on or about March 7, 2006, the 3rd Mission Support Squadron Civilian

Personnel Flight issued a memorandum stating, "Wing and Group-level commanders

have designated Quality Review Officials (QROs) to manage the appraisal rating

process." Admit that the role of the QRO was to ensure that forms were accomplished,

signed and dated; deny that any further review was required. Admit that the

memorandum also required supervisors to review/recertify Performance Plans (AF Form

860) or Core Personnel Documents (AF Form 1003) for the rating period, 1 April 2006

through 31 March 2007, then discuss the document with the employee and obtain their

signature on the form. The memorandum states that the supervisor-employee discussion

should be accomplished within 30 calendar days of the beginning of the new period or in the same meeting in which appraisal rating is discussed with the employee.  Deny that Fallon violated this policy.

181.  Admit that the two caregivers had my space accounts and they discussed a child on their my space page.  Admit that Lewis took the printouts to Fallon.  Lack information about whether Lewis took the printout to Marks, and therefore deny.  Deny that no disciplinary actions were taken.  The two caregivers received a 171 entry in their personnel folders

182.  Admit that Shena Jones was not at a marketing meeting on March 15, 2006, because the meeting was on March 20th.  Admit that there was no discipline.

183.  Admit that on or about March 16, 2006, Fallon reported that an employee was complaining about the restroom in Katmai and was going to file a grievance, deny the allegations remaining within the first sentence of the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  Deny the remainder of the paragraph.

184.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.`

185.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

186.  Admit that Fallon and Lewis exchanged emails on March 28 and 29, 2006 relating to Lewis taking leave in April 2006.  Admit the second sentence of the paragraph.  Deny the remainder of the allegations within the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

187.  Admit.

188.  Admit.

189.  Admit that Buchanon has not been disciplined.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

190.  Admit the first sentence of the paragraph.  Deny that the characterization of the rating as "extremely low."  Deny allegations of the contents of Fallon's statements in question for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  Admit the fourth sentence of the paragraph.  Deny the remaining allegations within the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

191.  Admit that Lewis received a PACAF bear award.  Deny the remaining allegations within the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

192.  Admit that a meeting took place about NAEYC, but deny that the meeting was solely dedicated to the topic of purchasing material for Katmai.  Admit that the meeting discussed orders for toys and materials.  Admit that they asked Lewis abot the NAEYC

training Lewis had just come back from.  Admit Correa denied knowledge of orders

Deny remaining allegations for lack of knowledge or information sufficient to form a

belief as to the truth of the matters asserted.

193.  Deny that the meeting was June 16, 2006.  The meeting was June 21 at 10:30 a.m.

Admit that it was attended by DeShasier,, Lewis Fallon, and Correa.  Admit that

DeShasier told Lewis that she had to be a team player and do her fair share of the work

for the accreditation.  Admit DeShasier told her that she had to stop taking things

personally.  Lack information about whether they discussed it previously and whether this

was a NAEYC meeting, and therefore deny the conversation Lewis states..  Deny that

they changed the subject, but admit that they were discussing NAEYC all along.

194.  Admit.

195.  Admit the first sentence.  Admit Lewis sent Fallon an email on June 30, 2006 about

manpower authorizations.  Deny that Karen Waples was not qualified for her position.

Admit that Lewis asked Fallon why she did not have an assistant director.  Lewis' center,

with only 30-40 children, did not have sufficient children to warrant an assistant director.

Deny sentence number four.  Deny Lewis' actions motivated action but admit that

Walker filed a complaint with CPO Harrison that she was doing all the work as an

assistant director.  Admit Walker had been doing assistant director activities before.  As a

result, the agency informed Walker not to do duties outside of her GS-7 position.  Admit

that Walker could no longer do those activities listed.  Deny that Fallon was ever a

director of Katmai.  Deny the allegations remaining in the paragraph for lack of

knowledge or information sufficient to form a belief as to the truth of the matters

asserted.

196.  Admit the first sentence of the paragraph.  Deny the second sentence of the

paragraph: Fallon explained that for manpower purposes Katmai would be considered an

annex of Denali under the then-current manpower standards.  Deny the allegations within

the third sentence of the paragraph for lack of knowledge or information sufficient to

form a belief as to the truth of the matters asserted.  Admit the email contains this phrase:

"using the Manpower Table for 22 positions, it indicates a flight chief, a director . . . ,"

however, the email also explains that the then-current manpower standards are not the

same as the then-current manpower authorizations:  "It appears that the current manpower

authorizations we have were developed when Katmai was full and the POPS program was

located in the building by the flight line, which gave us more authorizations. We are

fortunate that we have maintained the number of positions on the books."  Admit there

were two directors,  Baker-Waters and Lewis.  Deny that there were any violations or

discrimination.  The remainder of the paragraph consists of argument to which no

response is required, but so far as an answer may be deemed required, the remainder of

the paragraph is denied.

197.  Admit that on or about June 30, 2006, Lewis responded to the email response she

received from Fallon.  Admit Lewis questioned Fallon about the person hired for the

trainer position who the Lewis characterized as not qualified and that Lewis had staff members who she considered qualified.   Deny the allegations remaining within the paragraph.

198.  Admit that on or about July 5, 2006,  DeShasier responded to Lewis's inquiry to Fallon dated June 30, 3006.  Admit  DeShasier discouraged Lewis from pursuing the issue of additional employees for Katmai.  Deny the allegations remaining within the paragraph.

199.  Admit.

200.  Admit the first sentence of the paragraph.  Deny the allegations remaining within the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

201.  Admit the first sentence of the paragraph.  Deny the allegations within the second sentence of the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  Deny the allegations remaining within the paragraph.

202.  Admit the first four sentences.  Deny the fifth sentence as Correa had been given the option to either discipline or counsel Ferguson.  Deny that Correa refused to abide by management's instruction.  Deny Correa was insubordinate.

203.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, but admit that DeShasier and Fallon would not allow Lewis to

Lewis v. Wynne, et.al.

work overtime or receive compensatory time off.  Admit that Lewis was not provided a printer as Data stated that Lewis could go to the next building.

204.  Admit the first sentence.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted in the 2nd sentence.  Admit Correa completed the hiring process first, but Buchanon had turned in an incomplete packet first.  Lack information as to remaining allegations and therefore deny.

205.  Admit the first two sentences.  Deny Correa was upset, but admit she was concerned and wanted to get an answer and Admit she called Fallon.  Admit Fallon explained that Sitka had turned the paper work in first.  Admit that Correa knew that Sitka had not checked references.  Admit Fallon looked into the issue and confirmed that Sitka had not checked references and she assigned the employees to Katmai.  Deny all remaining allegations.

206.  Deny that Correa was not supporting the program.  Deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

207.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

208.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

209.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

210.  Admit.

211.  Admit that on August 28, 2006 Beverley Ritz, a temporary worker from Sitka, was at the front desk and that she was on loan.  Admit that Ginn-Williams may have been in the back, but  DeShasier does not recall that she was at the front counter.  Deny that  Van Buren was at the front desk.  Admit Ritz is Caucasian and Wiliams and Van Buren are Afro-American.  Admit that  DeShasier only introduced  Caitling to Ritz.  Admit that after DeShasier left she came back and gave Ritz M & M's and a Dr. Pepper, per their prior agreement regarding the temporary transfer of Ritz to Katmai.  DeShasier cannot remember what she said, but she may have thanked  Ritz and referred to the M&M's and Dr. Pepper as a bribe to get  Ritz to come to do temporary work.

212.  Admit.

213.  Admit Lewis received a second "Bear Award" in 2006.  Deny the remainder of the paragraph.

214.  Admit that Correa had three weeks vacation on or about September 4, 2006, which was scheduled a year in advance, and that she was the lead trainer and curriculum specialist.  Admit that Correa was a member of the team to get NAYEC accreditation, but she was under Lewis in order of importance.  Admit DeShasier approved Correa's leave, deny that DeShasier knew there was going to be a Headquarter's inspection, as they are

always unannounced.  Deny Julia Butler was the consultant as the person there was

Caitling from PACAF.  Deny the remaining allegations of the paragraph.

215.  Admit the first, third and fifth sentences of the paragraph.  Admit Lewis submitted a

rebuttal.  Deny the second sentence.  Deny that the evaluation was not fair.  Deny the

remaining allegations for lack of knowledge or information sufficient to form a belief as

to the truth of the matters asserted.

216.  Deny for lack of knowledge or information sufficient to form a belief as to the truth

of the matters asserted.

217.  Deny for lack of knowledge or information sufficient to form a belief as to the truth

of the matters asserted.

218.  Admit the first sentence of the paragraph.  Admit Correa had a flex schedule and it

was not cancelled.  Admit DeShasier stated that Correa was not a director.

219.  Admit the first four sentences.  Deny that Borgert said he would get back to her with

no conditions.  He admits he stated that he would get back to her if his explanation about

the cancelling of the flex schedule was wrong.  As it was not wrong, he did not get back

to Lewis.

220.  Admit that a meeting was held without Ms Lewis to discuss lending caregivers to

Katmai.  Admit that the meeting was without Lewis as Lewis was with the consultant,

Julia Butler.  Admit that DeShasier wanted the top person in each age group to go to

Katmai.

221.  Admit, except that the time was not 4:30, but admit that it was late afternoon. Admit sentences one, two three and four.  Deny that Lewis said the words that she did not think it was not a good idea, because Lewis got angry and complained about the meeting to recruit help for Lewis.  Admit on the fifth sentence that Lewis was hiring caregivers, but deny the remainder of the fifth sentence for lack information about whether Lewis was hiring care givers for consistency and harmony. Admit that Lewis had an opinion about management's decision as expressed in the remaining paragraphs.

222.  Deny that they did not want to hear what Lewis said, but they did not agree with Lewis.  Admit Deshasier's conversation in the second and third sentences.  Admit that it was the end of the day during the normal re-cap session.  Admit Lewis wanted to hire new staff, but add that DeShasier was not stopping Lewis' hiring process.

223.  This paragraph consists of argument to which no response is required.  To the extent an answer may be deemed required, the defendant denies any allegations of fact within the paragraph.

224.  Admit the first two sentences.  Deny that she was only given limited information.

225.  Admit.

226.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

227.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

Lewis v. Wynne, et.al.

228.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

229.  Admit.

230.  Admit the first sentence of the paragraph.  Admit Lewis asked  Fallon if  Fallon held similar meetings at the other centers.  Admit that  Fallon replied with words to the effect of "No, we haven't had meetings like this at other centers."  Admit that Lewis verbally accused  Fallon of harassment.  Deny any allegations remaining in the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

231.  Admit the second and fourth sentence of the paragraph.  Deny the remainder for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

232.  Admit Lewis met with Kobussen.  Deny the remainder for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

233.  Admit the first sentence of the paragraph.  Admit Lewis and Fallon spoke to the employees.  Deny allegations remaining within the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

234.  Admit that on or about September 28, 2006, Lewis requested two hours of leave to go to a conference at her child's school.  Admit  DeShasier denied the leave explaining that Lewis refused to ensure coverage in the facility.  Lewis needs to be sure that

Lewis v. Wynne, et.al.
3:06-cv-53-JWS                          32

internally her facility is in ratio.  If another facility needs to supply an employee,

DeShasier is responsible.  Correa is in the same facility as Lewis and they are the same

rank, so Lewis could ask Correa to cover.  Admit that DeShasier is Correa's direct

supervisor.  Deny that only DeShasier could ask Correa to cover for Lewis.  Deny the

allegations remaining in the paragraph for lack of knowledge or information sufficient to

form a belief as to the truth of the matters asserted.

235.  On or about October 1, 2006  Lewis completed the NAEYC Accreditation

Application. She presented it to Fallon for review.

236.  Admit Ritz was allowed to submit her leave slip after she returned as Ritz was in the

hospital and the staff visited her.  Admit that it was approved for 10 days, deny that

approval was based only on a brief note.

237.  Deny for lack of knowledge or information sufficient to form a belief as to the truth

of the matters asserted.

238.  Admit.

239.  Admit.

240.  Admit.  Admit that years previously Guylas had been a problem with Lewis, deny

that he was a problem with other employees Admit that Guylas still was made to work at

Katmai..

241.  Admit.

242.  Deny that Fallon spoke with Correa, other than to say hello.  Admit that on or about 26 Oct 06,  Fallon presented Lewis with the Continuation Form 971 relating to Lewis's behavior on September 27, 2006.  Deny allegations remaining in the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

243.  Admit that Fallon was getting statements form employees.  Deny remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

244.  Admit that Fallon was getting statements from employees.  Deny remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

245.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

246.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

247.  Admit that Lewis went to the team meeting and told them she would not be able to stay because she had to do legal and EEO tasks.  Admit that  Correa and  Dalton both wrote statements about Lewis's behavior on November 1, 2006, and both wrote that Lewis appeared upset that Fallon was having people write letters about Lewis.  Admit Lewis went to the team meeting and told them she would not be able to stay.  Deny the

allegations remaining within the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted

248.  Admit..

249.  Admit the final two sentences of the paragraph.  Admit Norman was crying in the lounge.  Deny the allegations remaining in the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

250.  Admit Lewis left.  Deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

251.  Admit Lewis went TDY to Dobbins for NAEYC training with Correa and Caitlin. Admit Correa brought up the myspace issue.  Deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

252.  Admit that on or about November 13, 2006, Phillips was late for work.  Lack information about whether any conversation took with Lewis.  Admit Miranda Phillips made statements in the break room about going on a killing spree.   Lack information about the remaining allegations and therefore deny.

253.  Admit  oceda and  Norman were transferred to Katmai, but deny that the assignment was permanent.  Deny all other allegations within the first two sentences for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  Deny the allegations within the remainder of the paragraph.

254.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

255.  Admit the first sentence.  Deny the second sentence.

256.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

257.  Admit Lewis and  Fallon discussed transporting  Phillips to the hospital.  Admit Lewis did not want to take Phillips to the hospital.  Admit both Lewis and  Fallon spoke with  Phillips and explained that Phillips needed to go with  Fallon.  Admit that Fallon took Phillips to the emergency room.  Deny the allegations with the remainder of the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

258.  Admit that later that evening Col. Borgert held a pre-scheduled meeting where he called all Family Services employees and all others in the squadron in after work.  The second sentence is a legal allegation that does not require and answer, but admit that the employees did get two hours of compensatory time.  Admit Lewis attended.

259.  Admit that Borgert made comments referring to the whole squadron.  Admit that he stated he wanted the flight to come together and work together and deny that he stated that there were so many problems.  Admit the last two sentences..

260.  Admit that Miranda Phillips was discussed a the meeting.  Admit the second sentence.  Deny the third sentence.  Admit Fallon recommended that Phillips be allowed

Lewis v. Wynne, et.al.

to return to work.  Admit Lewis objected.  Admit DeShasier called it a melt down.  Lack

information about what Lewis said, and therefore deny.  Admit the last sentence.

261.  Admit that  Phillips was allowed to take sick leave.  Admit she was awarded her

annual and sick leave that she had left.

262.  Lack information about what the staff told Lewis and what Lewis told the staff, and

therefore deny.  Admit that Lewis called the security forces.  Lack information about

what occurred during the investigation, and therefore deny.

263.  Admit the first sentence.  Admit the second sentence Admit that employees were

only going to get 30 minutes because it was a scheduled meeting.  Deny that at the time

employees were to be given two hours, but that after investigation by the union,

management agreed to give employees two hours.  Admit DeShasier and Fallon gave that

information at that time.  Deny for lack of knowledge or information sufficient to form a

belief as to the truth of the matters asserted in the last sentence and therefore deny..

264.  Deny for lack of knowledge or information sufficient to form a belief as to the truth

of the matters asserted.

265.  Deny for lack of knowledge or information sufficient to form a belief as to the truth

of the matters asserted.

266.  Deny for lack of knowledge or information sufficient to form a belief as to the truth

of the matters asserted.

267.  Deny for lack of knowledge or information sufficient to form a belief as to the truth

of the matters asserted.

268.  Admit that on or about November 17, 2006, Lewis called in to supervision to request to be off work for 120 days due to stress.  Deny the allegations remaining within the paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

269.  Admit that Barlow wrote a memorandum for record regarding the conversation between Lewis and Barlow.  Deny remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

270.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

271.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

272.  Deny that it was 54 hours, admit that it was 24 hours.  Deny that it was converted to administrative leave.  Phillips quit her job and did not go on administrative leave.

273.  Lack information about the first sentence, and therefore deny.  Admit that Fallon was on leave and DeShasier took the note written on a prescription pad.  Admit that  De Shasier told Lewis that the note was unacceptable and to provide additional documentation.  Admit that Lewis said the doctor has the paperwork, lack information about the date.  DeShasier said she needed the paperwork that day because time cards were due.  Admit Lewis said she'd go by Good Samaritan and try to get the paperwork.

274.  Lack information about first two sentences and therefore deny.  Admit Lewis

provided  De Shasier a memorandum signed by Dr. Hendelman and faxed by Gina

O'Neal  explaining that Lewis was diagnosed with "PostTraumatic Stress Disorder and

Adjustment Disorder Mixed" and was "suffering from work related anxiety and

depression."  Admit that the memorandum stated that Lewis was to be released from work

for 120 days while undergoing treatment.  Deny that Lewis delivered the memorandum.

Admit that DeShasier reviewed the information provided and determined that it was

insufficient to support the appellant's requested 120 day absence and requested additional

medical documentation to support Lewis's request.  Admit that  De Shasier said that the

WH-380 required completed answers.  Admit the last sentence.

275.  Lack information about the first three sentence sand therefore deny.  Admit that a

WH-380 was written on but it was not informative or completed.  Admit Lewis gave it to

DeShasier in person.  Admit that DeShasier stated that it was not a form DeShasier dealt

with because it was a workers compensation form.  Admit the documentation states on the

top of the form stated that it was for Family Medical Leave Act, but deny that DeShasier

noticed that information at the time.  Admit DeShasier told Lewis that she wanted

everything listed as Medical Documentation required by Title 5.  The last clause is a legal

allegations that does not need a response.

276.  Deny that DeShasier threatened Lewis.  Admit DeShasier told Lewis that if she did

not submit documentation with medical information beyond what she had provided to

Lewis v. Wynne, et.al.
3:06-cv-53-JWS                       39

support her FMLA leave request, Lewis's request for leave would be denied, and Lewis

would be in an AWOL status.  Deny Lewis provided all the necessary information.

Admit she provided a WH-380, but deny that it was completed.  Deny that the material

Lewis provided, the prescription pad note and the memorandum, comprised a

certification.

277.  Admit that Lewis turned in leave slips, but deny that they were granted.  Lack

information about the sticky note, and therefore deny.

278.  Admit the allegations in the first sentence of the paragraph.  Admit that in the letter,

Fallon gave Lewis 24 hours to respond with an option for Lewis to request an unspecified

time extension.

279. Admit that on or about November 30, 2006, Lewis turned in leave requests for paid

and unpaid leave.  The remainder of the paragraph consists of argument to which no

answer is required; insomuch as an answer may be deemed required, the remainder of the

paragraph is denied.

280.  Lack information about the first sentence, and therefore deny.  Admit DeShasier

charged Lewis with 24 hours of AWOL.  Deny the third and fourth sentences.

281.  Admit the first sentence.  Lack information about the second, third and fourth

sentences and therefore deny.

282.  Admit.

283.  Admit.

284. Admit.

285. Admit.

286. Admit this paragraph correctly summarizes the contents of Lewis's rebuttal; deny the truth of the explanations contained therein.

287. Admit that DeShasier paid Lewis back temporarily with sick leave until medical documentation was received. Deny DeShasier threatened anything. Admit DeShasier told her it was temporary and would not remain without documentation.

288. Admit.

289. Admit this paragraph correctly summarizes the contents of Lewis's December 13, 2006, email; deny the truth of the explanations contained therein.

290. Admit the first two sentences of the paragraph. The remainder of the paragraph consists of argument to which no answer is required; insomuch as an answer may be deemed required, the remainder of the paragraph is denied.

291. Admit this paragraph correctly summarizes the contents of Lewis's December 19, 2006, email.

292. Admit.

293. Admit.

294. Admit.

295. Deny the allegations within the first sentence for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admit that DeShasier

converted Lewis's sick leave through December 13, 2006, to absent without leave so that Lewis was considered absent without leave since November 22, 2006.

296. Deny the allegations within the first, second and third sentences for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The remainder of the paragraph consists of argument to which no answer is required; insomuch as an answer may be deemed required, the remainder of the paragraph is denied.

297. Deny.

298. On information and belief, admit that Lewis was not asked to provide a second opinion. The remainder of the paragraph consists of argument to which no answer is required; insomuch as an answer may be deemed required, the remainder of the paragraph is denied.

299. Admit.

300. Admit.

301. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

302. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

303. Admit.

304. Admit the allegations within the first sentence. Admit DeShasier based her proposal

on Lewis's absence without leave as a result of Lewis's failure to provide appropriate

medical documentation to support extended sick leave.

305.  Deny for lack of knowledge or information sufficient to form a belief as to the truth

of the matters asserted.

306.  Admit Walker telephones Lewis on or about February 12, 2007.  Admit that Dalton,

the acting director, decided to move into the new office which was originally built for

Walker.  Admit that Walker was placed in Lewis' office.

307.  Admit, but lack information about the day and time and therefore deny.

308.  Deny that Lewis gave anything to DeShasier, but admit that Lewis put it on the

Colonel's chair.  Admit this paragraph correctly summarizes the contents of Lewis's

February 20, 2006, rebuttal; deny the truth of the explanations contained therein.

309.  Admit that Dalton saw Lewis in the parking lot and that Lewis said she was coming

back.  Deny the remainder for lack of knowledge or information sufficient to form a

belief as to the truth of the matters asserted.

310.  Admit the first three sentences.  Admit that Dalton was already in the position as

Katmai Director and that it was a temporary promotion.

311.  Admit the first three sentences.  Deny the fourth sentence.  Admit the last sentence..

312.  Deny.  Noceda and Norman left in December as planned and Guylas left in January.

Dalton did not remove them.

313.  Admit that Dalton hired a Caucasian male, but deny that Van Buren ever held the receptionist position as she was a care giver.  Deny that there is a mistake on Van Buren's employment record.  Jeanne Johnson cannot remember any conversation and therefore, lack information as to the remaining allegations, and therefore deny.

314.  Admit that on or about February 27, 2007, Lt. Col. Michael Borgert signed a written decision that Lewis was to be terminated.  Deny that Lt. Col. Borgert's written decision contained any "effective date" of March 12, 2007.  Admit that the termination was effective March 12, 2007.  Deny that the basis for removal was alleged lack of medical documentation for her "sick leave."  Admit that Lt. Col. Borgert's written decision to remove Lewis for AWOL resulted from Lewis's lack of medical documentation to justify her absence, in addition to her employment history.  Admit that Lt. Col Borgert's written decision did not use the words, "Family Medical Leave."  Deny that Lt. Col. Borgert's decision failed to mention Family Medical Leave by reference.

315.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

316. Deny the allegations within the first sentence of the paragraph.  Admit the allegations within the second sentence of the paragraph.

317.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted

Lewis v. Wynne, et.al.
3:06-cv-53-JWS                    44

318.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

319.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted

320.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

321.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

322.  Deny all allegations.

323.  Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

<u>CLAIM I</u>

324.  This is an incorporating statement and the Defendants incorporate the answers as stated above.

325.  Deny.

<u>CLAIM II</u>

326. This is an incorporating statement and the Defendants incorporate the answers as stated above.

327.  Deny.

<u>CLAIM III</u>

328. This is an incorporating statement and the Defendants incorporate the answers as stated above.

329. Deny.

## CLAIM IV

330.  This is an incorporating statement and the Defendants incorporate the answers as stated above.

331.  Deny.

## CLAIM V

332.  This is an incorporating statement and the Defendants incorporate the answers as stated above.

333.  Deny.

## CLAIM VI

334.  This is an incorporating statement and the Defendants incorporate the answers as stated above.

335.  Deny.

336.  Deny.

337.  Deny.

## CLAIM VII

338.  This is an incorporating statement and the Defendants incorporate the answers as stated above.

Lewis v. Wynne, et.al.
3:06-cv-53-JWS                    46

339.  Deny.

## CLAIM VIII

340.  This is an incorporating statement and the Defendants incorporate the answers as stated above.

341.  Deny.

## CLAIM IX

342.  This is an incorporating statement and the Defendants incorporate the answers as stated above.

343.  Deny.

## CLAIM X

344.  This is an incorporating statement and the Defendants incorporate the answers as stated above.

345.  Deny.

## DEMAND FOR TRIAL BY JURY

This paragraph consists of a demand for a trial by jury to which no answer is required.

Defendants deny that Lewis has a right to a jury on all issues and denies any remaining allegations of fact.

## REQUEST FOR RELIEF

The remainder of the complaint contains Lewis's prayer for relief to which no response is required. However, defendant denies that Lewis is entitled to the relief sought or to any relief whatsoever.

**WHEREFORE**, Defendant Secretary Wynn prays that the Court dismiss Lewis's Complaint with prejudice, and enter judgment in his favor together with the costs of this action.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Lewis may have failed to exhaust her administrative remedies for all allegations.

3. Defendant's actions were based upon legitimate, non-discriminatory, business reasons.

4. Defendant has exercised reasonable care to prevent and correct harassment or discrimination in the work place.

5. The Defendant did not take an action based on Lewis's race.

6. The conduct of Defendant was not sufficiently severe and pervasive to create a hostile work environment.

7. No employee retaliated against Lewis because she participated in EEO activity.

8. Lewis cannot establish a nexis between her EEO activity and adverse employment actions.

9. Lewis failed to submit information relating to her Family and Medical Leave Act requests in a proper, complete and/or timely manner.

Lewis v. Wynne, et.al.
3:06-cv-53-JWS                          48

10. There was no disparate impact.

11. Lewis' tort claims are time barred in whole or in part.

12. There was no hostile work environment created by the USAF.

**WHEREFORE**, Defendant requests the Complaint be dismissed against the Defendant

and for such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 23rd day of July, 2008.

NELSON P. COHEN
United States Attorney

s/ Susan J. Lindquist
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

Of Counsel:

THEODORE T. RICHARD, Captain, USAF
Trial Attorney AFLOA/JACL
1501 Wilson Blvd., 7th Fl.
Arlington, Virginia 22209
(703) 696-9254

I hereby certify that on June 23, 2008,
a copy of the foregoing Wynn's Answer to Third
Amended Complaint was served electronically
on Nicholas J. Kittleson.

s/ Susan J. Lindquist

Lewis v. Wynne, et.al.
3:06-cv-53-JWS                           49