NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANET D. LEWIS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL B. DONLEY, Acting<br>Secretary of the United States<br>Air Force; the UNITED STATES<br>OF AMERICA<br>　　　　　Defendants. | ) Case No. 3:06-cv-00053-JWS<br>)<br>)<br>)<br>) **UNITED STATES' MOTION TO**<br>) **ORDER LEWIS TO SERVE THE**<br>) **UNITED STATES ACCORDING**<br>) **TO RULE 4**(i)<br>)<br>)<br>)<br>) |

　　　The United States, through counsel, and without waiving any jurisdictional defenses, moves the court to order Lewis to properly serve the United States under Rule 4(i).

## FACTS

On December 12, 2006, the court dismissed without prejudice the United States as a party. Dkt. 66. After Lewis submitted an administrative claim to the United States Air Force (USAF), the USAF denied the claim. Ex. A. The letter instructed Ms. Lewis to "file suit in an appropriate District Court not later than six months after the mailing of the letter. Lewis opted to amend her complaint against Secretary Wynn and add the United States as a party and filed a Motion to Amend Complaint. Dkt. 73. At the time, she incorrectly filed her amended . Dkt. 74. On June 10, 2008, the court granted the Motion to Amend and instructed Lewis to file her Third Amended Complaint. Dkt. 76. On June 27, 2008, Lewis filed a Motion for Clarification because she thought she had filed her Amended Complaint with her Motion to Amend. Dkt. 77. The court clarified its order and informed Lewis that she had incorrectly read D.Ak LR 15.1. Lewis was supposed to provide a copy of the Amended Complaint for the court to review when considering the Motion to Amend. Dkt. 78. The rule requires the Plaintiff to file the Amended Complaint after the court granted the motion to amend. The court also stated that the time to answer the complaint will not start until the Plaintiff serves the amended complaint. Dkt. 78.

# ANALYSIS

A civil action is commenced by filing a civil complaint. Fed. R. Civ. P. 3. The commentary to the Rule states that the "first step, in an action is the filing of the complaint. Under Rule 4(a) this is to be followed forthwith by issuance of a summons and its delivery to an officer for service." Rule 4(l) states that unless service is waived, "proof of service must be made to the court." Rule 4(m) states that if "a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specific time." Lastly, Rule 4(i) explains how to serve the United States. In all cases against the United States, a party must serve both the U.S. Attorney in the district where the case is filed and the Attorney General in Washington D.C. In addition a plaintiff must serve the federal agency in certain circumstances.

Rule 4(i) states that to serve the U.S. Attorney the party must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought - or to an assistant United States attorney or clerical employee . . ." or the party must serve the summons and complaint by registered or certified mail.

To serve the Attorney General, the party must send a copy of each by registered or certified mail. The rule infers that each is the summons and complaint.

In *Jackson v. Hayakawa*, 682 F.2d 1344 (9th Cir. 1982), the plaintiff sued several defendants who were public employees, such as Mr. Hayakawa and Mr. Dumke, in their official capacities and served them. In the third amended complaint, the plaintiff added that the employees were being sued in their individual capacities. The employees had notice of the lawsuit because they had been sued in their official capacities. When they moved to dismiss the Amended Complaint against them in their individual capacities, the court wrote that "[n]ew service would be necessary in order to satisfy the due process requirement of notice if there was to be a change in the status of the defendants. *Id.* at 1346-48.

When a Plaintiff adds a new party in an amended complaint, the time for service is 120 days. 2003 WL 21750052, at * 3); 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1137 (3d ed.2006). The time limit for the service of a summons and complaint according to Rule 4 is 120 days. The time limit for service of an amended complaint on an old party according to Rule 5(d)(i) is a reasonable time. Therefore, Wright's reference

is to Rule 4 service.

Lewis appears to claim that because Attorney Lindquist, who represented Secretary Wynn, was served a copy of the Amended Complaint by electronic court notification (per Rule 5) that this service suffices as service on the new party, the United States. He is mistaken. Service on the United States requires multiple steps. Certainly an Assistant U.S. Attorney is not obliged to send a copy of the Amended Complaint to the Attorney General, and unless the Attorney General is served, service on the United States is not completed. Moreover, the electronic copy lacks a summons.

In *Jackson*, the new parties added in a different capacity with an amended complaint were the same as the old parties as in the original complaint and there is no doubt that they had actual notice of the lawsuit. Nonetheless, the court required Rule 4 service of a summons and complaint on the defendants being sued in a new capacity. If the Ninth Circuit requires service on a person who is already in a case when the status changes, as it did in *Jackson*, certainly it requires service under Rule 4 when a new party is added. A plaintiff is not relieved of the jurisdictional duty to serve a new party because the new party has actual knowledge of a lawsuit.

After her administrative claim was denied, Lewis was required to "file suit" in district court. Ex. A. A plaintiff files a suit according to Rule 3 and must serve it according to Rule 4. Proper service on the United States requires multiple steps. Moreover, the electronic service of the amended complaint was not accompanied by a summons. Wright and Miller recognize that when a new party is added a Plaintiff has 120 days to serve the new party. Only Rule 4 service of a summons and complaint provides for a 120 day deadline.

## CONCLUSION

The United States asks that this court order Lewis to properly serve it under Rule4(i).

RESPECTFULLY SUBMITTED this 5th day of September, 2008, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Susan J. Lindquist
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2008,
a copy of the foregoing **UNITED STATES' MOTION TO ORDER LEWIS TO SERVE THE UNITED STATES ACCORDING TO RULE 4(i)** was served electronically on Nicholas J. Kittleson.

s/ Susan J. Lindquist