[Lewis admin file.pdf]



**DEPARTMENT OF THE AIR FORCE**
**HEADQUARTERS AIR FORCE LEGAL OPERATIONS AGENCY**

2008 JUL 14 PM 12: 23

RECEIVED
US ATTORNEY OFFICE

HQ AFLOA/JACC
1501 Wilson Blvd, Ste 835
Arlington, VA 22209-2403

11 DEC 2007

Nicolas J. Kittleson
9058 Dewberry Street
Anchorage, Alaska 99502

Re: Your client, Janet D. Lewis, Air Force Claim No.: Elmendorf AFB 07-149

Dear Mr. Kittleson,

I have reviewed your client's claim for personal injury under the Federal Tort Claims Act (FTCA, 28 U.S.C. §1346(b), 2671-2680). After careful review, I must deny your client's claim.

Your claim did not clearly allege a tortuous cause of action; however, after reviewing the lawsuit previously filed in the U.S. District Court for Alaska, it appears that you are alleging negligent and intentional infliction of emotional distress, as well as defamation. Regardless of how your client's claim is framed, the Ninth Circuit has expressly determined that federal employees may not bring tort actions arising from employment disputes. Saul v. U.S., 928 F.2d 829, 841-42 (9th Cir. 1991) ("Congress did not intend that state tort law operate within the interstices of the [Civil Service Reform Act]"). See also Rivera v. U.S., 924 F.2d 948, 951 (9th Cir. 1991) (holding that the FTCA cannot be used to supplant the Civil Service Reform Act system of administrative remedies).

In addition, your allegation of defamation is specifically excluded as a cause of action under the FTCA. 28 U.S.C. §2680(h).

This is the final denial of your client's claim. If she is dissatisfied with this decision, she may now file suit in an appropriate United States District Court not later than six months after the date of mailing of this letter.

Truly yours,

BRADFORD S. HUNT, Major, USAF
Chief, General Torts Branch
Claims and Tort Litigation Division
Air Force Legal Operations Agency

Exhibit A

Page 1 of 1

004044