Nicholas J. Kittleson
9058 Dewberry Street
Anchorage, Alaska 99502
(907) 345-0830 phone
(907) 243-0125 fax
Attorney for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANET D. LEWIS<br><br>Plaintiff,<br>vs.<br><br>MICHAEL W. WYNNE, Acting Secretary of the United States Air Force; and the UNITED STATES OF AMERICA<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 3:06-cv-53<br>) |

## OPPOSITION TO MOTION FOR ORDER TO SERVE

The plaintiff respectfully opposes the United States' Motion for an Order that she re-serve the United States. Pursuant to the Westfall Act the United States was substituted in for employee defendants previously served. The United States was served at the same time as the original defendants under Rule 4(i). The Westfall Act only requires re-service in the circumstance where the Attorney General does not certify the substitution of the United States for individual employee defendants. The motion as well as the requested service is an unwarranted waste of time and judicial resources.

## I. FACTS

Ms. Lewis sued the United States Air Force and fourteen (14) employees of the United States Air Force, including Lee Tomlinson, Susan Fallon, Al Bartz, Col. Gary

Dzubilo, Lt. Col. David Aupperle, Tony Kobussen, Dianne Harrison, Col. Robert Douglas, Kathy DeShasier, Col. Scotty Lewis, Chelley Correa, Susan Speroff, Trina Pauley and Mary Barkley. She filed her complaint on March 8, 2006. See Complaint, Docket 1.

Pursuant to Rule 4, all defendants were properly served and return of service was provided to this court. See Notices of Filing Waivers of Service, Dockets 10-22 and 29. The United States Air Force acting Secretary Michael Wynne had to be served pursuant to F.R.C.P. 4(i)(2)(A). Counsel for the plaintiff completed service on him and filed Notice of Filing Return of Service at Docket 27. Additionally, pursuant to F.R.C.P. 4(i)(1)(B), the United States also had to be served directly through both the then attorney General, Alberto R. Gonzalez, Esq. and the Civil Process Clerk for the U.S. Office of the Alaska District. See Notices of Filing Return of Service, Docket 24-25.

Susan Lindquist, Esq. entered her appearance on behalf of all defendants on June 23, 2006. See Entry of Appearance, Docket 31. She subsequently filed a motion attempting to dismiss all of the claims against the employee defendants. Docket 32. This Court denied the defendants' motion to have their tort claims dismissed, citing the Westfall Act's requirement to certify that the employees were acting within the scope of their employment. Docket 55, pages 5-8.

The United States Attorney General for the District of Alaska, Nelson Cohen, then certified that the individual employees were acting within their scope of employment for purposes of the tort claims. Docket 57. In that certification, Mr. Nelson verified that he had "read the Second Amended Complaint and other documents related to this action." Id.

## II. ARGUMENT

### A. The United States Was Served.

Pursuant to F.R.C.P. 4(i)(2)(B) when an employee of the United States is sued, the

United States has to be served. This Court has documents before it proving that the United States received service of this lawsuit. The United States Attorney for the district of Alaska received a copy of the summons and complaint on April 10, 2006. Docket 24. This meets F.R.C.P. 4(i)(1)(A). United States Attorney General Alberto Gonzalez' office stamped receipt of the certified mail, return receipt for service of the summons and complaint on April 13, 2006. Docket 25. This meets F.R.C.P. 4(i)(1)(B). The issue of whether the United States was served within 120 days is clearly answered by the date stamps on the return receipt cards showing the United States being served on April 10 and April 13, 2006. That is only one month and a couple of days after the original Complaint was filed.

B. A Westfall Act Certification Does Not Require Re-Service on the United States.

Alaska's attorney General Nelson Cohen certified the individual employees pursuant to the Westfall Act. According to the Westfall Act, the employees are responsible for providing all service of process that the employees received to the head of their department, who is then responsible for sending copies to 1) the attorney for the local district, 2) the United States Attorney General and 3) the head of the employing Federal Agency. 28 U.S.C. §2679(c). This requirement also fulfills F.R.C.P. 4(i). The Westfall Act does not require the plaintiff to re-serve once the Attorney General has certified the actions of the employee.

The only time the Westfall Act requires further service is when the Attorney General refuses to certify that the employees were acting within the scope of their employment. It is only when the Court certifies the claims that further service is necessitated. 28 U.S.C. §2679(d)(3).

The source cited by the defense has nothing to do with the present case. In Jackson v. Hayakawa, the status of the defendant changed from being sued in his official capacity to individual capacity. Jackson v. Hayakawa, 682 F.2d 1344, 1348-49 (9th Cir. 1982). It makes sense that the individual defendant should be reserved with process

when his status changed because of his likely belief that his defense was being taken care of by the University and that if a judgment was entered against them, the University would pay it.

In the present case, the United States, through its legal representative, acted pursuant to statute to purposefully place itself in the stead of individually named employee defendants. The plaintiff did not ask for a status change, the United States did. The United States cannot now argue that it did not have notice of the action. Even if Ms. Lewis had not served the United States directly, which she did, the Westfall Act requires the employee defendants to provide all the process and pleadings to the United States. So there is no surprise to the United States that it has to defend these claims.

C. Service Upon A Party's Attorney Who Has Appeared In The Action Provides Adequate Notice.

Ms. Lindquist, Esq., on behalf of Nelson Cohen, Esq., appears to be acting as counsel for the United States. The same person who has been acting as the attorney for the individual defendants is also representing the United States. Ms. Lindquist entered her appearance on behalf of the individual employee defendants. Docket 31. Ms. Lindquist signed on behalf of the United States to substitute the United States for the individually named employee defendants. Docket 58. Service upon a party's attorney constitutes proper service upon a party. F.R.C.P. 5(b)(1).

Ms. Lindquist was acting and continues to act as the legal representative for the United States. If she was not, then her request to substitute was improper, and the Order (Docket 63) based on that request should be reversed based on the fact that she was acting without authority.

CONCLUSION

The United States was already served properly pursuant to F.R.C.P. 4(i). The Westfall Act requires no new service where the Attorney General certifies the acts of the

employee defendants. Ms. Lindquist has been representing and continues to represent the United States. Therefore, service has been accomplished according to the requirements of due process.

Respectfully submitted this 12th day of September, 2008.

/s/ Nicholas Kittleson
Nicholas Kittleson, Esq.
ABA # 9711090
Counsel for the plaintiff
9058 Dewberry Street
Anchorage, Alaska 99502
(907) 345-0830 phone
(907) 243-0125 fax
nicholas@gci.net email

I certify that on the 12th day of September, 2008, a copy of the foregoing “Opposition to Motion for Order to Serve” was delivered electronically to:
Susan J. Lindquist, Esq.
susan.lindquist@usdoj.gov

/s/ Nicholas J. Kittleson