NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANET D. LEWIS,<br><br>         Plaintiff,<br><br>vs.<br><br>MICHAEL B. DONLEY, Acting<br>Secretary of the United States<br>Air Force; the UNITED STATES<br>OF AMERICA<br>         Defendants. | Case No. 3:06-cv-00053-JWS<br><br>**UNITED STATES' REPLY TO**<br>**LEWIS' RESPONSE IN**<br>**OPPOSITION TO THE MOTION**<br>**TO COMPEL SERVICE** |

Without waiving any of its 12(b) defenses, the Unites States replies.  In 2006, when Lewis served the individual defendants and then the United States substituted itself in as the only proper defendant, no additional service was required.  Thereafter, the United States was dismissed from the lawsuit.  But for

the unusual circumstance that the Secretary was also being sued, this case would have been closed and there would have been no live complaint to which to add the FTCA claims. Lewis would have had to have filed a new complaint under a new case number and there is no doubt that Lewis would have been required to serve the United States according to Rule 4.

In 2008, when Lewis sued the United States the second time, there was no certification and substitution of individual defendants. She sued the United States directly, as instructed by the agency denial letter. Dkt 89-2. The Westfall Act no longer applied because there was no certification filed for this second lawsuit.

The United States Attorney's office had actual notice of the lawsuit filed against in 2008. *Hayakawa* was cited for the proposition that actual knowledge of a lawsuit does not excuse the duty to serve the knowledgeable party. Moreover, the Attorney General's Office doe not have actual notice of Lewis' new lawsuit.

Lewis cites Fed R Civ P 5(b)1 for the proposition that service on the attorney is service on the party. That rule applies to the papers listed in Rule 5(a)(1) and it explicitly refers to papers filed *after the original complaint.*

The United States asks the court to compel Lewis to serve it under Rule 4.

RESPECTFULLY SUBMITTED September 18, 2008, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Susan J. Lindquist
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2008, a copy of the foregoing **UNITED STATES' REPLY TO LEWIS' RESPONSE IN OPPOSITION TO THE MOTION TO COMPEL SERVICE** was served electronically on:

Nicholas J. Kittleson.

s/ Susan J. Lindquist