UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JANET D. LEWIS, | ) |
| | ) |
| Plaintiff, | ) 3:06-cv-00053-JWS |
| | ) |
| vs. | ) ORDER AND OPINION |
| | ) |
| MICHAEL B. DONLEY, Secretary | ) [Motions at Dockets 130 and 148] |
| of the United States Air Force; the | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## I. MOTIONS PRESENTED

At docket 130, plaintiff Janet D. Lewis moves to compel defendants Michael B. Donley and the United States of America to respond to various discovery requests and for reasonable fees and costs associated with the motion. Defendants oppose the motion at docket 141. Plaintiff replies at docket 146. Defendants supplemented their opposition brief at docket 149.

Defendants move for oral argument or for leave to file a sur-reply at docket 148. Plaintiff does not oppose the motion for oral argument, but opposes the motion for leave to file a sur-reply at docket 155. Because the government has failed to provide the court with a copy of its proposed sur-reply in violation of Local Rule 7.1(h)(1) and because the court does not believe oral argument would be helpful at this time, the court denies defendants' motion for oral argument or leave to file a sur-reply.

## II.  BACKGROUND

Much of the background is recited in the court's order at docket 140 and will not be repeated here.  Lewis served defendants with discovery requests on January 26, 2009, including 16 interrogatories and 130 requests for production.  A joint protective order was entered on February 17, 2009.  The parties agreed to a mutual extension of time to respond to pending discovery requests on February 19, 2009 and again on March 9, 2009.  Defendants were denied a third request for an extension and responded to plaintiff's requests on April 2 and 3, 2009.  On April 21, plaintiff's counsel sent a letter to defense counsel requesting a site visit to copy some additional documents.  On April 24, 27, and 28, 2009 and May 26-28, 2009, plaintiff's counsel was permitted to inspect documents on base and at the United States Attorney's office.  Plaintiff's counsel still believes that defense counsel has withheld and potentially destroyed relevant documents.

At present, defendants have responded to all of Lewis' requests for admission, have produced over 20,000 pages of documents in response to Lewis' requests for production, and have responded to 32 of Lewis' interrogatories.  Since Lewis filed the present motion, defendants have continued to provide additional responses to various requests, including requests that were the subject of the present motion.  Therefore, this order addresses only Lewis' remaining interrogatory requests and requests for production.  In addition, the court addresses (1) Lewis' contention that defendants should be compelled to respond to all of her interrogatories on the ground that Lewis was compelled during her Merit Systems Protection Board ("MSPB") hearings to respond to similar interrogatories, and (2) Lewis' argument that defendants have improperly withheld or spoiled evidence.

## III.  STANDARDS OF REVIEW

Federal Rule of Civil Procedure 26(b)(1), which concerns the appropriate scope of discovery in civil litigation, states, in pertinent part, that:

> "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or

other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Rule 26(b)(2)(C) circumscribes the court's power to order discovery as follows:

"[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Although "[t]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants," "the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses."[1]

Rule 33(a)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts," as long as the requests seek information within the scope of Rule 26(b). A party seeking to propound more than 25 interrogatories *must* secure leave of court in order to do so.[2] "Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that

---

[1] Fed. R. Civ. P. 26, advisory committee notes to 1983 amendments.

[2] Fed. R. Civ. P. 33, advisory committee notes to 1993 amendments.

-3-

the time, place, persons present, and contents be stated separately for each such communication."[3] Similarly, Rule 34(a)(1) states that:

> "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

Rule 37(a)(3)(B), which governs motions to compel discovery, permits a party seeking discovery to move for an order compelling an answer or production if "a party fails to answer an interrogatory submitted under Rule 33"[4] or "a party fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34."[5] A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[6] If the court grants the motion or orders a response or disclosure,

> "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

---

[3]*Id.*

[4]Fed. R. Civ. P. 37(a)(3)(B)(iii).

[5]Fed. R. Civ. P. 37(a)(3)(B)(iv).

[6]Fed. R. Civ. P. 37(a)(1). Although the government contends that plaintiff's counsel did not provide defendants meaningful time to respond to Lewis' requests, the court concludes that plaintiff's counsel has certified his good faith attempt to obtain discovery without court action, *see* docket 132 at 1-4, particularly in light of the May 1, 2009 deadline for discovery motions. *See* Docket 121.

Case 3:06-cv-00053-JWS   Document 159   Filed 07/22/09   Page 4 of 15

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust."[7]

If the court denies the motion, the court must "require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."[8] If the motion is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."[9] A party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories.[10]

## IV. DISCUSSION

### A. Interrogatories

Plaintiff served defendants with 16 interrogatories, of which defendants answered 14. The government objected, in part, to the remaining two interrogatories, Interrogatories 8 and 9:

> "**Interrogatory No. 8**: In your interrogatory 6 propounded during the Merit Systems Protection Board discovery phase you requested to know the basis of the discrimination claims asserted by Ms. Lewis. Ms. Lewis' responses are attached. With regard to each of Ms. Lewis' responses, state in full detail and reference any evidence (including documents and witnesses) in support of any and all argument you have that:
> a. The stated employee was not similarly situated to Ms. Lewis in the workplace;
> b. That the employee was not treated differently than Ms. Lewis;
> c. That stated employees were not responsible for the stated disparate treatment and/or harassment and what justification that employee had for his or her behavior; and

---

[7]Fed. R. Civ. P. 37(a)(5)(A).

[8]Fed. R. Civ. P. 37(a)(5)(B).

[9]Fed. R. Civ. P. 37(a)(5)(C).

[10]*Allahverdi v. Regents of University of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005).

-5-

> d. Why you believe the reasons stated by the responsible employees are not pretext for discrimination.
>
> . . .
>
> **Interrogatory No. 9**: In your interrogatory 7 propounded during the Merit Systems Protection Board discovery phase you requested to know the basis of the retaliation claims asserted by Ms. Lewis. Ms. Lewis' responses are attached. With regard to each of Ms. Lewis' responses, state in full detail and reference any evidence (including documents and witnesses) in support of any and all argument you have that:
> a. The stated employee was not involved in the incident described;
> b. The behaviors and acts were something other than reprisal for her reports to the EEO and what justification that employee had for his or her behavior; and
> c. Why you believe these reasons are not a pretext for retaliation."[11]

Both interrogatories reference attachments containing matrices of various events that were produced by Lewis, by order of the MSPB, in response to the government's own interrogatories during her MSPB proceedings. In the present case, Interrogatories 8 and 9 seek to discover the factual basis of the government's defenses to Lewis' various claims. Each attached matrix seeks a wide variety of information pertaining to events spanning a six-year period. The matrix attached to Interrogatory 8 contains 40 factual events, while the matrix attached to Interrogatory 9 contains approximately 45 factual events.

After responding to plaintiff's 14 independent interrogatories and providing plaintiff's counsel an opportunity to select 11 additional "events" (which plaintiff's counsel refused),[12] defendants responded to the first 18 events listed in Interrogatory 8 and refused to respond at all to Interrogatory 9 on the ground that plaintiff had exceeded 25 interrogatories. By the court's count, defendants have responded to 32 interrogatories. Lewis now requests an order compelling defendants to respond to the remainder of Interrogatory 8 and all of Interrogatory 9, because plaintiff was compelled by the MSPB to respond to nearly identical interrogatories. Lewis believes that she is

---

[11]Docket 131, Exhibit 1 at 4, 19.

[12]Docket 132, Exhibit 2 at 1-2

-6-

entitled to discover the government's position as to each event described in Interrogatories 8 and 9 in an equally detailed manner. The government counters that, unlike the requests at issue before the MSPB, Lewis' interrogatories contain independent subparts that are discrete because understanding of each subsequent subpart is not necessary to understanding of the preceding subpart.[13]

While it is true that "an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question,"[14] subparts seeking various, and unconnected, factual details will be considered discrete.[15] It appears that all the requests attached to Interrogatories 8 and 9 emanate from Lewis' responses to requests made by the government in connection with the Lewis' MSPB proceedings. Each "event" within the matrices attached to Interrogatories 8 and 9 involves a unique communication or incident concerning Lewis' alleged retaliation and discrimination during a six-year period. The questions do not seek to elicit details concerning a common theme; rather, Lewis seeks to discover the government's position regarding nearly 100 independent factual circumstances. Therefore, the court concludes that the events contained within the matrices attached to Interrogatories 8 and 9 constitute discrete interrogatories. As noted above, a party seeking to propound more than 25 interrogatories *must* secure leave of court in order to do so. Given that Lewis failed to move for leave to serve additional interrogatories on defendants pursuant to Rules 26(b)(2) and 33(a)(1), she is not entitled to discovery beyond the 25 interrogatory limit. Plaintiff's motion to compel defendants to respond to the remainder of Interrogatory 8 and all of Interrogatory 9 is therefore denied.

---

[13] Docket 141 at 4.

[14] Wright, Miller & Marcus, 8A Federal Practice and Procedure: Civil 2d § 2168.1, at 261 (1994).

[15] Although a party who selectively responds to interrogatories may be found to have waived its objection to interrogatories in excess of the limit, the fact that the government provided plaintiff with an opportunity to select the additional interrogatories to which defendants would respond precludes finding a waiver here. *See Allahverdi*, 228 F.R.D. at 698.

-7-

**B. Requests for Production**

Lewis next requests an order compelling production of documents responsive to Requests for Production ("RFP") 1, 20, 55, and 68-81, the only requests to which defendants have objected and refused to respond. In addition, Lewis requests an order compelling production of additional documents responsive to various other requests, alleging spoliation of evidence and incomplete production by defendants. The court addresses the parties' various arguments below.

**1. Requests To Which Defendants Object**

RFP No. 1. Lewis seeks information pertaining to leave requests submitted by Lee Tomlinson, a Caucasian Air Force employee believed to have taken significant amounts of medical leave without complying with Air Force regulations. The government objects on relevancy grounds, claiming that Tomlinson and Lewis had different supervisors at different bases. Defendants supplemented their response at docket 149, stating that the Air Force has received a copy of Tomlinson's leave request and his medical documentation. Defendants renew their objection to Lewis' request on the same ground. Although the court believes that Tomlinson's leave request is only minimally relevant, the court orders the government to produce a redacted version of the request and an index of the supporting medical documentation. The government need not produce Tomlinson's confidential medical records.

RFP No. 20. Lewis requests the 2006 Unit Compliance Inspection Report to show that Lewis' child care program passed inspection. Defendants permitted counsel for plaintiff to view the report, but refused to produce a copy because the report allegedly contains confidential defense material. Moreover, defendants claim that the report does not contain an inspection of the child care centers and is therefore irrelevant to Lewis' claims. Lewis counters that the report shown to counsel was incomplete and, in any event, the report revealed problems with Mission Support Group training and the Government Purchase Card program, with which Lewis was involved. Finally, Lewis claims that the absence of any mention of the Katmai Child Care Center is evidence that her program was operating soundly. The court concludes that Lewis has met her

-8-

burden of establishing that the report contains relevant information and orders the government to produce a redacted version of the document.

<u>RFP No. 55</u>. Lewis also requests copies of instructions provided to employees taking leave under the Family Medical Leave Act ("FMLA") at all 64 Air Force bases. Defendants object on the ground that the request is unduly burdensome, alleging that it would take over 100 hours to gather all of the instructions. Lewis counters that her supervisors required her to submit medical documentation above-and-beyond what is required by the regulations in support of her FMLA leave application in an attempt to harass her. The Code of Federal Regulations states that an employee requesting FMLA leave because of a serious health condition may be required by her employer to obtain a medical certification from a health care provider setting forth, in pertinent part: (1) the health care provider's contact information, (2) the approximate date on which the health condition commenced and its probable duration, and (3) "a statement or description of appropriate medical facts regarding the patient's health condition for which FMLA leave is requested . . . [including] information on symptoms, diagnosis, hospitalization, doctor visits, whether medication has been prescribed, any referrals for evaluation or treatment (physical therapy, for example), or any other regimen of continuing treatment."[16] "The medical facts must be sufficient to support the need for leave."[17]

Although the regulations give an employer a great deal of latitude in accepting or denying an employee's FMLA leave request, it does not appear that the regulations specifically require the disclosure of medical records. Lewis' complaint states that she was provided with a packet of materials outlining the FMLA requirements, but that none of the materials stated that medical documentation was needed. Lewis denies that she ever received notice that medical documentation was required with her FMLA application, and believed at all times that only medical certification was required. Yet, Lewis contends that her supervisors conditioned her leave on receipt of her medical

---

[16] 29 C.F.R. § 825.306(a)(1)-(3).

[17] *Id.* § 825.306(a)(3).

Case 3:06-cv-00053-JWS   Document 159   Filed 07/22/09   Page 9 of 15

records.  Therefore, the court concludes that the production of the policies of other, comparable bases might lead to the discovery of relevant evidence that could be admissible at trial and compels the government to produce a limited number of those polices.  Given the burden of tracking down all 64 policies, however, the court limits defendants' search and production to bases located in Alaska, Oregon, Washington, and Hawaii.

RFP Nos. 68-81.  This group of requests seek the leave slips of various Air Force employees, which the government produced, and leave and earning statements for the same employees, which the government refused to produce.  Defendants contend that the leave and earning statements are irrelevant because they do not disclose the reason leave was taken.  In addition, defendants argue that Lewis already possesses the leave slips, which disclose the type of leave taken, and the FMLA leave applications of other Elmendorf employees, which were provided in response RFP Nos. 56 and 57.  Lewis counters that she is seeking leave and earning statements to determine whether Caucasian employees took additional leave that was not recorded on a leave slip, which Lewis argues could be used to demonstrate that Caucasian employees were treated with greater flexibility.  The court agrees and orders the government to produce the leave and earnings statements for the employees listed in RFP Nos. 68-81.

### 2. Other Requests

RFP Nos. 9 and 10.  Lewis claims that documents responsive to RFP Nos. 9 and 10 are contained in boxes at Elmendorf Air Force Base.  Plaintiff's counsel asserts that he was instructed to cease reviewing these boxes by defense counsel, despite evidence that he was able to locate responsive documents within the boxes.  With respect to RFP No. 9, the circumstances under which Katrina Norman sought a transfer from Elmendorf Air Force Base may be relevant to Lewis' claims.  To the extent Katrina Norman's notification of transfer is available, the government is ordered to produce it.  With respect to RFP No. 10, it appears that the government has already produced responsive documents from a box labeled "Destroy 2008."  If additional responsive documents are found in this box or elsewhere, the government is ordered to produce them.

RFP No. 13.  Lewis claims that she has received receipts that are responsive to this request from defendants, but will advise defendants if any receipts are missing. The court therefore declines to rule on this request.

Spoliation Claims.   Lewis alleges that defendants have improperly destroyed evidence responsive to RFP Nos. 14, 19, 23, 24, 25, 39, 42, 48, 51, 63, 64, 85, 86(d), 86(f), 91, 92, 97, 103, 106, 109, and 125.  Defendants respond that "[s]ince 2003, many documents have been destroyed under the normal document retention policies referred to in the many Declarations provided."[18]  Further, defendants contend that "[t]he USAF should not be penalized for destroying documents that no employee anticipated Lewis would require."[19]  Generally, a duty to preserve material evidence arises not only during litigation, but also during that period before the litigation commences when a party reasonably should know that the evidence may be relevant to anticipated litigation.[20]  "A party's destruction of evidence qualifies as willful spoliation if the party has "some notice that the documents were potentially relevant to the litigation before they were destroyed."[21]  Moreover, because the relevance of destroyed documents "cannot be clearly ascertained because the documents no longer exist, a party can hardly assert any presumption of irrelevance as to the destroyed documents."[22]  Lewis filed her complaints with the Equal Employment Office of the Air Force in 2003 and 2006, and this lawsuit on March 8, 2006.  Defendants have provided Lewis with the entirety of her EEO file, as well as many other responsive documents from the relevant time period, and it appears to be undisputed that the Air Force had a duty to preserve some evidence as of the date of Lewis' 2003 EEO complaint.  Because the parties have not

---

[18]Docket 141 at 25.

[19]*Id.*

[20]*See, e.g.*, *In re Napster, Inc. Copyright Litigation*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).

[21]*Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir.2002)).

[22]*Leon*, 464 F.3d at 959.

adequately briefed the scope or extent of the government's duty to preserve evidence, the court cannot rule on Lewis' claims of spoliation at this time.

<u>RFP No. 28</u>.   Defendants appear to have agreed to provide Lewis with a copy of the NAEYC accreditation book.

<u>RFP Nos. 35 and 37</u>.   Lewis argues that the she has not yet received the so-called "Rare Bird" application for Gena Walker or the "rules, guidelines, panel member names, and the regulations used to evaluate the [Rare Bird] packet."[23]   The government claims that Walker has yet to respond to its request and that the USAF does not possess the guidelines governing such applications.   Because the government does not appear to have completed its search for Walker's application or the guidelines, the court declines to rule on RFP Nos. 35 and 37 at this time.

<u>RFP No. 38</u>.   Lewis seeks an electronic version of the interview matrix used during the hiring process for the Sitka Child Care Center directorship in order to establish that Susan Fallon and Al Bartz did not draft the questions.   The government contends that Fallon and Bartz will testify that they drafted the questions, but that an electronic version of the interview matrix is no longer available.   The court does not agree with Lewis that a failure to locate the electronic version of the matrix implies that the questions were not prepared by Fallon or Bartz.   Moreover, Lewis possesses a copy of the matrix used during her own interview.   Therefore, the court denies plaintiff's request.   Lewis may raise any spoliation claim she might have regarding this request concurrently with her other spoliation claims.

<u>RFP Nos. 53 and 54</u>.   Lewis seeks a complete set of 1098 training forms for Fallon and Kathy DeShasier, having already been provided with partial versions of the forms.   The government contends that it has provided Lewis with all of the information in its possession.   Because Lewis has not demonstrated why the forms provided are insufficient or why additional forms are necessary, the court denies Lewis' motion to compel any further response to these requests.

---

[23]Docket 146 at 9.

-12-

RFP No. 65. Lewis seeks a copy of the Air Force Member Programs Operation Reports for Elmendorf Air Force Base for the years 2002-2008. Although the government was initially unable to respond to the request, defense counsel claims to have recently produced responsive documents in PDF format to Lewis. Lewis claims these documents would be easier to read in their native format, Microsoft Excel. To the extent the government is able to provide Lewis with the native Excel spreadsheets, the government is hereby ordered to do so.

RFP Nos. 66 and 67. Lewis appears to have received some documents responsive to this request and is currently waiting for the government to provide additional materials. Therefore, the court declines to rule on RFP Nos. 66 and 67 at this time.

RFP Nos. 86(i) and 89. Lewis requests a legible copy of Chelley Correa's disciplinary file. The government appears to have agreed to provide Lewis with color copies of Correa's file. The court therefore declines to rule on these requests.

RFP No. 95. Lewis seeks additional Affirmative Employment Plan reports for the years 2000, 2002, 2004, 2005, 2007, and 2009. The government claims the reports are no longer available. If another search could turn up additional reports, as Lewis contends, the government is ordered to perform that search. Lewis may raise any spoliation claim she might have regarding this request concurrently with her other spoliation claims.

## C. Plaintiff's Request for Attorney's Fees

The court has granted in part and denied in part plaintiff's motion. Considering all the facts and circumstances, the court does not find it appropriate to award reasonable expenses to either party. Plaintiff's request for an award of attorney's fees and costs will therefore be denied.[24]

---

[24] *See* Fed. R. Civ. P. 37(a)(5)(C).

-13-

## V. CONCLUSION

For the above reasons, plaintiff's motion to compel at docket 130 is **GRANTED** in part and **DENIED** in part as follows:

(1) Defendants are ordered to produce a redacted version of the request and an index of the supporting medical documentation, but need not produce Tomlinson's confidential medical records;

(2) Defendants are ordered to produce a redacted version of the 2006 Unit Compliance Inspection Report;

(3) Defendants are ordered to produce copies of the instructions provided to employees taking leave under the FMLA at air force bases located in Alaska, Oregon, Washington, and Hawaii;

(4) Defendants are ordered to produce the leave and earnings statements for the employees listed in RFP Nos. 68-81;

(5) Defendants are ordered to supplement their response to RFP Nos. 9 and 10;

(6) Defendants are ordered to provide Lewis with a copy of the NAEYC accreditation book;

(7) Defendants are ordered, to the extent possible, to provide Lewis with a copy of the Air Force Member Programs Operation Reports for Elmendorf Air Force Base for the years 2002-2008; and

(8) Defendants are ordered to perform an addition search for the Affirmative Employment Plan reports for the years 2000, 2002, 2004, 2005, 2007, and 2009.

(9) The parties are ordered to meet and confer to resolve plaintiff's outstanding requests within 10 days of this order. To the extent the parties are unable to resolve the remaining requests, the court will entertain a motion addressing the parties' remaining disputes and plaintiff's claims of spoliation no later than **August 15, 2009**.

(10) Defendant need not answer any additional interrogatories.

(11) Plaintiff's request for an award of attorney's fees and cost is denied.

-14-

Defendants' motion for oral argument or leave to file a sur-reply at docket 148 is **DENIED**.

DATED at Anchorage, Alaska, this 22nd day of July 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE